UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TOEHL HARDING,                                  :
                                     Hon. Robert P. Patterson
                   *Plaintiff,*         :

                                     07-CV-08767(RPP)
            – against –                :

DAVID NASEMAN,                                  :     **REPLY TO COUNTERCLAIM**

                   *Defendant.*       :
----------------------------------------------------------------X

      Plaintiff TOEHL HARDING ("Plaintiff" or "Harding"), by and through her attorneys, Judd Burstein, P.C., as and for her Reply to the Counterclaim of Defendant DAVID NASEMAN ("Naseman" or "Defendant"), alleges as follows:

### ANSWERING THE COUNTERCLAIM

      1.     In response to Paragraph 1 of the Counterclaim, admits that Defendant purports to assert allegations and a counterclaim by and through his attorneys, but denies that he is entitled to any relief, and as set forth herein, denies that certain of his allegations, whether allegedly based upon personal knowledge or information and belief, are truthful.

      2.     Denies the allegations contained in Paragraph 2 of the Counterclaim, except denies knowledge or information sufficient to form a belief as to the status of the divorce proceedings between Bothe and Naseman.

      3.     In response to the allegations contained in Paragraph 3 of the Counterclaim, denies that in 1991 (or ever) Naseman showed Harding a 1990 Form 1040 showing $5,561,728 in income, and denies that Naseman did not see the 1990 Form 1040 showing income of $1,323,916 until it appeared in the context of the divorce proceeding with Bothe. Harding denies knowledge or information sufficient to form a belief as to the manner by which the 1990 Form 1040 showing

income of $1,323,916 was created, and further alleges upon information and belief that it was Naseman who created it, and so the manner of its creation is peculiarly within his knowledge.

4. The allegations set forth in Paragraph 4 of the Counterclaim constitute a legal conclusion that is for the Court to determine, and as to which no response is required.

5. In response to the allegations set forth in Paragraphs 5, 6, 8, and 9 of the Counterclaim, Plaintiff respectfully refers the Court to the parties' "Property Settlement Agreement" ("PSA") itself for the truth of the matters set forth therein.

6. In response to the allegations set forth in Paragraph 7 of the Counterclaim, Plaintiff respectfully refers the Court to the PSA itself for the truth of the matters set forth therein, and admits only that the phrase "Confidentiality Provisions" appears subsequently in the Counterclaim.

7. In response to the allegations contained in Paragraph 10 of the Counterclaim, Plaintiff (a) admits that Defendant purports to incorporate by reference into the Counterclaim various provisions of the PSA, (b) respectfully refers the Court to those provisions of the Counterclaim for the truth of the matters asserted therein; and (c) further alleges that Naseman is entitled to no relief pursuant to any provision of the PSA.

8. Denies the allegations contained in Paragraph 11, 12, and 13 of the Counterclaim.

9. In response to the allegations contained in Paragraph 14 of the Counterclaim, Plaintiff admits that Naseman purports to reserve any and all claims he may have, but denies that he has any such claims or the right to reserve same.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The Counterclaim fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. The counterclaim is barred and/or subject to set off by reason of Defendant's breaches of his own contractual obligations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. Plaintiff did not breach the PSA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. Defendant's alleged damages are not the result of any actionable conduct on the part of Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Any alleged losses suffered by Defendant are attributable in whole or in part to his own conduct.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. The attorney's fees provisions contained in the PSA that Defendant purports to rely upon do not apply to the claims raised herein.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. Defendant's counterclaim is barred, or subject to set off, by virtue of his breach of the implied covenant of good faith and fair dealing respective to the PSA.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. Defendant's counterclaim is barred or subject to set off by virtue of his having fraudulently induced Harding to enter into the PSA.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.    Defendant's Counterclaim is barred by the doctrine of waiver.

Dated: New York, New York
January 2, 2008

>                         Yours, etc.,
>
>                         JUDD BURSTEIN, P.C.,
>
> By:    Peter B. Schalk (PBS-8257)
>        1790 Broadway, Suite 1501
>        New York, New York 10019
>        Tel. 212-974-2400
>        Fax 212-974-2944