United States District Court
Southern District of New York

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

Toehl Harding,                                    :

                                                  :

                        Plaintiff,                :    Hon. Robert P. Patterson
                                                  :    07 Civ. 08767 (RPP)
            -against-                             :

                                                  :    **NOTICE OF DEPOSITION**

David Naseman,                                    :

                                                  :

                        Defendant.                :

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

Sir/Madam:

PLEASE TAKE NOTICE that defendant David Naseman will take the testimony

on oral examination of Gus R. Lesnevich at the law offices of Cohen Lans LLP, 885

Third Avenue, New York, NY 10022, on July 16, 2008 at 9:30 a.m. Such deposition will

be recorded by stenographer, and shall continue from day to day until completed,

pursuant to all applicable rules and statutes. This testimony is taken for the purpose of

discovery or for use as evidence in this action or for both purposes pursuant to Federal

Rules of Civil Procedure 26 and 30.

Mr. Lesnevich shall produce at the deposition the documents requested in the

attached rider.

## RIDER

### DEFINITIONS

1.     "Lesnevich" means Gus R. Lesnevich, his agents, employees, representatives and all other persons acting (or who purported to act) on his behalf.

2.     "Person" is defined as any natural person or any business, legal or governmental entity or association.

3.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

### INSTRUCTIONS

1.     In complying with this request, Lesnevich is required to produce, at a minimum, any and all documents listed or described below within his actual or constructive possession, custody or control.

2.     The making of any particular request does not in any way narrow the making of a general request of which the particular request may be a part.

3.     Each request seeks production of all documents in their entirety, without abbreviation or expurgation.

4.     Documents attached to each other should not be separated.

5. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6. As to any responsive document which no longer exists but which you are aware existed at one time, please identify the document with as much particularity as possible, including: (a) the author(s), editor(s), reviewer(s) and addressee(s); (b) the addressee(s) of any indicated or blind copies; (c) the date, subject matter and number of pages; (d) a description of attachments(s) or appendice(s) to the document; (e) all persons to whom the document was distributed, shown or explained; and (f) the date of destruction or discard, manner of destruction or discard and reason for destruction or discard of the document.

7. All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the paragraphs of this discovery request.

8. Where a claim of privilege is asserted in objecting to any document request, or sub-part thereof, the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

3

9.    If you assert that a portion of an otherwise responsive document or data set contains information subject to a claim of privilege, those portions of the document purported to be subject to a claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced. Information relating to the deleted or redacted portion of the document shall be provided on the privilege log in compliance with paragraph 8 herein.

10.    The use of the past tense includes the present tense and the use of the present tense shall include the past tense so as to make each request inclusive rather than exclusive.

11.    The singular includes the plural, and the plural includes the singular.

12.    This discovery request shall be deemed continuing and you shall amend or supplement a response previously given to a request promptly upon your subsequently obtaining information that the response was incorrect or incomplete when made, or that the response, though correct and complete when made, no longer is correct and complete.

## DOCUMENT REQUESTS

1.    Any and all documents any person provided to Lesnevich concerning the above-referenced action.

2.    Any and all documents, notes and reports, and drafts thereof, that Lesnevich prepared, regardless of the state of completion, which relate to the above-referenced action.

3.    Any and all documents, notes and reports, and drafts thereof, that Lesnevich prepared, reviewed, relied upon or concern any work, investigation, analysis,

4

evaluation or opinion rendered or performed by Lesnevich, regardless of the state of completion, in connection with the above-referenced action

4.    Any and all communications between Lesnevich and any person concerning the above-referenced action including, but not limited to, Toehl Harding, Judd Burstein, Judd Burstein, P.C., Peter Schalk, Alexander Levy and Paul Guzman.

5.    All transcripts of deposition and trial testimony of Lesnevich in all matters in which he has been hired as an expert to testify about whether text or numericals have been traced from one document to another from January 1, 2003 to the present.

Dated: New York, New York
      June 16, 2008

Cohen Lans LLP
Attorneys for Defendant

By:_____

    Robert Stephan Cohen (RC-7592)
    Deborah E. Lans (DEL-5063)
885 Third Avenue
New York, New York 10022
(212) 980-4500

Of Counsel:    Ryan Weiner (RW-5439)
             Cohen Lans LLP
             885 Third Avenue
             New York, New York 10022
             (212) 980-4500