UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOEHL HARDING,                                          :
                        *Plaintiff,*                  :
                  – against –                            :

DAVID NASEMAN,                                    :

                       *Defendant.*              :
------------------------------------------------------------X

Hon. Robert P. Patterson

07-CV-08767 (RPP)

## DECLARATION OF PETER B. SCHALK

I, Peter B. Schalk, declare as follows:

### INTRODUCTION

1. I am a Principal of Judd Burstein, P.C. ("JBPC"), attorneys for Plaintiff Toehl Harding ("Harding" or "Plaintiff"), in the above-captioned action. I submit this Declaration in opposition to Defendant David Naseman's ("Naseman" or "Defendant") motion for summary judgment, or in the alternative, for enforcement of an alleged settlement agreement, together with such other and further relief as this Court deems just and proper.

2. I make this declaration based upon personal knowledge.

3. The purpose of this declaration is to provide relevant factual background about a potential settlement of the above-captioned matter, and also to place additional relevant exhibits before the Court.

### MY COMMUNICATIONS WITH DEFENDANT'S COUNSEL DEMONSTRATED THE ABSENCE OF ANY SETTLEMENT

4. I spoke by telephone with Defendant's counsel, Robert Cohen, Esq., on the morning of December 19, 2007, in connection with Defendant and Toehl Harding seeking an adjournment

of a pretrial conference that was scheduled for that day. The pretrial conference had been previously scheduled for December 13, 2007, and had already been adjourned once.

5. However, JBPC had not yet been retained as counsel in the case. Instead, Ms. Harding and Defendant had broached the possibility of settlement, and there was some time pressure to obtain a second adjournment so that we would not waste judicial or client resources appearing at a conference that might become moot.

6. During this December 19th discussion, Mr. Cohen told me that a straightforward dismissal of the litigation would not be acceptable to Defendant. As per Mr. Cohen, Naseman was concerned about the potential damage to his reputation and career as an attorney in light of the allegations against him of fraud that were now a public record in New York and Nevada. Mr. Cohen further asked if we would be appearing in the litigation to negotiate the details of any settlement. I responded that I had no idea.

7. As of our discussion, Mr. Cohen was planning to write a letter to the Court to request the adjournment. I told Mr. Cohen that his letter could not represent that we were Ms. Harding's attorneys or that we would be appearing on her behalf in the future. I did so, because I had not yet received confirmation one way or the other from Judd Burstein, Esq., the senior partner of JBPC.

8. Some of Mr. Cohen's statements during this conversation took me by surprise. Accordingly, immediately following the telephone call, I made sure to document our communications in an e-mail to Mr. Burstein. A redacted version of that e-mail is Ex. 1 to Mr. Burstein's accompanying Declaration.

9. In response to Mr. Cohen's December 19, 2007 letter seeking an adjournment, the Court moved the conference to January 10, 2008. By January 10, 2008, settlement negotiations had

fallen apart and JBPC had been formally retained to pursue this litigation. I appeared at the January 10 pretrial conference with Dan Rottenstreich, Esq., an attorney who was representing Defendant in this matter along with Mr. Cohen.

10. In anticipation of the January 10 pretrial conference, I negotiated the dates in the Rule 26(f) report with Mr. Rottenstreich who then signed it on behalf of Defendant. *See* Ex. 2 to the Burstein Dec.

11. At the January 10, 2008 pretrial conference, Mr. Rottenstreich argued unsuccessfully that discovery should be stayed while Defendant moved to dismiss. However, the contemplated motion discussed by Mr. Rottenstreich was on the merits and concerned arguments about the statute of limitations and the enforcement of divorce decrees, *etc.* I argued successfully in opposition that Plaintiff would need discovery, including Mr. Naseman's deposition, in order to oppose any such motion. Mr. Rottenstreich never contended in response that we should not be wasting time pursing depositions because the case had been settled.

12. At no time before, during, or after the January 10, 2008 pretrial conference did any attorney representing Defendant convey to me their understanding that the case had been settled, or question why we were proceeding with a litigation that had already been resolved. Rather, I first learned about Defendant's newfound position by reading the papers in support of this motion.

13. If any of Defendants attorney's had advised me that Naseman believed that a settlement had been reached at the outset of the case, I certainly would have sought to resolve the matter immediately to avoid needlessly wasting the resources of our client and the Court.

## **EXHIBITS**

14.     Ex. A hereto is a true and accurate copy of the transcript of the May 12, 2008 deposition of Defendant taken in this case, with the accompanying Exhibits.

15.     Ex. B hereto is a true and accurate copy of the June 19, 2008 declaration of Plaintiff's expert witness, Gus R. Lesnevich.

16.     Ex C hereto is a true and accurate copy of the May 29, 2008, report of Plaintiff's expert witness, Gus R. Lesnevich.

17.     Ex D hereto is a true and accurate copy of a June 2, 2008, report of Plaintiff's expert witness, Gus R. Lesnevich.

18.     Ex. E hereto is a true and accurate copy of another June 2, 2008, report of Plaintiff's expert witness, Gus R. Lesnevich.

19.     Ex. F hereto is a true and accurate copy of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Transfer Venue, filed in this case prior to transfer, on or about March 1, 2007.

20.     Ex. G hereto is a true and accurate copy of an October 2, 2007 Order transferring this case, with the accompanying Docket.

## **CONCLUSION**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of June, 2008, in New York County, New York.

_____
PETER B. SCHALK