# Exhibit 4

PRELIMINARY DRAFT

March  , 1993

Dear Toehl:

It was with renewed saddness that I read the February 5th communication from your attorney, Mr. Cohen.  Not only was the tone offensive, but the substance significantly deviated from our discussions prior to attending your family's gathering in New Orleans in October.

Throughout the ten years of our marriage, I find it inconceivable that you would consider that a lack of generousity or fairness toward you was one of my shortcomings. Whether it was spending tens of thousands of dollars for furs and jewelery, paying hundreds of thousands of dollars to retire our outstanding indebtedness on the New York and Lenox properties, or providing you with new cars and free insurance coverage and garaging in New York to ease your commuting.  I did them freely and without coersion to make your life more comfortable and enjoyable.

When it became evident that we could no longer live together, it was with these same concerns and spirit of generosity that I fashioned the initial property settlement proposal I made to you last summer (i.e., in an amicable and prompt settlement, you would receive both of the New York apartments and their furnishings, the Volvo 760 Sedan and $250,000 in cash).  It was my belief that, with all of your assets free of any indebtedness, the net income from the rental of Apt. 6A and the investment of the $250,000 (or, if you sold Apt. 6A, the income from the investment of those tax-free proceeds and the $250,000) would provide you with a comfortable continuous income.  This income would be in addition to, and apart from, the financial assets and benefits


PLAINTIFF'S
EXHIBIT

you have or will obtain on your own through your employment
with NYNEX Corporation and U.S. Industries and your savings
over the last four years.

When you indicated in mid-October that the cash portion
of the proposal was, in your view, inadequate based upon
your concern about increased maintenance for the New York
apartment, I increased it by $75,000, to $325,000. My
rationale for this change was to cover the after-tax
maintenance costs for both New York apartments for about six
years until you reached the age of 55 and eligible for early
retirement. Indeed, with this revised component of the
proposal, the settlement would provide you with more than
$1 million in assets (without any consideration of your
personal financial holdings) over and above your contributions
to those assets and properties.

I sincerely believed that this revised settlement pro-
posal was exceedingly fair, and nothing has come to my
attention yet to change this perception. On that subject, I
do not intend to respond at this time to each of Mr. Cohen's
allegations in his letter of February 5th (although, if the
opportunity is forthcoming, I am prepared to adequately refute
each of them and widen the parameters of the inquiry signif-
icantly in the interests of fairness). However, I would simply
note at present that you are well aware (a) of the frequency
of my presence in New York City throughout the December 1990
to August 1992 period (which was far greater than your visits
during the period following the termination of your employment
with U.S. Industries), (b) that my severance arrangements
provided me with an income of over $325,000 covering the
majority of that period, and (c) that throughout that period
I was engaged in completing various building and landscaping
projects (one of which you initiated) and defending against
a major and serious shareholder litigation in which I was
a defendant. Whatever I have been able to do of an enjoyable

nature during that period was long overdue and was something that I earned and was more than entitled to following very difficult years of continuous hardwork at Fried, Frank and LIN Broadcasting.

From the beginning I have fervently hoped, both for our sakes and those of our respective families, that we could reach an amicable settlement and spare ourselves the turmoil and expense associated with a protracted and contentious proceeding.  I hope that you will reconsider certain of the positions taken in Mr. Cohen's letter and have your attorney indicate what you truly need as a reasonable property settlement and consider fair to both of us under all of the circumstances.

Sincerely,

cc: Leonard Florescue, Esq.