Exhibit G

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 2 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 2 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 1 of 9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| TOEHL HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | 03:07-CV-00072-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID NASEMAN, and DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is David Naseman's ("Naseman") Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Transfer Venue (# 8[1]). Plaintiff, Toehl Harding ("Harding"), has filed an opposition (# 9), and Naseman replied.

**I. Factual Background**

This is a diversity action arising out of a 1993 property settlement agreement between Naseman and Harding. Naseman and Harding married each other in 1982. The couple resided in New York City, New York during their marriage. In August of 1992, Naseman informed Harding that he wanted a divorce. Naseman moved to Incline Village, Nevada to establish Nevada residency. The parties each retained counsel in New York City and Nevada and began settlement negotiations. Harding alleges that Naseman fraudulently concealed over $4,000,000 that he had

---

[1] Refers to the court's docket number.

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 3 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 3 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 2 of 9

1  received as a result of exercising stock options in 1990.

2  As a result of Naseman's conduct, Harding filed this action in state court on
3  December 29, 2006. Harding's First Amended Complaint asserts causes of action for fraudulent
4  misrepresentation, negligent misrepresentation, fraudulent concealment, breach of fiduciary duty,
5  breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment,
6  conversion, constructive trust, fraud on the court, and constructive fraud. Naseman removed the
7  action to this court on February 13, 2007.

8  **II. Legal Standard**

9  On a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal
10 jurisdiction, a plaintiff is generally required only to make out a prima facie showing of personal
11 jurisdiction. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). "The general rule is that
12 personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the
13 exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453
14 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat. Bank of Coops.*, 103 F.3d
15 888, 893 (9th Cir. 1996)).

16 The Nevada long-arm statute provides as follows: "[a] court of this state may exercise
17 jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this
18 state or the Constitution of the United States." Nev. Rev. Stat. § 14.065. "Because Nevada
19 exercises jurisdiction to the extent permitted by the Constitution, the Court need only determine
20 whether personal jurisdiction in this case would meet the requirements of due process." *Fisher v.*
21 *Prof'l Compounding Centers of America, Inc.*, 311 F.Supp.2d 1008, 1013-14 (D. Nev. 2004)
22 (citing *Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.
23 2003)).

24 To comport with due process, a court may exercise personal jurisdiction over a
25 defendant if he or she has "certain minimum contacts" with the forum "such that the maintenance

26

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 4 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 4 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 3 of 9

1  of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v.*
2  *State of Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463
3  (1940)). A court may only exercise specific jurisdiction based on the relationship between the
4  defendant's forum contacts and the plaintiff's claim unless the defendant's contacts with the forum
5  are so substantial, continuous, and systematic that the defendant can be deemed to be present in that
6  forum for all purposes. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d
7  1199, 1205 (9th Cir. 2006).

8      The Ninth Circuit uses a three-part test to determine whether the "minimum contacts"
9  test is satisfied for purposes of specific jurisdiction: "(1) the defendant has performed some act or
10 consummated some transaction within the forum or otherwise purposefully availed himself of the
11 privileges of conducting activities in the forum, (2) the claim arises out of or results from the
12 defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Caddy*, 453
13 F.3d 1151, 1155 (9th Cir. 2006) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d
14 1082, 1086 (9th Cir. 2000)).

15 **III. Discussion**

16     **A. Personal Jurisdiction**

17     The issue this court must decide is whether Naseman's contacts with Nevada are
18 sufficient to establish personal jurisdiction. Naseman argues that Harding cannot establish any of
19 the three factors necessary to establish jurisdiction. Specifically, Naseman argues that the property
20 settlement agreement was independent from the divorce proceedings and negotiations took place
21 exclusively in New York. Harding, relying on *Mattel, Inc. v. Greiner & Hausser GMBH*, 354 F.3d
22 857 (9th Cir. 2003), argues that Naseman's contacts with Nevada in obtaining a divorce are
23 sufficient to establish personal jurisdiction.

