UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TOEHL HARDING,                                              :
                                                            :      Hon. Robert P. Patterson
                    *Plaintiff,*                            :
                                                            :      07-CV-08767 (RPP)
           -- against --                                    :
                                                            :
DAVID NASEMAN,                                              :
                                                            :
                    *Defendant.*                            :
-----------------------------------------------------------X

## DECLARATION OF MARCIA BOTHE

I, Marcia Bothe, declare as follows:

1. I make the following declaration based upon personal knowledge.

2. I am the former wife of Defendant David Naseman.

3. Mr. Naseman and I met and became romantically involved in the Summer of 1992. At the time our relationship began, I was unaware that Mr. Naseman was married to Toehl Harding. To the contrary, Mr. Naseman had advised me that his marriage to Ms. Harding was over in 1990.

4. Mr. Naseman provided me with an engagement ring on April 24, 1993. In anticipation of our contemplated marriage and desire for children, in or around late 1992 to early 1993, Mr. Naseman also funded my tubal reconstructive surgery.

5. Mr. Naseman and I were married on June 12, 1993. Our primary residence during the marriage was 10040 East Happy Valley Road, Unit 56, Scottsdale, Arizona (the "Arizona Home").

6. In November 2004, I located various documents in the Arizona Home pertaining to Mr. Naseman's divorce from Toehl Harding, as well as financial records apparently dating from their marriage. Contrary to the claims that I understand Mr. Naseman has made, I did not "jimmy" any

locks to obtain these documents. Rather, the documents in question were not kept in locked containers. Included in these documents were the following:

    a. A form 1040 federal tax return for tax year 1990 for Mr. Naseman and Ms. Harding showing $1,252,059.88 in joint income. (A true and accurate copy of this Form 1040 is Ex. 1 hereto; I did not modify, alter, or write on this document in any way);

    b. A New York State tax return for tax year 1990, also showing the couples' total joint income to be $1,252,059.88 (A true and accurate copy of this New York State tax return is Ex. 2 hereto; I did not modify, alter, or write on this document in any way);

    c. A memorandum discussing the finances of Ms. Harding and Mr. Naseman during their marriage and a document titled "Supplemental Information." (A true and accurate copy of this memorandum and the "Supplemental Information" document are collectively annexed hereto as Ex. 3; I did not modify, alter, or write on this document in any material way. The only change I may have made to this document, would have been to circle the word "stocks" on the third page of this document that is bates stamped TH 820. However, my best recollection is that I did not do so, and that the word "stocks" was circled by someone else.); and

    d. A handwritten analysis that includes a subsection titled "Objective in Nevada" on the fourth page, and which contains another subsection titled "Things to hide" on the sixth or last page. (A true and accurate copy of this

document is annexed hereto as Ex. 4. I did not materially alter this document in any way. I did make the following marks on the document which were notes to myself (A) circled the words "start a family" and "hasn't" and wrote a question mark in a circle on p. 1, Bates No. TH 812; (B) drew a bracket and wrote "Repeat of Page 1" on p. 2, Bates No. TH 813; (C) circled the words "prospective bride" on p. 4, Bates No. TH 815; (D) wrote "No he isn't, he smokes pipes & cigars regularly," and drew an arrow on p. 5, Bates No. TH 816; and (E) drew one star inside a circle on the left hand side of the page on p. 6, Bates No. TH 817).

7. When I found the documents described above in Paragraph 6, I did not have contact information for Toehl Harding.

8. On January 17, 2006, my attorneys deposed Mr. Naseman as part of the proceedings in our divorce action. When questioned about the existence of two separate tax returns for tax year 1990, Mr. Naseman became visibly upset and agitated. Mr. Naseman further denied having contact information for Ms. Harding.

9. On January 18, 2006, I telephoned Toehl Harding and advised her, among other things, that I had located a tax return for tax year 1990 reflecting her joint income with Mr. Naseman as being in excess of $5 million. Ms. Harding stated to me during this conversation, in words or substance, that she had been unaware that she and Mr. Naseman had earned a total of more than $5 million in 1990. The tone in Ms. Harding's voice when I told her about the $5+ million tax return was of utter surprise, and she repeatedly asked me questions in words or substance: "Are your sure about the $5 million income?" and "What documents are you basing these assertions on?"

3

10.  Shortly thereafter, on or about January 20, 2006, I sent Ms. Harding by overnight delivery some of the documents I had located. I sent Ms. Harding additional documentation in subsequent deliveries/mailings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of June, 2008, in Maricopa County, Arizona.

*Marcia Bothe*
MARCIA BOTHE