# Exhibit B

# New York Matrimonial Law and Practice

By
**TIMOTHY M. TIPPINS**
*Member, New York State Bar*

**Volume 1**



**THOMSON**

**WEST**

*For Customer Assistance Call 1-800-328-4880*

Mat #40333107

© 1986-2004 West, a Thomson business

West, a Thomson business, has created this publication to provide you with accurate and authoritative information concerning the subject matter covered. However, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. West is not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

## II.  NEGOTIATING SEPARATION AGREEMENTS

### § 10:7  Preparing practitioner for marital negotiations

Negotiation of a separation agreement should be approached with the same high level of energy and determination as would be devoted to contested litigation. Just as it would be imprudent to approach the trial of a matrimonial action without first preparing for it, undertaking to negotiate a separation agreement without taking the time and expending the effort to prepare is likewise fraught with peril.

The practitioner's overall preparedness for the endeavor

---

[11]Lottridge v. Lottridge, 73 Misc. 2d 614, 616, 342 N.Y.S.2d 251 (County Ct. 1973).

[12]Lottridge v. Lottridge, 73 Misc. 2d 614, 616, 342 N.Y.S.2d 251 (County Ct. 1973).

See also, Swift v. Swift, 260 A.D.2d 466, 688 N.Y.S.2d 211 (2d Dep't 1999) (where plaintiff moved pursuant to N.Y. Dom. Rel. Law §§ 244 and 245 to enforce terms of stipulation of settlement, which was incorporated but not merged in judgment of divorce, in view of defendant's acknowledgment that he did not comply with his financial obligations set forth in judgment until after motion for enforcement was served, and there was evidence that such failure was willful, lower court properly determined that plaintiff was entitled to an award of counsel fees pursuant to N.Y. Dom. Rel. Law § 237(c). See, Croce v. Croce, 236 A.D.2d 646, 653 N.Y.S.2d 188 (3d Dep't 1997); Vicinanzo v. Vicinanzo, 233 A.D.2d 715, 650 N.Y.S.2d 370 (3d Dep't 1996); Goldfarb v. Goldfarb, 175 A.D.2d 275, 572 N.Y.S.2d 917 (2d Dep't 1991).)

begins at home, with him or herself. Apart from the issues which attend any given case, the practitioner should be thoroughly versed in the substantive law of equitable distribution. Attempting to negotiate a comprehensive opt-out agreement without such knowledge is blind folly.

The statute itself should be a familiar friend, one which counsel may discuss in detail from memory. Beyond the statute lies the evolving decisional law in this relatively new area of jurisprudence. Although the statute itself is relatively comprehensive and detailed, much of what is now known and daily applied in practice has come from the bench since enactment of the reform legislation.

It may be reasonably anticipated that the judicial determination of crucial equitable distribution issues will continue in the years ahead, possibly at an accelerated pace as more actions wind their way through the appellate courts. Keeping up-to-date with reported decisions through the advance sheets is, therefore, imperative.

Equally important to the practitioner is the ability to litigate the matrimonial dispute in the event negotiations reach an impasse. When the going gets tough, resort to litigation may be the only option. While it may not be necessary to ultimately go through a fully contested matrimonial trial, preliminary litigation may be essential to breaking the impasse.

Furthermore, any shortcomings in litigation skills will soon become known to the practitioner's potential adversaries and such weaknesses may well be exploited in the negotiating process. Thus, it is important to quickly acquire the skills of a litigator.

It is also suggested that the practitioner give thought to developing an overall approach to the resolution of matrimonial disputes which facilitates reasonable settlement but which spurns overreaching by meeting such efforts by effective resort to the courts.

Such a negotiation-litigation approach should serve several ends. It keeps the door open to continued good-faith negotiations irrespective of the stage of pending litigation. It allows bad-faith negotiating positions assumed by the adverse party to be immediately met by a hostile litigious response, whether by the making of an appropriate motion or simply by stepping up the pace toward trial.

This carrot and stick approach may also carry long-term

benefits to the practitioner's future clients, in that once the local legal community is aware that bad-faith negotiation postures garner no gain, such untoward negotiating positions may be less frequently encountered. This allows both sides to get down to serious negotiations sooner and facilitates more expeditious and less expensive settlements.

## § 10:8   Preparing client for negotiations

Once the practitioner has become a polished student of equitable distribution and an ardent litigator, only one thing more is needed before counsel can hone his or her skills: a client with a marital problem. Fortunately for the practitioner, there is no shortage of such people in the community and, on any given day, counsel merely needs to step outside the office and grab anyone walking by. The chances are almost fifty-fifty that the accosted party will fit the bill.

Once the client has retained the practitioner to handle his or her matrimonial problem, hopefully under more auspicious circumstances than mentioned above, the possibility of resolving the matter by negotiating a reasonable separation agreement should be considered.[1]

It is generally useful to explain to the client the many advantages which might be gained by attempting to negotiate such an agreement.

Mention should be made of the risk which always attends contested litigation and the relatively higher expense of proceedings in the courts. It should also be pointed out that even the most dedicated and compassionate judge usually has but a few hours of precious judicial time in which to grasp the nuances of a relationship which has often developed over many years.

The point should also be made that obligations voluntarily assumed by agreement are more apt to be honored by the other party, thereby sparing the client endless trips to the courthouse in search of enforcement.

A general explanation of the law of separation agreements should also be given to the client, explaining that they can not only serve to settle the various financial and familial is-

---

[Section 10:8]

[1]For further discussion of the preliminary aspects of dealing with matrimonial clients, see Chapter 12.

sues but also may provide a basis for a subsequent no-fault conversion divorce.

The need for the client to maintain an open mind and flexible attitude toward the negotiating process should be emphasized. Any frozen precepts on the client's part can only render the process more difficult and, hence, more protracted and costly.

Further, if the client is generally receptive to the negotiated approach, the client's role in the process should be carefully explained. The practitioner should emphasize that any final decision as to the acceptability of a given settlement proposal will be that of the client. He or she should be told that the practitioner will give advice and make recommendations but that there will be no effort to shove anything down the client's throat.

It should also be explained, with equal force, that the manner in which the negotiations are handled, the bargaining positions assumed at the various stages of the negotiations, together with any conjunctive legal pressures brought to bear, are within the exclusive professional domain of counsel.

The client should be cautioned against engaging in direct negotiations with his or her spouse. Such contact can often undermine counsel's position with the opposing lawyer and often result in inadvertent concessions by the client. Once the client has given something away, it is often irretrievable.

Communication with the client is critical at every stage of the negotiations and courtesy copies of correspondence between the attorneys should be liberally used to keep the client informed.

At the initial stages, the practitioner should elicit from the client what issues are most important to him or her. The client's understanding of which issues may be of principal concern to the other party should also be drawn out so that the practitioner will have a clear idea of where the dispute will likely focus.

