# Exhibit C

# New York Matrimonial Law and Practice

By
**TIMOTHY M. TIPPINS**
*Member, New York State Bar*

**Volume 1**

THOMSON
WEST

*For Customer Assistance Call 1-800-328-4880*
Mat #40333107

© 1986-2004 West, a Thomson business

West, a Thomson business, has created this publication to provide you with accurate and authoritative information concerning the subject matter covered. However, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. West is not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

Each of these economic areas is subject to the provisions of Part B of Section 236 of the Domestic Relations Law and have been treated in detail elsewhere in this work.[1]

The ensuing sections of this chapter will suggests various approaches to providing for these economic issues in a separation agreement and will set forth specific language which might be employed to implement the desired objectives.

## § 10:31 Economic provisions—Disposition of property

The separation agreement should make clear that all property, whether real or personal, tangible or intangible, and marital or separate is covered by the agreement. This can be readily facilitated by prefactory language such as the following:

Property Disposition

The parties have acquired certain real and personal property during the course of the marriage, which property is "marital property" under the Equitable Distribution Law. Additionally, each party is the owner of other property which comes within the meaning of "separate property" under the statute. The parties, by this agreement, intend to fully and forever dispose of all such property, whether real or personal, tangible or intangible, marital or separate.

Itemized schedules may be used effectively to identify and distinguish between marital and separate property and also to effect the distribution of marital property. Where such approach is employed, the general property provision in the body of the agreement should clearly incorporate such schedules. These schedules should themselves be initialed by the parties like every other page of the agreement. The following language should serve this purpose.

The separate property of each party is set forth on separate schedules annexed hereto, the husband's separate property being itemized on Schedule "A" and the wife's separate property being itemized on Schedule "B". These schedules are hereby made a part of this agreement with the same force and effect as if fully set forth in the body of this agreement.

---

[Section 10:30]

[1]For further discussion of property distribution, see Chapters 3 and 5. For further discussion of monetary awards, see Chapter 6.

© West, a Thomson business, 12/2004

The separate property of the respective parties shall forever remain their separate property, free and clear of any claim by or interest by the other party.

Likewise, the marital property may be distributed by reference to schedules.

The marital property of the parties shall be distributed between them in accordance with the itemization set forth in schedules "C" and "D" which are attached to this agreement and made a part of it with the same force and effect as if their terms were fully set forth in the body of this agreement. The property items set forth in Schedule "C" shall be distributed to the wife, to be forever held, enjoyed and disposed of by her as she alone may deem fit. The property items set forth in Schedule "D" shall be distributed to the husband, to be forever held, enjoyed and disposed of by him as he alone may deem fit.

Where the property dispositions include provisions for deferred payments of property rights, as may be the case where future pension benefits are to be shared by the parties, the agreement should clearly distinguish such in futuro property distribution from any provision for maintenance. For example:

Pension Interest

The husband has a beneficial interest in a deferred compensation pension plan which is administered by his employer. The present value of such pension interest has been actuarially determined, as reflected by the actuarial report which is attached to and made a part of this agreement as Exhibit "1".

Because there are insufficient liquid assets in the marital estate to presently satisfy the wife's equitable share of such pension interests, the pay-out to her of her interest in said pension shall be deferred to the time in the future when the retirement benefits under the pension plan are paid out to the husband.

The wife's share of the monthly pension benefit shall be determined in accordance with the fractional formula set forth in Exhibit "2" which is attached to and made a part of this agreement.

Such future monthly payments to the wife pursuant to this provision represent a distribution of her property interest in the pension plan based upon consideration of the statutory factors set forth in subdivision five of Part B of Section 236 of the Domestic Relations Law. Such payments are not maintenance pursuant to subdivision six of Part B of Section 236 of the Domestic Relations Law.

The distribution of other property interests may also be

# LINDEY AND PARLEY ON SEPARATION AGREEMENTS AND ANTENUPTIAL CONTRACTS

*Second Edition*

VOLUME 1

*Alexander Lindey*
*Louis I. Parley*

**Updated by Kathryn Kirkland, J.D., CFLS**

**2007**

*Filed Through:*
RELEASE NO. 70 NOVEMBER 2007



## QUESTIONS ABOUT THIS PUBLICATION?

For questions about the **Editorial Content** appearing in these volumes or reprint permission, please call:

