# Exhibit D

# McKINNEY'S

# CONSOLIDATED LAWS

# OF NEW YORK ANNOTATED

Book 14
Domestic Relations Law
§§ 220 to 236

## 2008
## Cumulative Pocket Part

Replacing prior pocket part supplementing
1999 main volume

Current Through the Laws of 2007, chapter 678
of the 230th Legislative Session

Includes Commentaries by
Alan D. Scheinkman

**THOMSON**
**WEST**

Mat #40671377

72

cident to divorce, that child faced possible psychological harm should details of her parents' divorce become public knowledge, did not set forth compelling interest justifying closure of courtroom under applicable statute and rule, where opinion of court-appointed forensic psychiatrist who examined child, to effect that allowing press and public to attend trial would expose child to significantly greater risk of future mental health problems was speculative. Anonymous v. Anonymous (1 Dept. 2000) 263 A.D.2d 341, 705 N.Y.S.2d 339, issued 2000 WL 280670. Child Custody ⇔ 502; Child Support ⇔ 210

Husband's assertion, in support of his motion for closure of courtroom during child custody and support proceedings incident to divorce, that there was threat that trial would expose specific actual details of child's day-to-day existence with each of her parents, and that should these details be exposed, parties' and child's safety and security would be severely compromised, did not warrant closure of courtroom under applicable statute and rule, as threat was to litigants' private interests, public interest did not require closure, and less restrictive alternatives to closure were available. Anonymous v. Anonymous (1 Dept. 2000) 263 A.D.2d 341, 705 N.Y.S.2d 339, issued 2000 WL 280670. Child Custody ⇔ 502; Child Support ⇔ 210

## § 236. Special controlling provisions; prior actions or proceedings; new actions or proceedings

Except as otherwise expressly provided in this section, the provisions of part A shall be controlling with respect to any action or proceeding commenced prior to the date on which the provisions of this section as amended become effective [1] and the provisions of part B shall be controlling with respect to any action or proceeding commenced on or after such effective date. Any reference to this section or the provisions hereof in any action, proceeding, judgment, order, rule or agreement shall be deemed and construed to refer to either the provisions of part A or part B respectively and exclusively, determined as provided in this paragraph any inconsistent provision of law notwithstanding.

### PART A
### PRIOR ACTIONS OR PROCEEDINGS

Alimony, temporary and permanent. 1. Alimony. In any action or proceeding brought (1) during the lifetime of both parties to the marriage to annul a marriage or declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce, the court may direct either spouse to provide suitably for the support of the other as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of each spouse to be self supporting, the circumstances of the case and of the respective parties. Such direction may require the payment of a sum or sums of money either directly to either spouse or to third persons for real and personal property and services furnished to either spouse, or for the rental of or mortgage amortization or interest payments, insurance, taxes, repairs or other carrying charges on premises occupied by either spouse, or for both payments to either spouse and to such third persons. Such direction shall be effective as of the date of the application therefor, and any retroactive amount of alimony due shall be paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary alimony which has been paid. Such direction may be made in the final judgment in such action or proceeding, or by one or more orders from time to time before or subsequent to final judgment, or by both such order or orders and the final judgment. Such direction may be made notwithstanding that the parties continue to reside in the same abode and notwithstanding that the court refuses to grant the relief requested by either spouse (1) by reason of a finding by the court that a divorce, annulment or judgment declaring the marriage a nullity had

22

previously been granted to either spouse in an action in which jurisdiction over the person of the other spouse was not obtained, or (2) by reason of the misconduct of the other spouse, unless such misconduct would itself constitute grounds for separation or divorce, or (3) by reason of a failure of proof of the grounds of either spouse's action or counterclaim. Any order or judgment made as in this section provided may combine in one lump sum any amount payable to either spouse under this section with any amount payable to either spouse under section two hundred forty of this chapter. Upon the application of either spouse, upon such notice to the other party and given in such manner as the court shall direct, the court may annul or modify any such direction, whether made by order or by final judgment, or in case no such direction shall have been made in the final judgment may, with respect to any judgment of annulment or declaring the nullity of a void marriage rendered on or after September first, nineteen hundred forty or any judgment of separation or divorce whenever rendered, amend the judgment by inserting such direction. Subject to the provisions of section two hundred forty-four of this chapter, no such modification or annulment shall reduce or annul arrears accrued prior to the making of such application unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears. Such modification may increase such support nunc pro tunc based on newly discovered evidence.

