United States District Court
Southern District of New York
-----------------------------------------------------x
Toehl Harding,

                Plaintiff,

-against-

David Naseman,

                Defendant
-----------------------------------------------------x

Hon. Robert P. Patterson
07 Civ. 08767 (RPP)

**REPLY DECLARATION OF DAN ROTTENSTREICH**

Dan Rottenstreich hereby declares under the penalties of perjury pursuant to 28 U.S.C § 1746:

1. I am a member of Rottenstreich & Ettinger LLP, a newly formed law firm. Prior to founding Rottenstreich & Ettinger LLP in June 2008, I was senior counsel to Cohen Lans LLP, attorneys for defendant David Naseman ("Naseman"). I personally worked on this matter on behalf of Mr. Naseman when I was employed by Cohen Lans.

2. I submit this declaration in further support of Mr. Naseman's motion for summary judgment. Specifically, I submit this declaration to address some of the allegations made by plaintiff and her counsel in support of plaintiff's attempt to disavow a binding settlement agreement.

3. At the preliminary conference before the Court held on January 10, 2008, I met with opposing counsel, Peter Schalk, before the conference began and specifically discussed with him the motion for summary judgment we intended to file. I specifically mentioned to him that the case had settled under basic principles of contract law because an offer was made and accepted. Mr. Schalk expressed his disagreement with our positions, including our position that the case settled, and we simply agreed to disagree and let the Court decide the issues. The only question was when would we file our dispositive motion.

4.  When the conference began, one of the first things the Court said was that it thought the case had settled based upon a letter it had received. (I am not able to provide direct quotations, because the conference was not transcribed, but the foregoing and everything contained herein is based upon my specific recollection as to what was said that day.) I stood up and immediately expressed "agreement" with the Court, explicitly stating that we too believed the case had settled and made the specific point of saying that would now be another argument in our forthcoming motion for summary judgment. The Court quickly said it did not want to hear about settlement discussions (because it would have to recuse itself), and we left it at that. The conversation then turned to the timing of our dispositive motion.

5.  I represented that we would file the motion immediately (i.e., in two to three weeks) if the Court stayed discovery so that the parties would not waste time and money, given the strength of our motion. The Court initially agreed to stay discovery while the motion was pending, but Mr. Schalk opposed the stay, arguing that his client was defrauded, etc. In the end, the Court determined that, because of the nature of the allegations against Mr. Naseman, it would allow discovery. The Court then addressed the issue of the timing of our forthcoming motion. Specifically, the Court stated that if we filed a motion for summary judgment before discovery was complete, we would not have another chance to file a motion for summary judgment at the end of discovery – i.e., we would not get "another bite at the apple." Based upon that admonishment, we determined to wait until plaintiff had completed her discovery to file our motion for summary judgment, which every one then knew would include an argument based upon the settlement agreement that had been reached.

6.  It is disingenuous for opposing counsel to now state, under oath, that plaintiff was and is somehow prejudiced by the argument that this case had settled. I urged the Court to grant a stay *precisely* so that no one would waste time and money litigating this case because we had

2

strong dispositive arguments available to us, including that the parties had settled the case. It was plaintiff's counsel, Peter Schalk, who opposed the stay, with actual knowledge that the motion would be filed and that we were taking the position that the case had settled. Plaintiff has no one to blame therefore for incurring costs as her representatives opposed our request to stay discovery while the Court decided our motion for summary judgment that contained several dispositive arguments, including that the case had already settled.

7. I also take exception to opposing counsel's claim that no settlement could have been reached because plaintiff did not want to release any claim she might have had against Mr. Naseman's prior attorneys and because Mr. Naseman wanted plaintiff to reaffirm the Property Settlement Agreement ("PSA"). First, the offer that was communicated by opposing counsel to Mr. Naseman was clear and unequivocal: each party walks-away from their claims against one another. That is the offer that was accepted as of December 19, 2007, with no additional terms included. Second, I never heard a *single* word from anyone representing plaintiff to the effect that she wanted to preserve a claim against Mr. Naseman's former counsel. The first time I heard this assertion was when I read it in plaintiff's counsel's declarations opposing summary judgment. As for Mr. Naseman's request that plaintiff reaffirm the PSA, that, too, was something that was never discussed with me as an "issue" or raised as an objection to the mutual general release I circulated.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 7 day of July, 2008.

_____
Dan Rottenstreich

3