UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOEHL HARDING,                                :
                                                            Hon. Robert P. Patterson
                       *Plaintiff,*       :

                                                           07-CV-08767(RPP)
        – against –     :

DAVID NASEMAN,                     :

                     *Defendant.*     :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO DISMISS

JUDD BURSTEIN, P.C.,
1790 Broadway, Suite 1501
New York, New York 10019
Tel.: 212-974-2400
Fax: 212-974-2944

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT; STATEMENT OF FACTS;
AND RELEVANT PROCEDURAL HISTORY ..................................... 1

    A.    Brief Factual Background ........................................... 2

    B.    Relevant Procedural History ........................................ 3

ARGUMENT .............................................................. 4

POINT I

THE CLAIM FOR ATTORNEYS' FEES SHOULD BE
DISMISSED AS A MATTER OF LAW ........................................ 4

    A.    Standard of Review ................................................ 4

    B.    Defendant is Not Entitled to Attorneys'
          Fees Under PSA Article 15, ¶ 3 ..................................... 5

CONCLUSION ............................................................ 9

# TABLE OF AUTHORITIES

<u>CASES</u>

*ATSI Comm., Inc. v. Shaar*,
    493 F.3d 87 (2d Cir. 2007) ................................................. 5

*Burnette v. Carothers*,
    192 F.3d 52 (2d Cir. 1999) ................................................. 4

*Clearview Concrete Products Corp. v. S. Charles Gherardi, Inc.*,
    88 A.D.2d 461, 453 N.Y.S.2d 750 (2d Dep't 1982) ................................ 6

*Davis Acoustical Corp. v. Hanover Insurance Co.*,
    22 A.D.2d 843, 254 N.Y.S.2d 14 (3d Dep't 1964) ................................ 7

*Feguson v. Lion Holdings, Inc.*,
    312 F.Supp.2d 484 (S.D.N.Y. 2004) ........................................... 6

*Hooper Assocs., Ltd. v. AGS Computers, Inc.*,
    74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989) ...................................... 7

*Ladenburg Thalmann & Co. v. Imaging Diagnostic Systems, Inc.*,
    176 F.Supp.2d 199 (S.D.N.Y.2001) ........................................... 6

*S.E.C. v. Collins & Aikman Corp.*,
    524 F.Supp.2d 477 (S.D.N.Y. 2007) ........................................... 4

*Slotkin v. Citizens Cas.*,
    614 F.2d 301 (2d Cir.1979) ................................................. 6

*Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co.*,
    263 F.3d 26 (2d Cir. 2001) ................................................. 6

*Turkish v. Kasenetz*,
    27 F.3d 23 (2d Cir.1994) ................................................... 6

<u>STATUTES</u>

Fed.R.Civ.P. 12 ............................................................... 1,4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOEHL HARDING,                                              :
                                                            :     Hon. Robert P. Patterson
                *Plaintiff,*                                :
                                                            :     07-CV-08767(RPP)
      – against –                                    :
                                                            :
DAVID NASEMAN,                                              :
                                                            :
                *Defendant.*                                :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO DISMISS

Plaintiff Toehl Harding ("Plaintiff" or "Harding"), respectfully submits this Memorandum of Law: (a) in support of her motion pursuant to Fed.R.Civ.P. 12(c) to dismiss the counterclaim of defendant David Naseman ("Defendant" or "Naseman"), in so far as it seeks attorneys' fees under Article 15, ¶ 3, of the parties' Property Settlement Agreement ("PSA") at issue in this litigation; together with (b) such other and further relief as this Court deems just and proper.

### PRELIMINARY STATEMENT; STATEMENT OF FACTS;
### AND RELEVANT PROCEDURAL HISTORY

In this litigation, Plaintiff has sued to recover for Naseman's fraud committed in connection with the negotiation and execution of the PSA, which addressed the distribution of the parties' marital estate attendant to their 1993 divorce. In response to Harding's suit, Naseman has counterclaimed for, *inter alia*, attorneys' fees under Article 15, ¶ 3, of the PSA. (A true and accurate copy of the PSA is Ex. A to the accompanying August 1, 2008 Declaration of Peter B. Schalk [the "Schalk Dec."]).[1] However, the PSA's attorneys' fees provision only applies to litigations where a party seeks rescission of the PSA. Harding has not sued for rescission, and so the attorneys' fees

---

[1] All exhibits referenced herein are attached to the Schalk Dec.

provision contained in Article 15, ¶ 3, is inapplicable. As such, the counterclaim should be dismissed in so far as it seeks attorneys' fees under Article 15, ¶ 3, of the PSA.