24     *Mattel* involved a dispute over the origin of the Barbie doll. 354 F.3d at 859. In 1961,
25 A German toy company, Greiner & Hausser GmbH ("G&H"), filed a suit in Los Angeles claiming

26                                                3

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 5 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 5 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 4 of 9

1 that Mattel had infringed its patent and other intellectual property rights. *Id.* After the lawsuit had been pending for more than a year, the parties stipulated to dismissing the case. *Id.* at 860. In 1964, the year following the dismissal of the claims, Mattel and G&H entered into several agreements relating to Barbie and the doll produced by G&H. *Id.* at 861. In 2001, G&H filed suit against Mattel in Germany alleging fraud in connection with the 1964 agreements. *Id.* G&H claimed that Mattel made material misrepresentations regarding the number of Barbie dolls it was selling in Germany and internationally. *Id.* at 860-61. Mattel responded by initiating its own action against G&H for declaratory and injunctive relief in federal district court in Los Angeles. *Id.* at 862. The district court in *Mattel* dismissed the action for, among other reason, lack of personal jurisdiction.

On appeal, the Ninth Circuit reversed the district court concluding that Mattel's lawsuit in Los Angeles was sufficiently related to the action filed in California by G&H in 1961 to support personal jurisdiction over G&H. *Id.* at 859. Specifically, the *Mattel* court found that G&H "purposefully availed itself of the privilege of conducting activities in California when it filed the lawsuit against Mattel in 1961." *Id.* at 863 (citing *Thompson v. Thompson*, 798 F.2d 1547, 1549 (9th Cir. 1986)). With respect to the relationship between the claim and the forum-related activities, the *Mattel* court found "a clear relationship between the 1961 lawsuit filed by G&H in California and the current lawsuit brought by Mattel." *Id.* at 864. Finally, the *Mattel* court, after considering seven factors, determined that it was reasonable for the court to exercise personal jurisdiction over G&H. *Id.* at 868.

*Mattel* is analogous to the case at bar, and the court finds it has personal jurisdiction over Naseman. As in *Mattel*, Naseman purposefully availed himself of the privilege of conducting activities in Nevada when he filed his action for divorce. Second, the court finds a clear relationship between the divorce action and the current lawsuit. The Decree of Divorce, entered in the Nevada court in 1993, stated, in part, that the court "retain[ed] jurisdiction over all other issues,

4

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 6 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 6 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 5 of 9

including but not limited to marital property, and upon execution of a marital settlement agreement by the parties, these proceedings shall be concluded in their entirety on dismissal of [Harding's] Counterclaim." (Mot. to Dismiss (# 8), Decree of Divorce, Ex. A at 2.) Thus, it appears to the court that the property settlement agreement arose from the Decree of Divorce. In other words, the dissolution of the marriage resulted in the parties entering into a property settlement agreement.

Finally, the court finds that specific jurisdiction is reasonable in this case. "The party seeking to defeat personal jurisdiction 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Mattel*, 354 F.3d at 866 (quoting *Harris Rutsky*, 328 F.3d at 1132). The Ninth Circuit considers seven factors in weighing the reasonableness of personal jurisdiction:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 866-67 (quoting *Harris Rutsky*, 328 F.3d at 1132).

Here, Naseman purposefully interjected himself into Nevada by initiating the divorce action in this state. *See Mattel*, 354 F.3d at 867. Similarly, Naseman voluntarily initiated the divorce action in Nevada and implicitly held himself out as being capable of litigating in Nevada. *See id.* Although litigating this action in Nevada may be inconvenient for both parties, it is not a factor that weighs heavily against the recognition of personal jurisdiction. *Id.* With regard to the third factor, there is no indication that permitting this action to continue would conflict with the sovereignty of any other state. Fourth, Nevada has at least some interest in adjudicating this dispute in light of the fact that a Nevada court entered the Decree of Divorce. Fifth, it would not be inefficient for this court to resolve the dispute as this action is currently pending before the court. Although it might be more efficient for this action be resolved in New York due to the fact that the

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 7 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 7 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 6 of 9