While it will frequently be necessary to reinforce the advice and instructions given to the client as the negotiations go forward, devoting sufficient time and energy to the task at the very early stages of representation should reap future rewards in the form of a more harmonious attorney-client relationship.

## § 10:9   Obtaining financial information

The need for full financial disclosure by both parties to a

# LINDEY AND PARLEY ON SEPARATION AGREEMENTS AND ANTENUPTIAL CONTRACTS

## *Second Edition*

## VOLUME 1

*Alexander Lindey*
*Louis I. Parley*

**Updated by Kathryn Kirkland, J.D., CFLS**

**2007**

*Filed Through:*
RELEASE NO. 70   NOVEMBER 2007

 LexisNexis·

## QUESTIONS ABOUT THIS PUBLICATION?

For questions about the **Editorial Content** appearing in these volumes or reprint permission, please call:

Dennis W. Leski, J.D. at ...................................................................... 1-800-424-0651 Ext. 0209
Email: .............................................................................. dennis.w.leski@lexisnexis.com
Safia S. Ahmed at ............................................................................ 1-800-252-9257 Ext 2097
Email: .............................................................................. safia.ahmed@lexisnexis.com
Outside the United States and Canada, please call . . . . . . . . . . . . . . . . . . . . (415) 908-3200

For assistance with replacement pages, shipments, billing or other customer service matters, please call:

Customer Services Department at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (800) 833-9844
Outside the United States and Canada, please call . . . . . . . . . . . . . . . . . . . . (518) 487-3000
Fax Number . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (518) 487-3584
Customer Service Website . . . . . . . . . . . . . . . . . . . . . . http://www.lexisnexis.com/custserv/

For information on other Matthew Bender publications, please call

Your account manager or . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (800) 223-1940
Outside the United States and Canada, please call . . . . . . . . . . . . . . . . . . . . (518) 487-3000

**Library of Congress Cataloging-in-Publication Data**

Lindey, Alexander, 1896–
    Lindey and Parley on separation agreements and ante-nuptial contracts / Alexander Lindey, Louis I. Parley.-2nd ed.
    p. cm.
    Rev. ed. of: Lindey on separation agreements and ante-nuptial contracts / by Alexander Lindey, Louis I. Parley.
Rev. ed. [1964]–
    Includes Index
    ISBN 0-8205-4188-5
    1. Separation (Law)-United States. 2. Divorce-Law and legislation-United States. 3. Antenuptial contracts-United States. I. Parley, Louis, I. II. Lindey, Alexander, 1896-Lindey on separation agreements and ante-nuptial contracts. III. Title.
KF535.L5 1999
346.7301'66-dc21
99–048711

This publication is designed to provide accurate and authoritative information in regard to the subject matter covered. It is sold with the understanding that the publisher is not engaged in rendering legal, accounting, or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.

LexisNexis, the knowledge burst logo, and Michie are trademarks of Reed Elsevier Properties Inc, used under license. Matthew Bender is a registered trademark of Matthew Bender Properties Inc.

Copyright © 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group.
Originally published in 1937.
All Rights Reserved.

No copyright is claimed in the text of statutes, regulations, and excerpts from court opinions quoted within this work. Permission to copy material exceeding fair use, 17 U.S.C. § 107, may be licensed for a fee of 25¢ per page per copy from the Copyright Clearance Center, 222 Rosewood Drive, Danvers, Mass. 01923, telephone (978) 750-8400.

Editorial Offices
744 Broad Street, Newark, NJ 07102 (973) 820-2000
201 Mission St., San Francisco, CA 94105-1831 (415) 908-3200
www.lexisnexis.com

MATTHEW⬧BENDER

## PART A.   INTRODUCTION

### § 30.01   Scope of Chapter

This chapter contains general forms for use in a separation or marital settlement agreement to set forth a division of personal property between the spouses. Part A includes drafting considerations. Part B sets forth the forms, and Part C discusses the general rules underlying a division of assets, as well as some of the specific issues related to personal property, both tangible and intangible.

For forms and discussion concerning the division of specific assets, see Chapters 31 (personal injury awards, including worker's compensation and disability income), 32 (professional degrees, licenses, and practices), 33 (closely-held corporations); 34 (pensions and related assets), and 35 (real property). Family and interparty debts are covered in Chapter 40.

Related tax forms and discussion are found in Chapter 45. In addition, forms and related legal issues regarding the problems arising from a party's postseparation or postdecree bankruptcy are presented in Chapter 41.

### § 30.02   Drafting Considerations

1. In many cases, property division arrangements will be the most significant aspect of a case, not only because of the extent and value of the property, but also because the division will have more effect on the parties' financial future than alimony or child support orders. Accordingly, there has been, for example, increased litigation over various types of intangible interests that may constitute property, such as stock options (see §§ 30.28–30.30), and advanced degrees and professional licenses (see Ch. 32).

2. While a complete list of the property interests of the parties is required for a full and fair division, a professional assessment of property values is of nearly equal importance. A party's belief as to the value of the property does not suffice. In an ever-changing economic environment, relying on uninformed guesses as to property value can be as problematic as not knowing what property is available for distribution. Although a professional appraisal of property values may increase a client's expenses, the increased accuracy justifies the cost of the appraisal because the appraisal significantly reduces the controversy over value.

3. Property division provisions should not only include the distribution of property between the parties, but also involve the distribution of family and personal debts. In order to determine the fairness of the division, it is essential to be aware of the net value of a party's assets. Approaching

debt obligations as mere expenses to be paid out of income is not an accurate reflection of the total marital estate. The "net worth" of the marital estate can only be determined by including marital debts. It is also inequitable not to distribute debts between the parties at the same time and on the same basis as assets are distributed.

4.   The assets to be divided are not necessarily restricted to those existing at the time of the separation, and the parties may create new assets to enable them to achieve a fair division. For example, the creation of a trust fund or the purchase of a life insurance policy may provide new resources that satisfy a party's needs without requiring the other party to surrender substantial assets in order to achieve a division.

5.   It is also important to focus on the present and future tax consequences of a property division. For example, while the transfer of property from one spouse to another may not be a taxable transaction under the Internal Revenue Code, the taxes imposed on the property recipient if there is a sale to a third party may be significant. Awareness of the imbedded tax potential may affect the negotiations for division of assets and/or perception of a "fair" division. Courts generally do not take into account the possibility of tax consequences of the future sale of an asset because the effects would be too speculative.

6.   It is often as important to address the process and time periods relevant to the division as it is to identify the property division itself. The use of vague terms such as "contemporaneously" or "promptly" or "forthwith" can cause more delay than desired. Similarly, identifying which party is to deliver certain items to the other can avoid delays in transfers and disputes.