Dennis W. Leski, J.D. at ........ 1-800-424-0651 Ext. 0209
Email: ........ dennis.w.leski@lexisnexis.com
Safia S. Ahmed at ........ 1-800-252-9257 Ext 2097
Email: ........ safia.ahmed@lexisnexis.com
Outside the United States and Canada, please call ........ (415) 908-3200

For assistance with replacement pages, shipments, billing or other customer service matters, please call:

Customer Services Department at ........ (800) 833-9844
Outside the United States and Canada, please call ........ (518) 487-3000
Fax Number ........ (518) 487-3584
Customer Service Website ........ http://www.lexisnexis.com/custserv/

For information on other Matthew Bender publications, please call
Your account manager or ........ (800) 223-1940
Outside the United States and Canada, please call ........ (518) 487-3000

**Library of Congress Cataloging-in-Publication Data**

Lindey, Alexander, 1896–
Lindey and Parley on separation agreements and ante-nuptial contracts / Alexander Lindey, Louis I. Parley.-2nd ed.
p. cm.
Rev. ed. of: Lindey on separation agreements and ante-nuptial contracts / by Alexander Lindey, Louis I. Parley. Rev. ed. [1964]–
Includes Index
ISBN 0-8205-4188-5
1. Separation (Law)-United States. 2. Divorce-Law and legislation-United States. 3. Antenuptial contracts-United States. I. Parley, Louis, I. II. Lindey, Alexander, 1896–Lindey on separation agreements and ante-nuptial contracts. III. Title.
KF535.L5 1999
346.7301'66-dc21 99-048711

This publication is designed to provide accurate and authoritative information in regard to the subject matter covered. It is sold with the understanding that the publisher is not engaged in rendering legal, accounting, or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.

LexisNexis, the knowledge burst logo, and Michie are trademarks of Reed Elsevier Properties Inc, used under license. Matthew Bender is a registered trademark of Matthew Bender Properties Inc.

Copyright © 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group.
Originally published in 1937.
All Rights Reserved.

No copyright is claimed in the text of statutes, regulations, and excerpts from court opinions quoted within this work. Permission to copy material exceeding fair use, 17 U.S.C. § 107, may be licensed for a fee of 25¢ per page per copy from the Copyright Clearance Center, 222 Rosewood Drive, Danvers, Mass. 01923, telephone (978) 750-8400.

Editorial Offices
744 Broad Street, Newark, NJ 07102 (973) 820-2000
201 Mission St., San Francisco, CA 94105-1831 (415) 908-3200
www.lexisnexis.com

MATTHEW BENDER

(Rel. 70-11/2007 Pub.360)

## § 30.25 Provisions for Minor Child's Property—Form

The following securities are presently in the Child's name: ____________ [*list the securities*].

The above ____________ [securities (*or, if matured*) proceeds of the securities], together with the income from the above, are referred to as the Securities. The Wife (*or* Husband) shall, as custodian, hold the Securities for the Child's benefit. She (*or* He) shall not use them or any part of them except for the Child, and only where necessary. When the Child reaches the age of ____________ [*specify applicable age, such as majority, e.g.*, twenty-one], the Wife (*or* Husband) shall deliver to him (*or* her) the Securities or as much of them as shall then be remaining. Any securities that the Child may acquire in the future, whether by way of gift or otherwise, shall be added to the Securities and dealt with in the same manner.

## § 30.26 Waiver of Further Equitable Distribution Claims—Form

Except as provided in this agreement, neither party has any further claim upon the other for the equitable distribution of property and neither shall, in any action for the dissolution of their marriage or in any other action between them, seek any equitable distribution of property in addition to, instead of, or in lieu of, the distribution provided in this agreement.

## § 30.27 "Later Discovered" Property—Form

In the event either party, subsequent to the date of this agreement, discovers that the other party held any interests (whether vested or unvested, matured or unmatured) in any real or intangible property of any kind, which interests existed prior to the date of the agreement, and which interests were not made known prior to the date of this agreement, then the discovering party shall be entitled to ______ percent of the value of such property. If, however, the existence of the asset was known to one of the parties at the time of execution of this Agreement, the party with that knowledge shall transfer or pay to the party without knowledge of the asset, at the other party's option, one of the following: (1) if the asset is reasonably susceptible to division, a portion of the asset equal to the other party's interest in it; (2) the fair market value of the other party's interest in the asset on the effective date of this Agreement, plus interest at the legal rate from the effective date to the date of payment; or (3) the fair market value of the other party's interest in the asset on the date on which the other party discovers the existence of the asset, plus interest at the legal rate from the discovery date to the

date of payment. This provision will not be deemed to impair the availability of any other remedy arising from nondisclosure of community assets. [This provision shall apply to all "later discovered" property even if the owner's interests predated the marriage of the parties.] This provision shall not apply to any property inherited under a will of a party who died after the date of this agreement, even if the possibility of the inheritance were reasonable known or knowable to the recipient party prior to the date of this agreement.