2. Compulsory financial disclosure. In all matrimonial actions and proceedings commenced on or after September first, nineteen hundred seventy-five in supreme court in which alimony, maintenance or support is in issue and all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered. A sworn statement of net worth shall be provided upon receipt of a notice in writing demanding the same, within twenty days after the receipt thereof. In the event said statement is not demanded, it shall be filed by each party, within ten days after joinder of issue, in the court in which the procedure is pending. As used in this section, the term net worth shall mean the amount by which total assets including income exceed total liabilities including fixed financial obligations. It shall include all income and assets of whatsoever kind and nature and wherever situated and shall include a list of all assets transferred in any manner during the preceding three years, or the length of the marriage, whichever is shorter; provided, however that transfers in the routine course of business which resulted in an exchange of assets of substantially equivalent value need not be specifically disclosed where such assets are otherwise identified in the statement of net worth. Noncompliance shall be punishable by any or all of the penalties prescribed in section thirty-one hundred twenty-six of the civil practice law and rules, in examination before or during trial.

## PART B
## NEW ACTIONS OR PROCEEDINGS

Maintenance and distributive award. 1. Definitions. Whenever used in this part, the following terms shall have the respective meanings hereinafter set forth or indicated:

a. The term "maintenance" shall mean payments provided for in a valid agreement between the parties or awarded by the court in accordance with the provisions of subdivision six of this part, to be paid at fixed intervals for a definite or indefinite period of time, but an award of maintenance shall terminate upon the death of either party or upon the recipient's valid or invalid marriage, or upon modification pursuant to paragraph (b) of subdivision

nine of section two hundred thirty-six of this part or section two hundred forty-eight of this chapter.

b. The term "distributive award" shall mean payments provided for in a valid agreement between the parties or awarded by the court, in lieu of or to supplement, facilitate or effectuate the division or distribution of property where authorized in a matrimonial action, and payable either in a lump sum or over a period of time in fixed amounts. Distributive awards shall not include payments which are treated as ordinary income to the recipient under the provisions of the United States Internal Revenue Code.

c. The term "marital property" shall mean all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement pursuant to subdivision three of this part. Marital property shall not include separate property as hereinafter defined.

d. The term separate property shall mean:

(1) property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse;

(2) compensation for personal injuries;

(3) property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse;

(4) property described as separate property by written agreement of the parties pursuant to subdivision three of this part.

e. The term "custodial parent" shall mean a parent to whom custody of a child or children is granted by a valid agreement between the parties or by an order or decree of a court.

f. The term "child support" shall mean a sum paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education of any unemancipated child under the age of twenty-one years.

2. Matrimonial actions. Except as provided in subdivision five of this part, the provisions of this part shall be applicable to actions for an annulment or dissolution of a marriage, for a divorce, for a separation, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce, for a declaration of the validity or nullity of a marriage, and to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce, commenced on and after the effective date of this part. Any application which seeks a modification of a judgment, order or decree made in an action commenced prior to the effective date of this part shall be heard and determined in accordance with the provisions of part A of this section.

3. Agreement of the parties. An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded. Notwithstanding any other provision of law, an acknowledgment of an agreement made before marriage may be executed before any person authorized to solemnize a marriage pursuant to subdivisions one, two and three of section eleven of this chapter. Such an agreement may include (1) a contract to make a testamentary provision of any kind, or a waiver of any right to elect against the provisions of a will; (2) provision for the ownership, division or distribution of separate and marital property; (3) provision for the amount and duration of

maintenance or other terms and conditions of the marriage relationship, subject to the provisions of section 5-311 of the general obligations law, and provided that such terms were fair and reasonable at the time of the making of the agreement and are not unconscionable at the time of entry of final judgment; and (4) provision for the custody, care, education and maintenance of any child of the parties, subject to the provisions of section two hundred forty of this article. Nothing in this subdivision shall be deemed to affect the validity of any agreement made prior to the effective date of this subdivision.