## A. Brief Factual Background

In Fall of 1992, Naseman informed Harding that he wanted a divorce and moved to Nevada to establish a local residency. (*See* Ex. B, a true and accurate copy of the Complaint, at ¶ 10). The parties retained respective counsel and began negotiating a potential settlement agreement. In connection with the settlement negotiations, Harding requested financial disclosure. In particular, Harding requested, *inter alia*: (a) information concerning Naseman's bank accounts and their balances; (b) identification of all of Naseman's investments; and (c) the parties' tax returns for the five (5) preceding years. *Id.* at ¶¶ 11-12.

During the course of his financial disclosure, however, Naseman fraudulently concealed millions of dollars in marital income and assets from Harding, including the proceeds from a 1990 exercise of stock options he received from his employer at the time, LIN Broadcasting, that Naseman had kept hidden from his wife. *Id.* at ¶ 13. Naseman accomplished this fraud by failing to turn over the parties' actual 1990 tax returns as part of the financial disclosure that he did provide in connection with the negotiation of the PSA. Harding thus never saw the parties' actual completed 1990 tax returns,[2] which showed joint income of $5,561,728.19 (the "$5 Million Return"). Rather, as part of his supposed financial disclosure in aid of settlement, Naseman produced an affirmatively falsified 1990 tax return showing only $1,323,916.85 in joint income (the "$1 Million Return"). In

---

[2] Harding similarly did not see the completed 1990 tax returns when they were actually filed back in 1991. This is so, because Naseman would ask Harding to sign tax returns in blank, ostensibly so that he could file them if Harding was away on business. (Ex. B, the Complaint, at ¶¶ 7-8).

particular, the fraudulent tax return Naseman provided to Harding excluded the 1990 proceeds from the LIN stock options, which Naseman had hidden away in secret accounts. *Id.* at ¶¶ 16-20.

In reasonable reliance upon Naseman's having knowingly and materially misrepresented the value of the parties' marital estate, in or around May 1993, Harding entered into the PSA. *Id.* at ¶¶ 27-30.

In June 1993, less than two months after Harding and Naseman's divorce became final, Naseman married Marcia Bothe ("Bothe"). *Id.* at ¶ 31. In early 2006, Bothe sent Harding the $1 Million Return and the $5 Million Return as well as other incriminating documents. Prior to receiving this information, Harding had been reasonably unaware of Naseman's fraudulent conduct concerning the distribution of their marital assets and the negotiation of the PSA in particular. *Id.* at ¶¶ 39, 43.

### B.   Relevant Procedural History

On January 12, 2007, Harding filed a First Amended Complaint in this action in the Second Judicial District Court of the State of Nevada. (Ex. B). On or about February 13, 2007, Naseman removed the litigation to the United States District Court for the District of Nevada. (*See* Ex. C, a true and accurate copy of the Docket in the Nevada federal litigation, at Entry No. 1). Following removal, on or about March 1, 2007, Naseman moved to dismiss, or in the alternative, to transfer the litigation to this Court. *Id.* at Entry No. 8 The motion was granted in part and denied in part by way of an Order entered on or about October 3, 2007, which directed the Clerk of the Court to take steps to transfer the litigation to the United States District Court for the Southern District of New York. *Id.* at Entry No. 11. On December 7, 2007, Naseman filed an Answer with Counterclaim. (Ex. D is a true and accurate copy of the Answer with Counterclaim). The Counterclaim seeks, *inter alia*,

attorneys' fees pursuant to Article 15, ¶ 3 of the PSA. *Id.* at ¶¶ 8-13. Plaintiff's Reply to Defendant's Counterclaim was filed on January 2, 2008. (Ex. E is a true and accurate copy of Plaintiff's Reply).