1  property settlement agreement was negotiated and entered into in New York and governed by New
2  York law, the court finds this factor does not provide significant support for a finding of
3  unreasonableness. With regard to the sixth factor, Harding acknowledges that her interest in this
4  forum is not of paramount significance. (Opp'n to Mot. to Dismiss (# 9) at 9.) Finally, New York
5  is clearly an alternative forum where this case could be decided as both parties consented to
6  personal jurisdiction in New York for any action or proceeding brought to enforce the terms and
7  conditions of the agreement. (Mot. to Dismiss (# 8), Property Settlement Agreement, Ex. B at 34.)
8  Nevertheless, the fact that an alternative forum is available does not support a conclusion that
9  personal jurisdiction in Nevada is unreasonable. Therefore, on balance, the factors weigh in favor
10 of finding that this court has jurisdiction over Naseman. Naseman's motion to dismiss for lack of
11 personal jurisdiction will be denied.

12    **B. Motion to Transfer Venue**

13    In light of the court's decision regarding personal jurisdiction, Naseman requests that
14 this court transfer the action to the United States District Court for the Southern District of New
15 York. In opposing this motion, Harding argues that Naseman has failed to demonstrate that
16 transfer is appropriate.

17    28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the
18 interest of justice, a district court may transfer any civil action to any other district or division
19 where it might have been brought." "Section 1404(a) is intended to place discretion in the district
20 court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration
21 of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).
22 Therefore, section 1404(a) requires the court to weigh a number of case-specific factors. *Id.*

23   For example, the court may consider: (1) the location where the relevant
     agreements were negotiated and executed, (2) the state that is most familiar
24   with the governing law, (3) the plaintiff's choice of forum, (4) the respective
     parties' contacts with the forum, (5) the contacts relating to the plaintiff's
25   cause of action in the chosen forum, (6) the difference in the costs of
     litigation in the two forums, (7) the availability of compulsory process to

26                                            6

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 8 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 8 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 7 of 9

    compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org., Inc.*, 487 U.S. at 29-31).

    The court has carefully considered the parties' points and authorities, the relevant law, and the record as a whole and concludes that this case should be transferred to the United States District Court for the Southern District of New York. The record before the court shows that "all issues related to property division between Ms. Harding and [Naseman] were negotiated and concluded in New York, New York...." (Mot. to Dismiss (# 6), Aff. of David Naseman, Ex. C ¶ 9.) Furthermore, the property settlement agreement contains a choice of law provision that provides, "[t]his Agreement and all of the rights and obligations of the parties hereunder shall be construed according to the laws of the State of New York as an agreement made and to be performed within said State and without consideration of the choice of law rules thereof." (Mot. to Dismiss (# 6), Property Settlement Agreement, Ex. B. at 34.) Thus, the first two factors favor transferring this action to New York.

    With regard to plaintiff's choice of forum, Harding did choose to file this action in Nevada. However, neither party currently has any contacts with Nevada. The court is not discounting the fact that Naseman established residence in Nevada in order to secure a divorce. Nevertheless, the parties' current lack of contact with Nevada favors transferring this action to New York.

    The fifth factor, the contacts relating to the plaintiff's cause of action in the chosen forum, also supports transfer. Although it is true, as discussed above, that the Property Settlement Agreement arose out of the divorce action, the agreement itself was negotiated and concluded in New York. Thus, New York is a more appropriate forum even though the parties' contacts with Nevada are relevant to the present dispute.

Case 1:07-cv-08767-RPP    Document 24-22    Filed 06/20/2008    Page 9 of 13
Case 3:07-cv-00072-LRH-VPC    Document 12    Filed 10/03/2007    Page 9 of 13
Case 3:07-cv-00072-LRH-VPC    Document 11    Filed 10/03/2007    Page 8 of 9