7.   It is not uncommon for the division of household effects to be left for the end of the negotiations. This is usually done on the theory that they are not a significant issue. However, the emotions attached to such items can make this a very difficult and anger-inducing element, threatening the rest of the agreement. In addition, the difference between current value of existing household items, such as a sofa, bed or television, and the cost to replace such items may cause one or the other spouse to feel he or she did not get a fair deal. One possible way to address the problem is to have each spouse choose one item alternately.

**§§ 30.03–30.09   [Reserved]**

(Rel. 67-6/2006   Pub.360)

# NEW YORK MATRIMONIAL PRACTICE

## SECOND EDITION

By
WILLARD H. DaSILVA
Member of the New York Bar



**THOMSON**

**WEST**

*For Customer Assistance Call 1-800-328-4880*

© 2007 Thomson/West, 12/2007
Mat #40474988

© 2007 Thomson/West

This publication was created to provide you with accurate and authoritative information concerning the subject matter covered; however, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. The publisher is not engaged in rendering legal or other professional advice and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

For authorization to photocopy, please contact the **Copyright Clearance Center** at 222 Rosewood Drive, Danvers, MA 01923, USA (978) 750-8400; fax (978) 646-8600 or **West's Copyright Services** at 610 Opperman Drive, Eagan, MN 55123, fax (651) 687-7551. Please outline the specific material involved, the number of copies you wish to distribute and the purpose or format of the use.

# Part II

## DATA PACKET

## Chapter 14

# Matrimonial Practice Data Packet

§ 14:1    Data packet cover sheet
§ 14:2    Attorney information sheet
§ 14:3    Living expense sheet

> **KeyCite®:** Cases and other legal materials listed in KeyCite Scope can be researched through the KeyCite service on Westlaw®. Use KeyCite to check citations for form, parallel references, prior and later history, and comprehensive citator information, including citations to other decisions and secondary materials.

## § 14:1   Data packet cover sheet

Matrimonial Practice Data Packet for Client _____

| | |
|---|---|
| 0.01 Firm File No. | |
| 0.02 Court's Index No. | |
| 0.03 Opposing Counsel's File No. | |
| 0.04 Court Calendar No. | |
| **Fee Arrangement** | |
| 0.20 Retainer | |
| 0.21 Additional terms | |
| 0.22 Date | |
| **Dates** | |
| 0.50 Date of Separation Agreement | |
| 0.51 Date of Service of Summons | |
| 0.52 Date of Notice of Appearance | |
| 0.53 Date of Service of Complaint | |
| 0.54 Date of Service of Answer | |
| 0.55 Date of Service of Reply | |
| 0.56 Date of Request for Judicial Intervention | |
| 0.57 Date of Notice of Issue | |
| 0.57a Date of certification | |
| 0.58 Date and time of inquest or trial | |
| 0.59 Date judgment was granted | |
| 0.60 Date judgment was entered | |
| 0.61 Date judgment was served | |
| 0.62 Date notice of appeal was filed | |
| **0.63 Action is for** | |
| ☐ Annulment or Declaration of nullity | |
| ☐ Separation | |
| ☐ Divorce | |
| ☐ Other _____ | |

| | |
|---|---|
| 0.10 Attorney in charge | |
| 0.11 Assistant, if any | |
| **Court** | |
| 0.30 County | |
| 0.31 Judge | |
| 0.32 Court Address | |
| 0.33 Court Telephone | |
| 0.34 Court FAX | |
| **Opposing Counsel** | |
| 0.40 Name | |
| 0.41 Opposing Counsel's Firm | |
| 0.42 - Address | |
| 0.43 - Phone Number | |

Contents of Packet

| | |
|---|---|
| Client Information 1.00-1.10 | Non-joint Assets of Spouse 9.00-9.102 |
| Spouse Information 2.00-2.10 | Income of Clients 10.00-10.25 |
| Marriage Information 3.00-3.05 | Non-joint Assets of Client 11.00-11.68 |
| Children of Marriage 4.00-4.31 | Assets Held Jointly 12.00-12.70 |
| Prior Marriage of Client 5.00-5.09 | Liabilities of Parties 13.00-13.04 |
| Prior Marriage of Spouse 6.00-6.09 | The Marital Problem 15.00-15.05 |
| Pending Litigation 7.00-7.07 | Desire of Client 16.00-16.01 |
| Income of Spouse 8.00-8.25 | Advice Given 17.00 |

© 2006 Thomson/West, 11/2006

§ 14:2                                    NEW YORK MATRIMONIAL PRACTICE

## § 14:2   Attorney information sheet

Date of conference _____      Place of conference _____
                                         Time started _____      Time ended _____

**Client Information**

1.00 Full Name _____           1.01 Maiden Name _____
1.00(1) Letter Salutation _____
1.02 Residence _____            1.03 Telephone Number(s) _____

1.04 Mailing Address _____      1.05 Business Telephone _____

1.06 Date of Birth _____        1.07 Age _____
1.07(1) Place of Birth _____
1.08(1) Education (highest grade) _____   1.09 Social Security Number _____
1.10 County of residence _____

**Spouse Information**

2.00 Full Name _____            2.01 Maiden Name _____
2.02 Residence _____            2.03 Telephone Number(s) _____

2.04 Mailing Address _____      2.05 Business Telephone _____

2.06 Date of Birth _____        2.07 Age _____
2.07(1) Place of Birth _____
2.08(1) Education (highest grade) _____   2.09 Social Security Number _____
2.10 County of Residence _____

**Marriage Information**

3.00 Date of marriage _____     3.01 Place married (including county) _____
3.02 Date of separation _____   3.03 Who left? Client _____   Spouse _____
3.04 Prior separations: _____   3.05 Who left? Client _____   Spouse _____

3.06 Is wife pregnant? _____
3.07 Address of marital residence, if owned by parties _____
3.08 Title to marital residence held by _____

**Prenuptial Agreement**

3.10   Date of agreement _____
3.11   Attorney for wife _____
3.12   Attorney for husband _____
3.13   Financial disclosure by wife (yes/no) _____
3.14   Financial disclosure by husband (yes/no) ____
3.15   Properly acknowledged (yes/no) _____
3.16   Time between signing and marriage _____

**Children of Marriage**

4.00 Name _____                 4.01 Adopted? _____
4.02 Birthdate _____            4.03 Age _____   4.04 Birthplace _____
4.05 School name _____          4.06 Grade _____
4.07 If employed: Employer name _____
                  Employer address _____