### § 30.28 Stock Options; Exercised at Certain Price; Party Owning Options Pays Costs—Form

(A) The Wife (*or* Husband) was granted certain options to purchase stock in the ____________ company, identified as follows: ____________ [*specify date of grant, number of options, option price, and exercise date*].

(B) The Wife (*or* Husband) shall exercise the options as soon after the exercise date as the market price for the stock exceeds the option price by the sum of at least ______ dollars, and shall turn over the stock certificates to the Husband (*or* Wife) promptly after their receipt, duly executed so that they may be recorded as owned by the Husband (*or* Wife).

(C) The Wife (*or* Husband) shall be responsible for the payment of all taxes, costs, fees, brokerage charges and other expenses related to the exercise of the options and the obtaining of the stock certificates.

### § 30.29 Stock Options; Exercised at a Certain Price; Conversion to Cash; Division of Net Proceeds—Form

(A) The Husband (*or* Wife) was granted certain options to purchase stock in the ____________ company, identified as follows: ____________ [*specify date of grant, number of options, option price, and exercise date*].

(B) The Husband (*or* Wife) shall exercise the options as soon after the exercise date as the market price for the stock exceeds the option price by the sum of at least ______ dollars, and shall also sell the stock so that cash proceeds are realized rather than the receipt of stock certificates. Upon receipt of the cash, the Husband (*or* Wife) shall pay over to the Wife (*or* Husband) one half of the actual net proceeds received. "Net proceeds" shall be the funds received after expenses of the exercise of the options and the sale of the stock are deducted from

*Family Law Series*

# ENCYCLOPEDIA OF MATRIMONIAL CLAUSES

**Raoul Lionel Felder**
*Member of the New York Bar*

**1994**

(Date originally published: 1990)

Law Journal Seminars-Press
345 Park Avenue South
New York, New York 10010

00612
(Rel. 8)

**C. LAWRENCE GRUBMAN**
**Notary Public, State Of New York**
**No.31-4760771**
**Qualified In New York County**
**Commission Expires December 31, 20__**

Copyright © 1990, 1991, 1992, 1993, 1994, by
Law Journal Seminars-Press,
a division of the New York Law Publishing Company,
New York, New York

**Library of Congress Cataloging in Publication Data**

Felder, Raoul Lionel, 1934-
Encyclopedia of matrimonial clauses/Raoul Lionel Felder.
p. cm,—(Family law series)
1. Divorce settlements—United Staets—Forms. 2. Equitable distribution of marital property—United States—Forms.
3. Custody of children—United States Forms. 4. Support (Domestic relations)—United States—Forms. I. Title.
II. Series: Family law series (New York, N.Y.)
KF533.5.F45 1990
346.7301'86—dc20
[347.306166]

**After Acquired Property; Status of**—*All property acquired after Agreement to be separate property* (See also: **Personal Property—Real Property**)

The parties agree that any property acquired after the effective date of this Agreement shall be his or her separate property.

*COMMENT:* The date of the separation agreement is to control any claim for equitable distribution and cut off any claim for after acquired property.

**After Discovered Property; Payment for**—*Party in possession of undisclosed distributable property to pay half the value of such property to other spouse*

If it shall be hereinafter determined that either party is now possessed or any property that would be subject to distribution that is not set forth in this Agreement, or that one of them has made, without the consent of the other, any gift or transfer of such property without adequate consideration, the parties hereby covenant and agree that the non-receiving/injured party shall receive from the other party, on demand, an amount equal to one-half the fair market value of such property at the highest value between the date of this Agreement and the date of settlement of the issue of after discovered property.

**Agent for Service of Process**—*Appointment by Wife and Husband of their respective attorneys as agent for service of process*

The Wife hereby appoints her attorney, ______________, of the firm of ______________________, located at ____________________ ______________________ as her irrevocable agent for the acceptance of service of any process, notice or other required court documents necessary to institute any proceeding governed by this Agreement.

The Husband hereby appoints his attorney, ______________, of the firm of ______________________, located at ______________________ as his irrevocable agent for the acceptance of service of any process, notice or other required court documents necessary to institute any proceeding governed by this Agreement.