4. Compulsory financial disclosure. a. In all matrimonial actions and proceedings in which alimony, maintenance or support is in issue, there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered. A sworn statement of net worth shall be provided upon receipt of a notice in writing demanding the same, within twenty days after the receipt thereof. In the event said statement is not demanded, it shall be filed with the clerk of the court by each party, within ten days after joinder of issue, in the court in which the proceeding is pending. As used in this part, the term "net worth" shall mean the amount by which total assets including income exceed total liabilities including fixed financial obligations. It shall include all income and assets of whatsoever kind and nature and wherever situated and shall include a list of all assets transferred in any manner during the preceding three years, or the length of the marriage, whichever is shorter; provided, however that transfers in the routine course of business which resulted in an exchange of assets of substantially equivalent value need not be specifically disclosed where such assets are otherwise identified in the statement of net worth. All such sworn statements of net worth shall be accompanied by a current and representative paycheck stub and the most recently filed state and federal income tax returns including a copy of the W-2(s) wage and tax statement(s) submitted with the returns. In addition, both parties shall provide information relating to any and all group health plans available to them for the provision of care or other medical benefits by insurance or otherwise for the benefit of the child or children for whom support is sought, including all such information as may be required to be included in a qualified medical child support order as defined in section six hundred nine of the employee retirement income security act of 1974 (29 USC 1169) including, but not limited to: (i) the name and last known mailing address of each party and of each dependent to be covered by the order; (ii) the identification and a description of each group health plan available for the benefit or coverage of the disclosing party and the child or children for whom support is sought; (iii) a detailed description of the type of coverage available from each group health plan for the potential benefit of each such dependent; (iv) the identification of the plan administrator for each such group health plan and the address of such administrator; (v) the identification numbers for each such group health plan; and (vi) such other information as may be required by the court. Noncompliance shall be punishable by any or all of the penalties prescribed in section thirty-one hundred twenty-six of the civil practice law and rules, in examination before or during trial.

b. As soon as practicable after a matrimonial action has been commenced, the court shall set the date or dates the parties shall use for the valuation of each asset. The valuation date or dates may be anytime from the date of commencement of the action to the date of trial.

5. Disposition of property in certain matrimonial actions. a. Except where the parties have provided in an agreement for the disposition of their property pursuant to subdivision three of this part, the court, in an action wherein all or part of the relief granted is divorce, or the dissolution, annulment or declaration of the nullity of a marriage, and in proceedings to

obtain a distribution of marital property following a foreign judgment of divorce, shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.

b. Separate property shall remain such.

c. Marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties.

d. In determining an equitable disposition of property under paragraph c, the court shall consider:

(1) the income and property of each party at the time of marriage, and at the time of the commencement of the action;

(2) the duration of the marriage and the age and health of both parties;

(3) the need of a custodial parent to occupy or own the marital residence and to use or own its household effects;

(4) the loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution;

(5) any award of maintenance under subdivision six of this part;

(6) any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party;

(7) the liquid or non-liquid character of all marital property;

(8) the probable future financial circumstances of each party;

(9) the impossibility or difficulty of evaluating any component asset or any interest in a business, corporation or profession, and the economic desirability of retaining such asset or interest intact and free from any claim or interference by the other party;

(10) the tax consequences to each party;

(11) the wasteful dissipation of assets by either spouse;

(12) any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration;

(13) any other factor which the court shall expressly find to be just and proper.

e. In any action in which the court shall determine that an equitable distribution is appropriate but would be impractical or burdensome or where the distribution of an interest in a business, corporation or profession would be contrary to law, the court in lieu of such equitable distribution shall make a distributive award in order to achieve equity between the parties. The court in its discretion, also may make a distributive award to supplement, facilitate or effectuate a distribution of marital property.

f. In addition to the disposition of property as set forth above, the court may make such order regarding the use and occupancy of the marital home and its household effects as provided in section two hundred thirty-four of this chapter, without regard to the form of ownership of such property.

g. In any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel.

h. In any decision made pursuant to this subdivision the court shall, where appropriate, consider the effect of a barrier to remarriage, as defined in

26

DOMESTIC RELATIONS LAW § 236

subdivision six of section two hundred fifty-three of this article, on the factors enumerated in paragraph d of this subdivision.