**ARGUMENT**

**POINT I**

**THE CLAIM FOR ATTORNEYS' FEES SHOULD BE DISMISSED AS A MATTER OF LAW**

A.   **Standard of Review**

The standard of review governing a motion to dismiss under Fed.R.Civ.P. 12(c) is the same as the one used to decide a Rule 12(b)(6) motion.[3] As discussed in *S.E.C. v. Collins & Aikman Corp.*, 524 F.Supp.2d 477, 483-484 (S.D.N.Y. 2007) (Scheindlin, D.J.):

> When deciding a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party[ ]. Nevertheless, the court need not accord legal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness.
>
> In deciding a motion to dismiss, the court is not limited to the face of the complaint, but may also consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit. However, before materials outside the record may become the basis for a dismissal ... it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.

* * *

---

[3] *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)....") (citation omitted).

> The standard is no longer that a complaint can be dismissed only if there us no set of facts that plaintiff could prove which would entitle him to relief. Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"

(quoting *ATSI Comm., Inc. v. Shaar*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, No. 05-1126, __ U.S. __, 127 S.Ct. 1955, 1965 (May 21, 2007) (some citations, footnotes, and internal quotes omitted).

### B.  Defendant is Not Entitled to Attorneys' Fees Under PSA Article 15, ¶ 3

Naseman has counterclaimed for, *inter alia*, attorneys' fees pursuant to Article 15, ¶ 3, of the PSA. (*See* Ex. D, Defendant's Answer and Counterclaim, at p. 15, ¶ 8, quoting this Paragraph, and in Subsection "d" of the Wherefore Clause where Naseman seeks judgment thereon). However, Article 15, ¶ 3, of the PSA only applies to claims for rescission, providing as follows:

> If either party by any action, proceeding, defense, counterclaim or otherwise, seeks to vacate or set aside this Agreement or declare any of the terms and conditions to be invalid, void or against public policy, for any reason, including but not limited to fraud, duress, incompetency, overreaching or unconscionability, said party shall reimburse the other party and be liable for any and all of such party's reasonable attorney's fees and expenses, provided and to the extent that such action, proceeding, counterclaim or defense results in a settlement, decision, judgment, decree or order dismissing or rejecting said claims.

(Ex. A at p. 15).

Thus, by its express terms, this provision only allows for an award of attorneys' fees when a party successfully defends against an attempt "to vacate or set aside this Agreement or declare any of the terms and conditions to be invalid, void or against public policy, for any reason...." *Id.* The language concerning "fraud, duress, incompetency, [etc.]" simply serves to give examples of grounds by which a party could seek rescission. *Id.*

5

Harding, however, has not sued for rescission. Rather, the Complaint asserts claims for relief sounding in fraudulent misrepresentation (First Claim for Relief); negligent misrepresentation (Second Claim for Relief); fraudulent concealment (Third Claim for Relief); breach of fiduciary duty (Fourth Claim for Relief); breach of contract (Fifth Claim for Relief); breach of the implied covenant of good faith and fair dealing (Sixth Claim for Relief); tortious breach of the implied covenant of good faith and fair dealing (Seventh Claim for Relief); unjust enrichment (Eighth Claim for Relief); conversion (Ninth Claim for Relief); constructive trust (Tenth Claim for Relief); fraud on the court (Eleventh Claim for Relief); and constructive fraud (Twelfth Claim for Relief). (Ex. B *passim*).

Under New York Law, which governs the PSA (*see* Ex. A at p. 34), a plaintiff induced to enter an agreement by fraud is not limited to the remedy of rescission:

> A contract procured by fraud is not void, but voidable. *See Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co.*, 263 F.3d 26, 32-33 (2d Cir. 2001) (discussing void versus voidable contracts); Restatement (Second) of Contracts, § 164. "Faced with a voidable contract induced by fraud, the defrauded party has the option to either disaffirm or affirm the contract." *Ladenburg Thalmann & Co. v. Imaging Diagnostic Systems, Inc.*, 176 F.Supp.2d 199, 204 (S.D.N.Y.2001); *see Turkish v. Kasenetz*, 27 F.3d 23, 28 (2d Cir.1994) (Lumbard, J.) ("A party who has been fraudulently induced to settle a claim may either (1) rescind the settlement or (2) ratify the settlement, retain the proceeds, and institute an action to recover fraud damages." (citing *Slotkin v. Citizens Cas.*, 614 F.2d 301, 312 (2d Cir.1979))); *Clearview Concrete Products Corp. v. S. Charles Gherardi, Inc.*, 88 A.D.2d 461, 453 N.Y.S.2d 750, 754 (2d Dep't 1982) ("Upon discovering fraud, a purchaser may tender return of the property and seek rescission or he may retain the property and seek recovery of damages deriving from the fraud.").