1  At this time, the parties have not presented evidence to the court regarding the
2  difference in the costs of litigation in the two forums. Although it seems probable that New York
3  would be a more economical forum in light of the fact that Harding currently resides in New York,
4  the court cannot say that this factor favors transfer in light of the void of evidence before the court.
5  The seventh factor, availability of compulsory process, slightly favors transferring this
6  action to New York. No evidence has been presented to the court regarding who the potential
7  witnesses are and where they are located. However, it is likely that relevant evidence to this action
8  is located in New York due to the fact that the Property Settlement Agreement was negotiated and
9  concluded in New York. Thus, compulsory process may not be available. At this time there is no
10 evidence before the court as to whether witnesses would be unwilling to come to Nevada.
11 Nevertheless, the court finds this factor slightly favors transfer.
12  Finally, as this court has previously stated, the fact that the majority of evidence
13 regarding this action is located in New York favors transferring the action. For the convenience of
14 the parties and witnesses and in the interest of justice, the court finds that this case should be
15 transferred to the United States District Court for the Southern District of New York. Thus,
16 Naseman's motion to transfer will be granted.
17  IT IS THEREFORE ORDERED that Naseman's Motion to Dismiss for Lack of
18 Personal Jurisdiction or, Alternatively, Motion to Transfer Venue (# 8) is hereby GRANTED in
19 part and DENIED in part. Naseman's motion is granted with respect the Naseman's motion to
20 transfer and denied with respect to the motion to dismiss. The Clerk of the Court is directed to take
21 ///
22 ///
23 ///
24 ///
25 ///
26

8

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 10 of 13
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 10 of 13
Case 3:07-cv-00072-LRH-VPC   Document 11   Filed 10/03/2007   Page 9 of 9

1  all necessary action to transfer this action to the United States District Court for the Southern
2  District of New York.
3      IT IS SO ORDERED.
4      DATED this 2nd day of October, 2007.

                                    LARRY R. HICKS
                                    UNITED STATES DISTRICT JUDGE

CERTIFIED TO BE A TRUE COPY
Clerk, United States District Court
By _____
      Deputy Clerk

## United States District Court
## District of Nevada (Reno)
### CIVIL DOCKET FOR CASE #: 3:07-cv-00072-LRH-VPC
### Internal Use Only

Harding v. Naseman
Assigned to: Judge Larry R. Hicks
Referred to: Magistrate Judge Valerie P. Cooke
Case in other court: Second Judicial District Court, CV06-03098
Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 02/13/2007
Jury Demand: None
Nature of Suit: 370 Fraud or Truth-In-Lending
Jurisdiction: Diversity

**Plaintiff**

**Toehl Harding**   represented by **Kent R. Robison**
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, NV 89503
(775) 329-3151
Fax: (775) 329-7169
Email: krobison@rbslattys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Baker**
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, NV 89503
775-329-3151
Fax: 775-329-7169
Email: jbaker@rbslattys.com
*ATTORNEY TO BE NOTICED*



V.

**Defendant**

**David Naseman**   represented by **J. Stephen Peek**
Hale Lane Peek, et al
3930 Howard Hughes Parkway
Suite 400
Las Vegas, NV 89169
Email: speek@halelane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia Halstead**
Hale Lane Peek, Dennison & Howard
5441 Kietzke Lane
Suite 200

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 12 of 13
CM/ECF - District Version 3.0.5 - Docket Report
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 12 of 13
Page 2 of 3