                  Days or hours per week _____
                  Compensation _____

DATA PACKET                                                                  § 14:2

4.08 Name _____        4.09 Adopted? _____
4 10 Birthdate _____    4.11 Age _____    4.12 Birthplace _____
4.13 School name _____  4.14 Grade _____
4.15 If employed:  Employer name _____
                   Employer address _____
                   _____
                   Days or hours per week _____
                   Compensation _____
4.16 Name _____        4.17 Adopted? _____
4.18 Birthdate_____     4.19 Age _____    4.20 Birthplace _____
4.21 School name _____  4.22 Grade _____
4.23 If employed:  Employer name_____
                   Employer address _____
                   _____
                   Days or hours per week _____
                   Compensation_____
4.24 Name _____        4.25 Adopted? _____
4.26 Birthdate_____     4.27 Age _____    4.28 Birthplace _____
4.29 School name _____  4.30 Grade _____
4.31 If employed:  Employer name _____
                   Employer address _____
                   _____
                   Days or hours per week _____
                   Compensation_____


**Prior Marriage(s) of Client**   (number) _____
5.00 Date of marriage _____   5.01 Place married _____
5.03 Date of termination _____   5.04 Name of former spouse _____
5.05 Children (number) _____
         Name _____         Birthdate _____    Age_____
         Resides with _____
              at _____
         Name _____         Birthdate _____    Age_____
         Resides with _____
              at _____
         Name _____         Birthdate _____    Age_____
         Resides with _____
              at _____
5.06 Manner of termination_____
5.07 If by death, date _____;   place_____
5.08 If by court order (obtain copy):
         Name of court _____
         Location of court _____
         Date of order _____
         Ground for dissolution _____

§ 14:2                                   NEW YORK MATRIMONIAL PRACTICE

5.09  If agreement (obtain copy):
    Date _____
    Attorney for client - name _____
            address _____
                   _____
    Attorney for spouse - name _____
            address _____
                   _____

**Prior Marriage(s) of Spouse**     (number) _____
6.00 Date of marriage _____     6.01 Place married _____
6.03 Date of termination _____     6.04 Name of spouse _____
6.05 Children (number) _____
    Name _____     Birthdate _____     Age _____
        Resides with _____
            at _____
    Name _____     Birthdate _____     Age _____
        Resides with _____
            at _____
    Name _____     Birthdate _____     Age _____
        Resides with _____
            at _____
6.06 Manner of termination _____
6.07 If by death, date _____ ;     place _____
6.08 If by court order (obtain copy):
    Name of court _____
    Location of court _____
    Date of order _____
    Ground for dissolution _____
6.09 If agreement (obtain copy):
    Date _____
    Attorney for client - name _____
            address _____
              _____
    Attorney for spouse - name _____
            address _____
              _____

**Pending Litigation** (obtain copies of all papers)
7.00 Court _____     7.01 Location of court _____
7.02 Type of litigation _____
7.03 Client is: plaintiff (petitioner) _____
        defendant (respondent) _____
7.04 Status of litigation _____
    _____

DATA PACKET                                              § 14:2

7.05 Name of client's attorney  _____
         Address  _____
                  _____
    Telephone number  _____
7.06 Name of spouse's attorney  _____
         Address  _____
                  _____
    Telephone number  _____
7.07 Reason for client's consultation  _____
         _____
         _____
         _____

**Income of Spouse**
A. Primary Employment
    8.00 Employer  _____
    8.01 Place of employment  _____
         _____
    8.02 Position or title held by spouse  _____
    8.03 Type of work performed  _____
    8.04 Years with employer  _____
    8.05 Compensation
         (a) Salary or wages                              _____
              Gross _____; net _____
         (b) Bonus                                        _____
         (c) Employer's contribution to:
              (1) Pension plan                            _____
              (2) Profit-sharing plan                     _____
              (3) Savings plan                            _____
              (4) Other                                   _____
                                                          _____
         (d) Expense allowances                           _____
         (e) Automobiles furnished by employer
              (1) Year, make and model  _____
              (2) Auto expenses paid by employer
                   (i) lease                              _____
                   (ii) gasoline and oil                 _____
                   (iii) maintenance                     _____
                   (iv) insurance                        _____
                   (v) other                             _____
              (3) Charges to employee for use            _____
    8.06 If self-employed:
         (a) Hours (if part-time)  _____
         (b) Partners or other principals
         Name  _____
         Address  _____
                  _____
         Name  _____
         Address  _____

§ 14:2                                    NEW YORK MATRIMONIAL PRACTICE

B. Other Employment
   8.07 Employer _____
   8.08 Place of employment _____
   _____

   8.09 Position or title held by spouse _____
   8.10 Type of work performed _____
   8.11 Years with employer _____
   8.12 Compensation
      (a) Salary or wages
         Gross _____; _____ net      _____
      (b) Bonus
      (c) Employer's contribution to:                     _____
         (1) Pension plan                                 _____
         (2) Profit-sharing plan                          _____
         (3) Savings plan                                 _____
         (4) Other                                        _____

      (d) Expense allowances                              _____
      (e) Automobiles furnished by employer               _____
         (1) Year, make and model _____
         (2) Auto expenses paid by employer
            (i) lease                                    _____
            (ii) gasoline and oil                        _____
            (iii) maintenance                            _____
            (iv) insurance                               _____
            (v) other                                    _____
         (3) Charges to employee for use                  _____

C. Prior Employment (if different during past five years from information given above)
   8.13 Employer _____
   8.14 Place of employment _____
   _____

   8.15 Position or title held by spouse _____
   8.16 Type of work performed _____
   8.17 Years with employer _____
   8.18 Annual compensation _____
   8.19 Value of employee benefits _____

D. Other Income
   8.20 Investments
      Explain _____
   _____

      Annual income
   8.21 Earnings on bank accounts (annual)             _____
   8.22 Dividend income (annual)                       _____
   8.23 Income from trusts (annual)                    _____
   8.24 Other _____            _____
        _____            _____
        _____            _____

DATA PACKET                                                           § 14:2

E. Health of Spouse
    8.25 Comments: _____
         _____

Assets of Spouse (Not Joint with client)
A. Checking Accounts
    9.00 Name of bank _____      9.01 Average Balance _____
    9.02 Account number _____
    9.03 Title of account _____
    9.04 Name of bank _____      9.05 Average Balance _____
    9.06 Address of bank _____
    9.07 Account number _____

B. Savings Accounts and Certificates of Deposit
    9.08 Name of Bank _____      9.09 Balance _____
    9.10 Address of Bank _____
    9.11 Account Number _____
    9.12 Title of Account _____
    9.13 Name of Bank _____      9.14 Balance _____
    9.15 Address of Bank _____
    9.16 Account Number _____
    9.17 Title of Account _____
    9.18 Name of Bank _____      9.19 Balance _____
    9.20 Address of Bank _____
    9.21 Account Number _____
    9.22 Title of Account _____

C. Securities
    9.23 Stocks                                                     Total value $ _____
         Describe each stock:
              (1) Name of corporation _____
              (2) Shares held _____
              (3) Current price per share _____
              (4) Cost per share when acquired _____
              (5) Loans against shares or margin indebtedness _____
              (6) Location of stock certificates _____
    9.24 Bonds (include U.S. Savings Bonds)                          Total value $ _____
         Describe each bond:
              (1) Name of issuer _____
              (2) Face value _____
              (3) Current value _____
              (4) Due date _____
              (5) Cost _____
              (6) Amount and dates of interest payments _____
              (7) Loans against bonds or margin indebtedness _____
              (8) Location of bonds _____
    9.25 Other securities (e.g. debentures, options, warrants, futures, etc.)   Total value $ _____
         Describe type, loans, location of each