6. Maintenance. a. Except where the parties have entered into an agreement pursuant to subdivision three of this part providing for maintenance, in any matrimonial action the court may order temporary maintenance or maintenance in such amount as justice requires, having regard for the standard of living of the parties established during the marriage, whether the party in whose favor maintenance is granted lacks sufficient property and income to provide for his or her reasonable needs and whether the other party has sufficient property or income to provide for the reasonable needs of the other and the circumstances of the case and of the respective parties. Such order shall be effective as of the date of the application therefor, and any retroactive amount of maintenance due shall be paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary maintenance which has been paid. In determining the amount and duration of maintenance the court shall consider:

(1) the income and property of the respective parties including marital property distributed pursuant to subdivision five of this part;

(2) the duration of the marriage and the age and health of both parties;

(3) the present and future earning capacity of both parties;

(4) the ability of the party seeking maintenance to become self-supporting and, if applicable, the period of time and training necessary therefor;

(5) reduced or lost lifetime earning capacity of the party seeking maintenance as a result of having foregone or delayed education, training, employment, or career opportunities during the marriage;

(6) the presence of children of the marriage in the respective homes of the parties;

(7) the tax consequences to each party;

(8) contributions and services of the party seeking maintenance as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party;

(9) the wasteful dissipation of marital property by either spouse;

(10) any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration; and

(11) any other factor which the court shall expressly find to be just and proper.

b. In any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel.

c. The court may award permanent maintenance, but an award of maintenance shall terminate upon the death of either party or upon the recipient's valid or invalid marriage, or upon modification pursuant to paragraph (b) of subdivision nine of section two hundred thirty-six of this part or section two hundred forty-eight of this chapter.

d. In any decision made pursuant to this subdivision the court shall, where appropriate, consider the effect of a barrier to remarriage, as defined in subdivision six of section two hundred fifty-three of this article, on the factors enumerated in paragraph a of this subdivision.

7. Child Support. a. In any matrimonial action, or in an independent action for child support, the court as provided in section two hundred forty of this chapter shall order either or both parents to pay temporary child support or child support without requiring a showing of immediate or emergency need.

27

The court shall make an order for temporary child support notwithstanding that information with respect to income and assets of either or both parents may be unavailable. Where such information is available, the court may make an order for temporary child support pursuant to section two hundred forty of this article. Such order shall, except as provided for herein, be effective as of the date of the application therefor, and any retroactive amount of child support due shall be support arrears/past due support and shall be paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary child support which has been paid. In addition, such retroactive child support shall be enforceable in any manner provided by law including, but not limited to, an execution for support enforcement pursuant to subdivision (b) of section fifty-two hundred forty-one of the civil practice law and rules. When a child receiving support is a public assistance recipient, or the order of support is being enforced or is to be enforced pursuant to section one hundred eleven-g of the social services law, the court shall establish the amount of retroactive child support and notify the parties that such amount shall be enforced by the support collection unit pursuant to an execution for support enforcement as provided for in subdivision (b) of section fifty-two hundred forty-one of the civil practice law and rules, or in such periodic payments as would have been authorized had such an execution been issued. In such case, the court shall not direct the schedule of repayment of retroactive support. The court shall not consider the misconduct of either party but shall make its award for child support pursuant to section two hundred forty of this article.