*Feguson v. Lion Holdings, Inc.*, 312 F.Supp.2d 484, 498 (S.D.N.Y. 2004) (Leisure, D.J.).

Here, Plaintiff is suing under these established principles for, *inter alia*, fraud-based claims as well as breach of contract, *etc.*, but not rescission. If there was any doubt as to Plaintiff's position -- and there should not have been based upon the claims asserted by Plaintiff -- it is put to rest by

Harding's opposition to Naseman's motion for summary judgment. (*See* Ex. F, a true and accurate copy of relevant excerpts from Plaintiff's Memorandum of Law in opposition to Defendant's motion for summary judgment, at pps. 8-10). In particular, Plaintiff's Memorandum of Law in opposition provides at p. 8 as follows:

> In arguing that Plaintiff's claims are barred by ratification, Defendant misconstrues the gravamen of Plaintiff's complaint. *Contrary to Defendant's position, Plaintiff is not seeking to rescind the PSA.* Under New York law, a party who has been fraudulently induced to settle a claim may either (a) rescind the settlement, **or** (b) ratify the settlement, retain the proceeds, and institute an action to recover fraud damages....

(Italic emphasis supplied; other emphasis in original).

Based upon the plain language of the PSA, Plaintiff could only be obligated to pay Defendant's attorneys' fees if Harding lost a suit for rescission. Plaintiff is not suing for rescission, and Defendant's counterclaim for attorneys' fees is consequently subject to dismissal as a matter of law. *See, e.g., Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989) (Finding that language of a sales contract providing for indemnity was limited to attorneys' fees incurred by the purchaser in actions involving third parties. The Court held that the indemnity clause did not apply to attorneys' fees incurred in prosecuting a suit against the seller for claims under the contract.); *In re Casa Redimix Concrete Corp.*, No. 00 CV 7552, 2001 U.S. Dist. LEXIS 6184, at *12-13 (S.D.N.Y. May 14, 2001) (Baer, J.) ("Casa Materials is not entitled to attorneys' fees because the invoices it submitted to the Court neither expressly provided for attorney's fees nor included a 'collection expenses' clause of the kind used in the Casa Redimix contract."); *Davis Acoustical Corp. v. Hanover Insurance Co.*, 22 A.D.2d 843, 254 N.Y.S.2d 14 (3d Dep't 1964) (The attorneys' fee clause in a subcontractor's contract with the general contractor was not intended to be

7

included within the scope of the surety bond, and accordingly, the surety was not obligated to pay attorneys' fees. The Court concluded that there was no basis for finding that the term "attorney fees" should be incorporated into the surety bond's requirement that defendant pay for all "labor and materials".).

\* \* \*

Accordingly, because (a) Article 15, ¶ 3, of the PSA only provides for an award of attorneys' fees in a situation where the prevailing party defends against a claim for rescission; and (b) Plaintiff does not seek rescission; then (c) there is no basis for Defendant to obtain an attorneys' fees award in this case pursuant to Article 15, ¶ 3, of the PSA. As such, the counterclaim is subject to dismissal as a matter of law in so far as it seeks an attorneys' fees award pursuant to Article 15, ¶ 3, of the PSA.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court: (a) dismiss Defendant's counterclaim to the extent that it seeks an attorneys' fees award pursuant to Article 15, ¶ 3, of the PSA; together with (b) such other and further relief as this Court deems just and proper.

Dated: New York, New York
      August 1, 2008

Respectfully yours,

JUDD BURSTEIN, P.C.,

By: Peter B. Schalk (PBS-8257)
1790 Broadway, Suite 1501
New York, New York 10019
Tel.: 212-974-2400
Fax: 212-974-2944