Reno, NV 89511
Email: phalstead@halelane.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/13/2007 | 1 | PETITION FOR REMOVAL by David Naseman *Notice of Removal* from Second Judicial District Court, Case Number CV06-03098, (Filing fee $ 350 receipt number 481978), filed by David Naseman. (Attachments: # 1 Exhibit Exhibit A to Notice of Removal# 2 Civil Cover Sheet Civil Cover Sheet)(Halstead, Patricia) (Entered: 02/13/2007) |
| 02/14/2007 | | Case assigned to District Judge Larry R. Hicks and Magistrate Judge Valerie P. Cooke. (FJ, ) (Entered: 02/14/2007) |
| 02/14/2007 | 2 | MINUTE ORDER IN CHAMBERS of the Honorable Larry R. Hicks, U.S. District Judge on 2/14/2007. By Deputy Clerk: Daniel R. Morgan. IT IS ORDERED that all parties removing actions to this court must, WITHIN 15 DAYS, file and serve a signed Statement including: date complaint served; date summons served; on diversity jurisdiction cases, names of served defendants who are citizens of Nevada, the citizenship of the other parties and a summary of defendants evidence of the amount in controversy; if filed more than 30 days after service, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal; if action in state court was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court; name of any defendant known to have been served before removal filed who did not join in removal and reasons they did not; all defendants who joined in removal may file statement jointly. IT IS FURTHER ORDERED that counsel shall, WITHIN 30 DAYS, file a Joint Status Report including: list of pending motions and/or other matters which require the attention of this court and copies of same; statement by counsel of action required to be taken by this court. Removing defendant shall serve a copy of this Order on all other parties to the action no later than the time they file and serve a copy of the Statement required by this Order. A party who learns that the Statement(s) filed pursuant to this Order contain(s) incorrect information shall promptly notify this court in writing. Statement due by 3/1/2007. Status Report due by 3/16/2007.**(no image attached)** (DRM, ) (Entered: 02/14/2007) |
| 02/14/2007 | 3 | CERTIFICATE of Interested Parties by Defendant David Naseman. (Halstead, Patricia) Modified on 5/10/2007 to reflect *No Other Known Interested Parties.* (BLG). (Entered: 02/14/2007) |
| 02/14/2007 | 4 | STATEMENT of to Court Pursuant to February 14, 2007 Minute Order |

Case 1:07-cv-08767-RPP   Document 24-22   Filed 06/20/2008   Page 13 of 13
CM/ECF - District of Nevada - Docket Report
Case 3:07-cv-00072-LRH-VPC   Document 12   Filed 10/03/2007   Page 3 of 3

|            |      |                                                                                                                                                                                                                                                                                                                                      |
|------------|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |      | re [2] Minute Order re Removal,,,,,, ; by Defendant David Naseman. (Halstead, Patricia) (Entered: 02/14/2007)                                                                                                                                                                                                                          |
| 02/21/2007 | 5    | CERTIFICATE of Interested Parties *with Certificate of Service* by Plaintiff Toehl Harding. (Robison, Kent) Modified on 5/10/2007 to reflect *No Other Known Interested Parties.* (BLG). (Entered: 02/21/2007)                                                                                                                         |
| 02/21/2007 | 6    | NOTICE by Defendant David Naseman *Notice of Stipulation and Order for Extension of Time to Answer or Otherwise Respond to Complaint* (Halstead, Patricia) (Entered: 02/21/2007)                                                                                                                                                       |
| 02/26/2007 | 7    | STATUS REPORT *(JOINT)* by Plaintiff Toehl Harding, Defendant David Naseman. (Robison, Kent) (Entered: 02/26/2007)                                                                                                                                                                                                                     |
| 03/01/2007 | 8    | MOTION to Dismiss for Lack of Jurisdiction *Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Transfer Venue* by Defendant David Naseman. Responses due by 3/19/2007. (Attachments: # 1 Exhibit A through C)(Halstead, Patricia) (Entered: 03/01/2007)                                                  |
| 03/19/2007 | 9    | RESPONSE to 8 MOTION to Dismiss for Lack of Jurisdiction *Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Transfer Venue*; filed by Plaintiff Toehl Harding. *with Certificate of Service* Replies due by 4/2/2007. (Robison, Kent) (Entered: 03/19/2007)                                             |
| 04/12/2007 | 10   | REPLY to Response to 8 MOTION to Dismiss for Lack of Jurisdiction *Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Transfer Venue*; filed by Defendant David Naseman. (Halstead, Patricia) (Entered: 04/12/2007)                                                                                      |
| 10/03/2007 | 11   | ORDER GRANTING IN PART AND DENYING IN PART 8 Motion to Dismiss for Lack of Jurisdiction. Mtn is granted with respect to mtn to transfer and denied with respect to mtn to dismiss. Clerk directed to take all necessary action to transfer action to USDC Southern Dist of NY. Signed by Judge Larry R. Hicks on 10/2/07. (Copies have been distributed pursuant to the NEF - JC) (Entered: 10/03/2007) |