NEW YORK MATRIMONIAL PRACTICE

9.26 Stockbroker name _____

address _____

account number _____

account number _____   Type of account _____

Type of account _____

**D. Business Assets**

9.27 Name of business _____

9.28 Type of business _____

9.29 Percentage _____

9.30 Value of spouse's interest                                $_____

9.31 Name of business _____

9.32 Type of business _____

9.33 Percentage

9.34 Value of spouse's interest                                $_____

**E. Other Assets**

9.35 Description _____   9.36 Value  $_____

9.37 Description _____   9.38 Value  $_____

9.39 Description _____   9.40 Value  $_____

**F. Life Insurance**

9.41 Name of company _____   9.42 Face Amount  $_____

9.43 Loans against policy _____

9.44 Type of policy _____   9.45 Beneficiary _____

9.46 Owner of policy _____   9.47 Location of policy _____

9.48 Name of company _____   9.49 Face Amount  $_____

9.50 Loans against policy _____

9.51 Type of policy _____   9.52 Beneficiary _____

9.53 Owner of policy _____   9.54 Location of policy _____

9.55 Name of company _____   9.56 Face Amount $ _____

9.57 Loans against policy _____

9.58 Type of policy _____   9.59 Beneficiary _____

9.60 Owner of policy _____   9.61 Location of policy _____

**G. Pension or Retirement Plans**

9.62 Type of plan (Keogh, IRA, union, employer) _____

9.63 Total sum in plan _____

9.64 Total invested by spouse _____

9.65 Total invested by employer _____

9.66 Total vested _____

9.67 Last annual payment into plan _____

9.68 Value on retirement age _____

9.69 Payments on retirement age _____

9.70 Earliest retirement age _____

9.71 Normal retirement age _____

9.72 Type of investments by fund _____

9.73 Type of plan (Keogh, IRA, union, employer) _____

Data Packet                                                    § 14:2

9.74 Total sum in plan_____
9.75 Total invested by spouse_____
9.76 Total invested by employer _____
9.77 Total vested_____
9.78 Lost annual payment into plan _____
9.79 Value on retirement age _____
9.80 Payments on retirement age _____
9.81 Earliest retirement age _____
9.82 Normal retirement age _____
9.83 Type of investments by fund_____

H. Other Personal Property
    9.84 - Boat
        (a) Length, make and type _____
        (b) Value                                        $_____
        (c) Loans against boat_____
        (d) Loan payments per month                      $_____
        (e) Loan payments made to _____
        (f) Location of boat _____
    9.85 - Airplane
        (a) Make and type _____
        (b) Value                                        $_____
        (c) Loans against airplane _____
        (d) Loan payments per month                      $_____
        (e) Loan payments made to _____
        (f) Location of airplane_____
    9.86 - Collections (e.g. guns, stamps, coins, antiques, works of art)
        Description _____     Value $_____
        Description _____     Value $_____
        Description _____     Value $_____

I. Real Property (residence, business, vacation)
    9.87 Address _____
    9.88 County _____
    9.89 Description (including county and town) _____
        _____
    9.90 Market Value                                    $_____
    9.91 Mortgagee _____
    9.92 Mortgage payments $ _____. per month
    9.93 Other liens:    amount    $_____
                         to whom owed _____
                         how payable _____
    9.94 Taxes        $_____
    9.95 Rents or other income $ $_____

§ 14:2                                                NEW YORK MATRIMONIAL PRACTICE

J. Other Assets
9.96 Description _____    9.97 Value  $_____
9.98 Description _____    9.99 Value  $_____
9.100 Description _____    9.101 Value $_____
9.102 Description _____    9.103 Value $_____
9.104 Description _____    9.105 Value $_____

**Income of Client**
A. Primary Employment
10.00 Employer _____
10.01 Place of employment _____
_____
10.02 Position or title _____
10.03 Type of work performed _____
10.04 Years with employer _____
10.05 Compensation
    (a) Salary or wages
        Gross $_____; net $_____    $_____
    (b) Bonus                                         $_____
    (c) Employer's contribution to:
        (1) Pension plan                              _____
        (2) Profit-sharing plan                       _____
        (3) Savings plan                              _____
        (4) Other                                     _____
                                                      _____
    (d) Expense allowances                            _____
    (e) Automobiles furnished by employer             _____
        (1) Year, make and model _____
        (2) Auto expenses paid by employer
            (i) lease                                 _____
            (ii) gasoline and oil                     _____
            (iii) maintenance                         _____
            (iv) insurance                            _____
            (v) other                                 _____
        (3) Charges to employee for use               _____
10.06 If self-employed:
    (a) Hours (if part-time) _____
    (b) Partners or other principals
        Name    _____
        Address _____
                _____
        Name    _____
        Address _____
_____

DATA PACKET                                                                              § 14:2

B. Other Employment
  10.07 Employer _____
  10.08 Place of employment _____
  _____
  10.09 Position or title _____
  10.10 Type of work performed _____
  10.11 Years with employer _____
  10.12 Compensation
    (a) Salary or wages                                                    $ _____
       Gross $_____; net $_____
    (b) Bonus                                                                _____
    (c) Employer's contribution to:
       (1) Pension plan                                                     _____
       (2) Profit-sharing plan                                              _____
       (3) Savings plan                                                     _____
       (4) Other                                                            _____
    (d) Expense allowances                                                  _____
    (e) Automobiles furnished by employer
       (1) Year, make and model _____
       (2) Auto expenses paid by employer
          (i) lease                                                         _____
          (ii) gasoline and oil                                            _____
          (iii) maintenance                                                _____
          (iv) insurance                                                    _____
          (v) other                                                        _____

C. Prior Employment (if different during past five years from information given above)
  10.13 Employer _____
  10.14 Place of employment _____
  _____
  10.15 Position or title held by client _____
  10.16 Type of work performed _____
  10.17 Years with employer _____
  10.18 Annual compensation _____
  10.19 Value of employee benefits _____

D. Other Income
  10.20 Investments _____
    Explain _____
  _____
  10.21 Earnings on bank accounts (annual)                                _____
  10.22 Dividend income (annual)                                          _____
  10.23 Income from trusts (annual)                                       _____
  10.24 Other _____                      _____
  _____                      _____
  _____                      _____