b. Notwithstanding any other provision of law, any written application or motion to the court for the establishment of a child support obligation for persons not in receipt of family assistance must contain either a request for child support enforcement services which would authorize the collection of the support obligation by the immediate issuance of an income execution for support enforcement as provided for by this chapter, completed in the manner specified in section one hundred eleven-g of the social services law; or a statement that the applicant has applied for or is in receipt of such services; or a statement that the applicant knows of the availability of such services, has declined them at this time and where support enforcement services pursuant to section one hundred eleven-g of the social services law have been declined that the applicant understands that an income deduction order may be issued pursuant to subdivision (c) of section five thousand two hundred forty-two of the civil practice law and rules without other child support enforcement services and that payment of an administrative fee may be required. The court shall provide a copy of any such request for child support enforcement services to the support collection unit of the appropriate social services district any time it directs payments to be made to such support collection unit. Additionally, the copy of any such request shall be accompanied by the name, address and social security number of the parties; the date and place of the parties' marriage; the name and date of birth of the child or children; and the name and address of the employers and income payors of the party from whom child support is sought. Unless the party receiving child support has applied for or is receiving such services, the court shall not direct such payments to be made to the support collection unit, as established in section one hundred eleven-h of the social services law.

c. The court shall direct that a copy of any child support or combined child and spousal support order issued by the court on or after the first day of October, nineteen hundred ninety-eight, in any proceeding under this section be provided promptly to the state case registry established pursuant to subdivision four-a of section one hundred eleven-b of the social services law.

nake an order for temporary child support notwithstanding with respect to income and assets of either or both parents le. Where such information is available, the court may make ıorary child support pursuant to section two hundred forty of ı order shall, except as provided for herein, be effective as of application therefor, and any retroactive amount of child be support arrears/past due support and shall be paid in one ıms, as the court shall direct, taking into account any amount d support which has been paid. In addition, such retroactive ll be enforceable in any manner provided by law including, ı, an execution for support enforcement pursuant to subdivin fifty-two hundred forty-one of the civil practice law and ıild receiving support is a public assistance recipient, or the s being enforced or is to be enforced pursuant to section one : of the social services law, the court shall establish the tive child support and notify the parties that such amount by the support collection unit pursuant to an execution for ıent as provided for in subdivision (b) of section fifty-two e of the civil practice law and rules, or in such periodic ld have been authorized had such an execution been issued. court shall not direct the schedule of repayment of retroac- court shall not consider the misconduct of either party but ard for child support pursuant to section two hundred forty

ıding any other provision of law, any written application or ırt for the establishment of a child support obligation for :eipt of family assistance must contain either a request for rcement services which would authorize the collection of the ı by the immediate issuance of an income execution for ent as provided for by this chapter, completed in the manner ın one hundred eleven-g of the social services law; or a e applicant has applied for or is in receipt of such services; ıt the applicant knows of the availability of such services, has this time and where support enforcement services pursuant ıdred eleven-g of the social services law have been declined understands that an income deduction order may be issued vision (c) of section five thousand two hundred forty-two of law and rules without other child support enforcement payment of an administrative fee may be required. The e a copy of any such request for child support enforcement ıport collection unit of the appropriate social services district ts payments to be made to such support collection unit. opy of any such request shall be accompanied by the name, security number of the parties; the date and place of the the name and date of birth of the child or children; and the s of the employers and income payors of the party from rt is sought. Unless the party receiving child support has receiving such services, the court shall not direct such ade to the support collection unit, as established in section n-h of the social services law.

ıll direct that a copy of any child support or combined child ırt order issued by the court on or after the first day of hundred ninety-eight, in any proceeding under this section ıptly to the state case registry established pursuant to of section one hundred eleven-b of the social services law.

8. Special relief in matrimonial actions. a. In any matrimonial action the court may order a party to purchase, maintain or assign a policy of insurance providing benefits for health and hospital care and related services for either spouse or children of the marriage not to exceed such period of time as such party shall be obligated to provide maintenance, child support or make payments of a distributive award. The court may also order a party to purchase, maintain or assign a policy of accident insurance or insurance on the life of either spouse, and to designate in the case of life insurance, either spouse or children of the marriage, or in the case of accident insurance, the insured spouse as irrevocable beneficiaries during a period of time fixed by the court. The obligation to provide such insurance shall cease upon the termination of the spouse's duty to provide maintenance, child support or a distributive award. A copy of such order shall be served, by registered mail, on the home office of the insurer specifying the name and mailing address of the spouse or children, provided that failure to so serve the insurer shall not effect the validity of the order.

b. In any action where the court has ordered temporary maintenance, maintenance, distributive award or child support, the court may direct that a payment be made directly to the other spouse or a third person for real and personal property and services furnished to the other spouse, or for the rental or mortgage amortization or interest payments, insurances, taxes, repairs or other carrying charges on premises occupied by the other spouse, or for both payments to the other spouse and to such third persons. Such direction may be made notwithstanding that the parties continue to reside in the same abode and notwithstanding that the court refuses to grant the relief requested by the other spouse.

c. Any order or judgment made as in this section provided may combine any amount payable to either spouse under this section with any amount payable to such spouse as child support or under section two hundred forty of this chapter.