§ 14:2                                          NEW YORK MATRIMONIAL PRACTICE

E. Health of Client
    10.25 Comments: _____
                    _____
                    _____

**Assets of Client (Not Joint with spouse)**

A. Checking accounts
    11.00 Name of bank _____    11.01 Average Balance _____
    11.02 Account number _____
    11.03 Title of account _____
    11.04 Name of bank _____    11.05 Average Balance _____
    11.06 Address of bank _____
    11.07 Account number _____

B. Savings Accounts and Certificates of Deposit
    11.08 Name of Bank _____    11.09 Balance _____
    11.10 Address of Bank _____
    11.11 Account Number _____
    11.12 Title of Account _____
    11.13 Name of Bank _____    11.14 Balance _____
    11.15 Address of Bank _____
    11.16 Account Number _____
    11.17 Title of Account _____
    11.18 Name of Bank _____    11.19 Balance _____
    11.20 Address of Bank _____
    11.21 Account Number _____
    11.22 Title of Account _____

C. Securities
    11.23 Stocks                                                        Total value $ _____
        Describe each stock:
            (1) Name of corporation _____
            (2) Shares held _____
            (3) Current price per share _____
            (4) Cost per share when acquired _____
            (5) Loans against shares or margin indebtedness _____
            (6) Location of stock certificates _____
    11.24 Bonds (include U.S. Savings Bonds)                            Total value $ _____
        Describe each bond:
            (1) Name of issuer _____
            (2) Face Value                                              $ _____
            (3) Current value                                          $ _____
            (4) Due date _____
            (5) Cost                                                    $ _____
            (6) Amount and dates of interest payments _____
            _____
            (7) Loans against bonds or margin indebtedness _____
            _____
            (8) Location of bonds _____
    11.25 Other securities (e.g., debentures, options, warrants, futures, etc.)    Total value $ _____
        Describe type, loans, location of each

14-12

DATA PACKET                                                      § 14:2

11.26 Stockbroker name _____
      address _____
      account number _____     Type of account _____
      account number _____     Type of account _____

D. Business Assets
   11.27 Name of business_____
   11.28 Type of business_____
   11.29 Percentage _____
   11.30 Value of client's interest                              $_____
   11.31 Name of business_____
   11.32 Type of business_____
   11.33 Percentage _____
   11.34 Value of client's interest                              $_____

E. Other Assets_____
   11.35 Description _____     11.36 Value $ _____
   11.37 Description _____     11.38 Value $ _____
   11.39 Description _____     11.40 Value $ _____

F. Life Insurance
   11.41 Name of company_____     11.42 Face Amount $ _____
   11.43 Loans against policy _____
   11.44 Type of policy _____     11.45 Beneficiary _____
   11.46 Owner of policy _____     11.47 Location of policy _____
   11.48 Name of company_____     11.49 Face Amount $ _____
   11.50 Loans against policy _____
   11.51 Type of policy _____     11.52 Beneficiary _____
   11.53 Owner of policy _____     11.54 Location of policy _____
   11.55 Name of company_____     11.56 Face Amount $_____
   11.57 Loans against policy _____
   11.58 Type of policy _____     11.59 Beneficiary _____
   11.60 Owner of policy _____     11.61 Location of policy _____

G. Pension or Retirement Plans
   11.62 Type of plan (Keogh, IRA, union, employer) _____
   11.63 Total sum in plan_____
   11.64 Total invested by spouse _____
   11.65 Total invested by employer _____
   11.66 Total vested _____
   11.67 Last annual payment into plan _____
   11.68 Value on retirement age _____
   11.69 Payments on retirement age _____
   11.70 Earliest retirement age _____
   11.71 Normal retirement age _____
   11.72 Type of investments by fund _____

§ 14:2                                    NEW YORK MATRIMONIAL PRACTICE

H. Other Personal Property
   11.73 Boat
      (a) Length, make and type _____
      (b) Value
      (c) Loans against boat_____ $_____
      (d) Loan payments per month
      (e) Loan payments made to_____ $_____
      (f) Location of boat _____
   11.74 Airplane
      (a) Make and type _____
      (b) Value
      (c) Loans against airplane_____ $_____
      (d) Loan payments per month
      (e) Loan payments made to_____ $_____
      (f) Location of airplane_____
   11.75 Collections (e.g., guns, stamps, coins, antiques, works of art)
      Description _____ Value $_____
      Description _____ Value $_____
      Description _____ Value $_____

I. Real Property (residence, business, vacation)
   11.76 Description _____
   11.77 Market value _____ $_____
   11.78 Mortgagee _____
   11.79 Mortgage payments $ _____ per month

**Assets Held Jointly With Spouse**
A. Checking accounts
   12.00 Name of bank _____  12.01 Average balance_____
   12.02 Account number _____
   12.03 Title of account _____
   12.04 Name of bank _____  12.05 Average balance_____
   12.06 Address of bank _____
   12.07 Account number _____

B. Savings Accounts and Certificates of Deposit
   12.08 Name of bank _____  12.09 Balance _____
   12.10 Address of bank _____
   12.11 Account number _____
   12.12 Title of account _____
   12.13 Name of bank _____  12.14 Balance _____
   12.15 Address of bank _____
   12.16 Account number _____
   12.17 Title of account _____
   12.18 Name of bank _____  12.19 Balance _____
   12.20 Address of bank _____
   12.21 Account number _____
   12.22 Title of account _____

DATA PACKET                                                      § 14:2

C. Securities
  12.23 Stocks                                          Total value $ _____
    Describe each stock:
      (1) Name of Corporation _____
      (2) Shares held _____
      (3) Current price per share _____
      (4) Cost per share when acquired _____
      (5) Loans against shares or margin indebtedness _____
      (6) Location of stock certificates _____
  12.24 Bonds (include U.S. Savings Bonds)                Total value $ _____
    Describe each bond:
      (1) Name of issuer _____
      (2) Face value                                      $ _____
      (3) Current value                                   $ _____
      (4) Due Date _____
      (5) Cost                                            $ _____
      (6) Amount and dates of interest payments _____
      (7) Loans against bonds or margin indebtedness _____
      (8) Location of bonds _____
  12.25 Other securities (e.g., debentures, options, warrants, futures, etc.)   Total value $ _____
    Describe type, loans, location of each
  12.26 Stockbroker name _____
    address _____
    account number _____   Type of account _____
    account number _____   Type of account _____

D. Business Assets
  12.27 Name of business _____
  12.28 Type of business _____
  12.29 Percentage _____
  12.30 Value of client's interest                     $ _____
  12.31 Name of business _____
  12.32 Type of business _____
  12.33 Percentage _____
  12.34 Value of client's interest                     $ _____

E. Other Assets
  12.35 Description _____   12.36 Value $ _____
  12.37 Description _____   12.38 Value $ _____
  12.39 Description _____   12.40 Value $ _____