9. Enforcement and modification of orders and judgments in matrimonial actions.

a. All orders or judgments entered in matrimonial actions shall be enforceable pursuant to section fifty-two hundred forty-one or fifty-two hundred forty-two of the civil practice law and rules, or in any other manner provided by law. Orders or judgments for child support, alimony and maintenance shall also be enforceable pursuant to article fifty-two of the civil practice law and rules upon a debtor's default as such term is defined in paragraph seven of subdivision (a) of section fifty-two hundred forty-one of the civil practice law and rules. The establishment of a default shall be subject to the procedures established for the determination of a mistake of fact for income executions pursuant to subdivision (e) of section fifty-two hundred forty-one of the civil practice law and rules. For the purposes of enforcement of child support orders or combined spousal and child support orders pursuant to section five thousand two hundred forty-one of the civil practice law and rules, a "default" shall be deemed to include amounts arising from retroactive support. The court may, and if a party shall fail or refuse to pay maintenance, distributive award or child support the court shall, upon notice and an opportunity to the defaulting party to be heard, require the party to furnish a surety, or the sequestering and sale of assets for the purpose of enforcing any award for maintenance, distributive award or child support and for the payment of reasonable and necessary attorney's fees and disbursements.

b. Upon application by either party, the court may annul or modify any prior order or judgment as to maintenance or child support, upon a showing of the recipient's inability to be self-supporting or a substantial change in

circumstance or termination of child support awarded pursuant to section two hundred forty of this article, including financial hardship. Where, after the effective date of this part, a separation agreement remains in force no modification of a prior order or judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party, in which event the judgment or order as modified shall supersede the terms of the prior agreement and judgment for such period of time and under such circumstances as the court determines. Provided, however, that no modification or annulment shall reduce or annul any arrears of child support which have accrued prior to the date of application to annul or modify any prior order or judgment as to child support. The court shall not reduce or annul any arrears of maintenance which have been reduced to final judgment pursuant to section two hundred forty-four of this chapter. No other arrears of maintenance which have accrued prior to the making of such application shall be subject to modification or annulment unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears and the facts and circumstances constituting good cause are set forth in a written memorandum of decision. Such modification may increase maintenance or child support nunc pro tunc as of the date of application based on newly discovered evidence. Any retroactive amount of maintenance, or child support due shall, except as provided for herein, be paid in one sum or periodic sums, as the court directs, taking into account any temporary or partial payments which have been made. Any retroactive amount of child support due shall be support arrears/past due support. In addition, such retroactive child support shall be enforceable in any manner provided by law including, but not limited to, an execution for support enforcement pursuant to subdivision (b) of section fifty-two hundred forty-one of the civil practice law and rules. When a child receiving support is a public assistance recipient, or the order of support is being enforced or is to be enforced pursuant to section one hundred eleven-g of the social services law, the court shall establish the amount of retroactive child support and notify the parties that such amount shall be enforced by the support collection unit pursuant to an execution for support enforcement as provided for in subdivision (b) of section fifty-two hundred forty-one of the civil practice law and rules, or in such periodic payments as would have been authorized had such an execution been issued. In such case, the court shall not direct the schedule of repayment of retroactive support. The provisions of this subdivision shall not apply to a separation agreement made prior to the effective date of this part.