NEW YORK MATRIMONIAL PRACTICE

F. Life Insurance

12.41 Name of company_____    12.42 Face Amount $_____
12.43 Loans against policy _____
12.44 Type of policy_____    12.45 Beneficiary _____
12.46 Owner of policy_____    12.47 Location of policy_____
12.48 Name of company_____    12.49 Face Amount $_____
12.50 Loans against policy _____
12.51 Type of policy_____    12.52 Beneficiary _____
12.53 Owner of policy_____    12.54 Location of policy_____
12.55 Name of company_____    12.56 Face Amount $_____
12.57 Loans against policy _____
12.58 Type of policy_____    12.59 Beneficiary _____
12.60 Owner of policy_____    12.61 Location of policy_____

G. Other personal property

12.62 - Boat
  (a) Length, make and type_____
  (b) Value    $_____
  (c) Loans against boat_____
  (d) Loan payments per month    $_____
  (e) Loan payments made to_____
  (f) Location of boat _____

12.63 - Airplane
  (a) Make and type_____
  (b) Value    $_____
  (c) Loans against airplane _____
  (d) Loan payments per month    $_____
  (e) Loan payments made to_____
  (f) Location of airplane_____

12.64 - Collections (e.g., guns, stamps, coins, antiques, works of art)
  Description _____    Value $_____
  Description _____    Value $_____
  Description _____    Value $_____

H. Real Property (residence, business, vacation)
12.65 Description _____
12.66 Market value    $_____
12.67 Mortgagee _____
12.68 Mortgage payments $_____ per month

I. Other Assets
12.69 _____    2.70 _____

Data Packet                                                                § 14:2

**Liabilities of the Parties**

13.00 Creditor_____          Purpose of debt _____
    Amount of principal owing_____          Monthly payments _____
    Arrears of payments _____
    Obligation of: _____ client _____ spouse _____ joint

13.01 Creditor_____          Purpose of debt _____
    Amount of principal owing_____          Monthly payments _____
    Arrears of payments _____
    Obligation of: _____ client _____ spouse _____ joint

13.02 Creditor_____          Purpose of debt _____
    Amount of principal owing_____          Monthly payments _____
    Arrears of payments _____
    Obligation of: _____ client _____ spouse _____ joint

13.03 Creditor_____          Purpose of debt _____
    Amount of principal owing_____          Monthly payments _____
    Arrears of payments _____
    Obligation of: _____ client _____ spouse _____ joint

13.04 Creditor_____          Purpose of debt _____
    Amount of principal owing_____          Monthly payments _____
    Arrears of payments _____
    Obligation of: _____ client _____ spouse _____ joint

**Method of Payment of Family Expenses**

14.00 Client pays: _____          _____
    _____          _____
    _____          _____

14.01 Spouse pays: _____          _____
    _____          _____
    _____          _____

14.02 Client's allowance for expenses: _____          _____
    _____          _____
    _____          _____

14.03 Spouse's allowance for expenses: _____          _____
    _____          _____
    _____          _____

**The Marital Problem**

15.00 Elements of cruelty (briefly list illustrative instances and dates)

    (1) Physical violence _____
    _____
    _____

    (2) Emotional upset _____
    _____
    _____

© 2006 Thomson/West, 11/2006

15.01 Abandonment _____
    (1) When _____
    (2) Circumstances _____
_____
_____
_____
    (3) Prior abandonments _____
15.02 Adultery of spouse
    (1) When _____
    (2) Where _____
    (3) With whom _____
    (4) Evidence _____
_____
15.03 Non-support (describe details) _____
_____
_____
15.04 Sexual problems (describe) _____
_____
_____
15.05 Other problems (describe) _____
_____
_____
15.06 Grounds elected _____
15.07 Formal proof of grounds _____

**Desire of Client**

16.00 Result sought:
    Reconciliation _____
    Separation Decree _____
    Support Only _____

    Separation Agreement _____
    Divorce _____

16.01 Other relief sought:
    Alimony _____
    Child support _____
    Medical insurance (including dental) _____
    Medical expenses (including dental) _____
    Psychiatric expense _____
    Camp _____
    Nursery school _____
    Private school _____
    College _____
    Life insurance _____
    Marital residence _____
    Other property _____
    Share of spouse's assets (describe) _____
_____
    Automobile _____
    Provision in spouse's will for client or children _____
    Counsel fees and expenses _____
    Other _____

DATA PACKET                                                        § 14:2

**Attorney Fee**
 17.00 Retainer _____
 17.01 Fee arrangement (flat rate, time rate, combination, minimum, maximum)_____

 17.02 Disbursements: included_____  extra_____
 17.03 Retainer letter signed: yes_____  no_____
 17.04 Other arrangements: _____
  _____
  _____

**Advice Given**
 18.00 _____
  _____
  _____
  _____

§ 14:3

## § 14:3   Living expense sheet

For _____ (Designate: husband, wife, children or any combination)

| | | Per Week | Per Month | Per Year |
|---|---|---|---|---|
| a. | Housing expenses | | | |
| | 1. Rent | | | |
| | 2. Mortgage payment | | | |
| | 3. Property Taxes (if not included in mortgage payment) | | | |
| | 4. Appliance and house service contracts | | | |
| | 5. House repairs | | | |
| | 6. Gardening expense | | | |
| | 7. Exterminator | | | |
| | 8. Fuel oil | | | |
| | 9. Gas and electric | | | |
| | 10. Water | | | |
| | 11. Sewer | | | |
| | 12. Garbage collection | | | |
| | 13. Telephone | | | |
| | 14. Cable television | | | |
| | 15. Homeowner's Association | | | |
| | 16. Tips to doormen, mailmen, etc. | | | |
| | 17. Snow removal | | | |
| | 18. House insurance | | | |
| | 19. Household help | | | |
| b. | Food (including meat, milk, etc.) | | | |
| c. | Cleaning supplies and household items | | | |
| d. | Laundry and dry cleaning | | | |
| e. | Clothing | | | |
| | 1. clothing for self | | | |
| | 2. clothing for children | | | |
| | 3. clothing for spouse | | | |
| f. | Medical expenses (not covered by insurance) | | | |
| | 1. Doctors - self | | | |
| | spouse | | | |
| | children | | | |
| | 2. Dentists - self | | | |
| | spouse | | | |
| | children | | | |
| | 3. Hospital | | | |
| | 4. Psychotherapy (for whom?) | | | |
| | 5. Medicine (drugs) | | | |
| | 6. Vitamins | | | |
| | 7. Medical specialists | | | |
| | 8. Orthodontia | | | |
| | 9. Allergy expense | | | |
| | 10. Other | | | |
| | | | | |
| | | | | |