c. Notwithstanding any other provision of law, any written application or motion to the court for the modification or enforcement of a child support or combined maintenance and child support order for persons not in receipt of family assistance must contain either a request for child support enforcement services which would authorize the collection of the support obligation by the immediate issuance of an income execution for support enforcement as provided for by this chapter, completed in the manner specified in section one hundred eleven-g of the social services law; or a statement that the applicant has applied for or is in receipt of such services; or a statement that the applicant knows of the availability of such services, has declined them at this time and where support enforcement services pursuant to section one hundred eleven-g of the social services law have been declined that the applicant understands that an income deduction order may be issued pursuant to subdivision (c) of section five thousand two hundred forty-two of the civil practice law and rules without other child support enforcement services and that payment of an administrative fee may be required. The court shall provide a copy of any such request for child support enforcement services to

DOMESTIC RELATIONS LAW § 236

the support collection unit of the appropriate social services district any time it directs payments to be made to such support collection unit. Additionally, the copy of such request shall be accompanied by the name, address and social security number of the parties; the date and place of the parties' marriage; the name and date of birth of the child or children; and the name and address of the employers and income payors of the party ordered to pay child support to the other party. Unless the party receiving child support or combined maintenance and child support has applied for or is receiving such services, the court shall not direct such payments to be made to the support collection unit, as established in section one hundred eleven-h of the social services law.

d. The court shall direct that a copy of any child support or combined child and spousal support order issued by the court on or after the first day of October, nineteen hundred ninety-eight, in any proceeding under this section be provided promptly to the state case registry established pursuant to subdivision four-a of section one hundred eleven-b of the social services law.

(Added L.1962, c. 313, § 10; amended L.1963, c. 685, § 6; L.1968, c. 699, § 1; L.1980, c. 281, § 9; L.1980, c. 645, §§ 2, 3; L.1981, c. 695, §§ 1, 2; L.1984, c. 790, § 2; L.1985, c. 809, § 6; L.1986, c. 884, §§ 1 to 4; L.1986, c. 892, §§ 2 to 4; L.1987, c. 815, §§ 6, 7; L.1989, c. 567, §§ 4, 5; L.1990, c. 818, §§ 4, 5; L.1992, c. 41, §§ 139, 140; L.1992, c. 415, §§ 1, 2; L.1993, c. 59, § 9; L.1993, c. 354, § 2; L.1994, c. 170, §§ 359, 360; L.1997, c. 398, §§ 4, 5, eff. Oct. 1, 1998; L.1997, c. 398, § 141, eff. Jan. 1, 1998; L.1997, c. 436, pt. B, §§ 105, 106, eff. Aug. 20, 1997; L.1998, c. 214, § 56, eff. Nov. 4, 1998; L.1998, c. 393, § 2, eff. July 22, 1998; L.1999, c. 275, § 2, eff. Sept. 18, 1999; L.2003, c. 595, § 1, eff. Sept. 22, 2003.)

[1] July 19, 1980.

### Historical and Statutory Notes

**L.2003, c. 595 legislation**

Part B, subd. 3. L.2003, c. 595, § 1, inserted the second sentence relating to an acknowledgment of an agreement made before marriage; and near the end of the subdivision, substituted "article" for "chapter".

L.2003, c. 595, § 2, provides:

"§ 2. This act shall take effect immediately and shall apply to all matrimonial actions commenced on or after such date."

### Supplementary Practice Commentaries
### By Alan D. Scheinkman
### 2007

C236B:4: Marital Property—Generally
C236B:6A Marital Property—Avoiding Overlap Between Practice and License Awards
C236B:7 Marital Property—Pension and Retirement Benefits
C236B8: Separate Property—Generally
C236B:11: Opting Out Agreements—Generally
C236B:12: Opting Out Agreements—The Formalities
C236B:20: Disclosure Generally
C236B:22: Disclosure in Actions to Rescind Agreements
C236B:26: Valuation Dates and Proof
C236B:41: Tax Considerations of Maintenance Awards
C236B:43: Health and Life Insurance

**C236B:4: Marital Property—Generally**

In *Iwanow v. Iwanow*, 39 A.D.3d 471, 834 N.Y.S.2d 247 (2d Dept. 2007), the court ruled that the commencement date of an earlier, discontinued divorce action would not serve to cut-off the acquisition of marital property for purposes of a divorce action brought in 2004, 14 years later. The wife

31