DATA PACKET                                                    § 14:3

| | | Per Week | Per Month | Per Year |
|---|---|---|---|---|
| g. | Auto expenses | | | |
| | 1. Gasoline and oil | | | |
| | 2. Maintenance and repairs | | | |
| | 3. Loan payments or rental | | | |
| | 4. Registration | | | |
| | 5. Insurance | | | |
| | 6. Depreciation | | | |
| | 7. Parking and tolls | | | |
| h. | Other transportation expenses | | | |
| | 1. Commutation | | | |
| | 2. Taxis and buses | | | |
| | 3. Other | | | |
| i. | Child care expenses | | | |
| | 1. Lunch money | | | |
| | 2. Allowances | | | |
| | 3. Babysitter | | | |
| | 4. Child grooming | | | |
| | 5. Summer camp | | | |
| | 6. Religious education | | | |
| | 7. Tutoring | | | |
| | 8. Lessons (music, dancing, etc.) | | | |
| | 9. Pet expense | | | |
| | 10. Education expense | | | |
| j. | Personal expenses | | | |
| | 1. Tobacco | | | |
| | 2. Grooming | | | |
| | 3. Cosmetics | | | |
| | 4. Lunches out | | | |
| | 5. Entertainment (includes dinners out) | | | |
| | 6. Vacations | | | |
| | 7. Club dues and expenses | | | |
| | 8. Religious dues and contributions | | | |
| | 9. Gifts and presents | | | |
| | 10. Hobby expense | | | |
| | 11. Sports expense | | | |
| | 12. Education expense | | | |
| | 13. Books, magazine, records, etc. | | | |
| | 14. Charitable contributions | | | |
| | (other than religious) | | | |
| k. | Business expenses | | | |
| | 1. Dues (union, etc.) | | | |
| | 2. Subscriptions, books | | | |
| | 3. Other unreimbursed expenses | | | |
| | (specify) | | | |
| | 4. Retirement plan | | | |
| l. | Other insurance | | | |
| | 1. Life insurance | | | |
| | 2. Health insurance | | | |
| | 3. Accidence insurance | | | |
| | 4. Disability insurance | | | |
| | 5. Other (specify) | | | |

§ 14:3                                     NEW YORK MATRIMONIAL PRACTICE

| | Per Week | Per Month | Per Year |
|---|---|---|---|
| m. Obligations | | | |
| 1. Alimony | | | |
| 2. Child support | | | |
| 3. Loans (other than auto) | | | |
| 4. Others (specify) | | | |
| n. Recreation expenses (not otherwise mentioned) | | | |
| 1. Other real estate | | | |
| 2. Boat expense | | | |
| 3. Airplane expense | | | |
| o. Other expenses: | | | |
| 1. Federal income taxes | | | |
| 2. State income taxes | | | |
| 3. City income taxes | | | |
| 4. Social security payments | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |

TOTAL EXPENSES

Please assemble and bring to the office the following items:

1. All income tax returns for past five years

2. All bank books, certificates of deposit and bank statements for the past three years

3. Listing by expense category of all checks written for past two years with separate totals for each category for each year

4. Deeds to real estate

5. Loan books

6. Insurance policies

7. Retirement plan and statements

8. Recent paycheck vouchers or envelopes

9. Other _____

_____

_____

# Chapter 16

# Negotiation and Agreement

§ 16:1    Step 1. Have all pertinent information available for negotiation
§ 16:2    Step 2. When advisable, hold four-way conference
§ 16:3    Step 3. Prepare settlement agreement in accordance with understanding of parties
§ 16:3.50  Step 3.1 Determine health insurance coverage for each party
§ 16:4    Step 4. Familiarize client and then opposing counsel with proposed agreement
§ 16:5    Step 5. Prepare, serve, and distribute copies of agreement
§ 16:6    Step 6. Prepare, serve, and distribute related documents
§ 16:7    Step 7. File memorandum of separation agreement if divorce is not presently pursued

> **KeyCite⁴:** Cases and other legal materials listed in KeyCite Scope can be researched through the KeyCite service on Westlaw⁴. Use KeyCite to check citations for form, parallel references, prior and later history, and comprehensive citator information, including citations to other decisions and secondary materials.

## § 16:1  Step 1. Have all pertinent information available for negotiation

It is difficult to have a productive exchange of thoughts and proposals designed to settle a case if the attorney does not have all of the necessary information before beginning the first settlement discussion. A position may be taken in ignorance of a pertinent fact. Once taken, it may be difficult, awkward and possibly compromising to take a different position once the fact becomes known. No suggestion, for example, can be made with regard to the support allowance until all of the financial information is known—income, income potential, assets, liabilities, living standard, needs of the clients, etc. Be prepared before commencing settlement talks.

## § 16:2  Step 2. When advisable, hold four-way conference

Many experienced attorneys try to develop basic points of agreement and define issues before scheduling a so-called "four-way conference." That is a conference of both spouses and their separate attorneys. Sometimes such a conference is necessary to close the gaps of differences between the respective positions of the parties on the issues not resolved. However, a four-way conference early in the case

and before the issues are defined frequently becomes an arena for the clients to ventilate their emotions and is seldom productive. Its request by an attorney is often considered as an indication of lack of experience of the attorney or lack of control of the client by the attorney. It is important that the attorney keep careful notes of the points of negotiations during the conferences. This will aid in the drafting or checking a settlement agreement. It will also provide reference material in the event of a subsequent need to interpret provisions of the agreement. The discussions, as noted in the file, will be indicative of the intent of the parties, particularly in the event that the validity or interpretation of the agreement is challenged.

### § 16:3    Step 3. Prepare settlement agreement in accordance with understanding of parties

When a "meeting of the minds" is reached, an agreement should be prepared based upon the deal that was made. Each agreement should be drafted individually based upon the understanding of the parties. No form agreement is adequate or should be used without extensive revisions and redrafting. Many of the clauses are stereotyped or "boilerplate." However, read them carefully to be sure that small changes in language do not affect the meaning of what is believed to be intended as a "standard" clause.

The settlement agreement [§ 28:1] should serve a two-fold purpose: first to resolve the present issues; and, second, to contemplate and provide for future circumstances to the extent foreseeable. It should, therefore, be a complete and comprehensive document.

The included form agreement is simply a rough guide which should be scrutinized minutely and critically in all of its clauses before any of the provisions are adopted in a particular case. It is not designed to meet the requirements of any particular case and is to be used merely as a guide. Most of the clauses will require "tailoring" to conform to the individual needs of the case involved.

### § 16:3.50    Step 3.1 Determine health insurance coverage for each party

In 2007, the New York legislature enacted Domestic Relations Law § 177 in order to assure the parties to a divorce or other dissolution of the marriage that there will be provision for the medical insurance coverage of the spouses, regardless of the party responsible for payments. A divorce agreement or settlement agreement, and most likely a postnuptial agreement, will not be valid for the purpose of resolving marital issues unless specific provisions are contained in the agreement for providing health insurance to each of the spouses and a recognition of the spouse who is to bear the expense for the insurance. A judgment of divorce or other judgment dissolving the marital status will not be entered unless and until the agreement has complied