# EXHIBIT D

# Part 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TOEHL HARDING,                                       :

                            *Plaintiff,*             :        Hon. Robert P. Patterson

              – against –                            :        07-CV-08767 (RPP)

DAVID NASEMAN,                                       :

                            *Defendant.*             :
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JUDD BURTEIN, P.C.
1790 Broadway, Ste 1501
New York, New York 10019
*Attorney for Plaintiff*

*Of Counsel*
Judd Burstein
Peter B. Schalk
Matthew G. DeOreo

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................. iii

ARGUMENT .......................................................... 1

POINT I

SUMMARY JUDGMENT IS NOT WARRANTED AS THIS CASE
CONTAINS MULTIPLE DISPUTED ISSUES OF MATERIAL FACT ................... 1

POINT II

DEFENDANT FAILS TO MEET HIS BURDEN
OF PROVING THE EXISTENCE OF A BINDING SETTLEMENT ................... 1

    A.    There Was No Binding Settlement Under
             CPLR 2104 or Common Law ........................................ 1

    B.    Defendant's Continued Participation in the
             Litigation Shows the Absence of Agreement ........................... 5

POINT III

PLAINTIFF'S CLAIMS ARE NOT BARRED BY A RELEASE,
*RES JUDICATA*, RATIFICATION, OR CONTRACT DISCLAIMERS ................... 6

    A.    The Release Does Not Bar Harding's Claims ........................... 7

    B.    The Doctrine of Ratification Does Not Bar Harding's Claims ............... 8

    C.    Harding's Fraud Damages Are Not Unduly Speculative ................... 10

    D.    Defendant's Case Law Is Inapposite ................................. 13

    E.    Defendant has Failed to Establish that the
             Present Suit is Barred by the Nevada Divorce Judgment ................. 15

    F.    Harding's Purported Waiver of Her Right to
             Investigate the Marital Assets Does Not Bar her Current Claim ............. 17

i

POINT IV

DEFENDANT FAILS TO ESTABLISH THAT HARDING'S
FRAUD CLAIM  IS  BARRED BY THE STATUTE OF LIMITATIONS  . . . . . . . . . . . . . . . . 20

POINT V

PLAINTIFF'S NON-FRAUD CLAIMS ARE NOT SUBJECT TO DISMISSAL  . . . . . . . . . . 23

    A.    Defendant Fails to Establish that Plaintiff's
           Non-Fraud Claims Are Time Barred  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    B.    Plaintiff's Non-Fraud Claims Are
           Not Subject to Dismissal by Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

<u>CASES</u>

*Akgul v. Akgul,*
 175 A.D.2d 194, 572 N.Y.S.2d 338 (2d Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ambase Corp. v. City Investing Co. Liquidating Trust,*
 01 Civ. 0771, 2002 U.S. Dist. LEXIS 482 (S.D.N.Y. Jan. 11, 2002) . . . . . . . . . . . . . . 24

*Amiel v. Amiel,*
 657 N.Y.S.2d 763, 239 A.D.2d 532 (2d Dep't 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Asdourian v. Konstantin,*
 93 F. Supp.2d 296 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Azoy v. Fowler,* 57 A.D.2d 541 (2d Dep't 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Bard-Parker Co. v. Dictograph Products Co.,*
 258 A.D. 638, 17 N.Y.S.2d 588 (1st Dep't 1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bennett Silvershein Assocs. v. Furman,*
 No. 91 Civ. 3118, 1997 U.S. Dist. LEXIS 12909 (S.D.N.Y. Aug. 26, 1997) . . . . . . . . 23

*Berman v. Berman,*
 629 N.Y.S.2d 82, 217 A.D.2d 531 (2d Dep't 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Beutel v. Beutel,*
 55 N.Y.2d 957, 449 N.Y.S.2d 180 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Brink's, Inc. v. New York,*
 717 F.2d 700 (2d Cir. N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc.,*
 419 F.Supp.2d 419 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carosella v. Carosella,*
 129 A.D.2d 547, 514 N.Y.S.2d 42 (2d Dep't 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Chalos v. Chalos,*
 128 A.D.2d 498, 512 N.Y.S.2d 426 (2d Dep't 1987) . . . . . . . . . . . . . . . . . . . . . . . . 14,15

*Ciaramella v. Reader's Digest Ass'n,*
      131 F.3d 320 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cole v. Kobs & Draft Advertising, Inc.,*
      921 F.Supp. 220 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Colello v. Colello,*
      9 A.D.3d 855, 859 (4th Dep't 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Colyer v. Colyer,*
      26 A.D.3d 303, 810 N.Y.S.2d 155 (1st Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Consol. Edison, Inc. v. Northeast Utils.,*
      332 F. Supp. 2d 639 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cotz v. Mastroeni,*
      476 F. Supp. 2d 332 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cucchiaro v. Cucchiaro,*
      165 Misc. 2d 134 (Sup. Ct. Orange Co. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,23

*Delyanis v. Dyna-Empire, Inc.,*
      465 F.Supp.2d 170 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*DiSalvo v. Graff,*
      227 A.D.2d 298, 642 N.Y.S.2d 883 (1st Dep't, 1996) . . . . . . . . . . . . . . . . . . . . . . . . 19

*Emord v. Emord,*
      193 A.D.2d 775, 598 N.Y.S.2d 266 (2d Dep't 1993) . . . . . . . . . . . . . . . . . . . . . . . . 21

*Finova Capital Corp v. Cote (In re Finova Capital Corp.),*
      358 B.R. 113 (Bankr. D. Del. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Frehe v. Schildwachter,*
      289 N.Y. 250 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Galyn v. Schwartz,*
      56 N.Y.2d 969, 453 N.Y.S.2d 624 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Galtieri v. Kelly,*
      441 F. Supp. 2d 447 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Gaton v. Gaton*,
    170 A.D.2d 576; 566 N.Y.S.2d 353 (2d Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . 14,20

*Gilbert v. Rothschild*,
    280 N.Y. 66 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Glynwill Invs. v. Prudential Secs.*,
    92 Civ. 9267, 1995 U.S. Dist. LEXIS 8262 (S.D.N.Y. June 15, 1995) . . . . . . . . . . . . 24

*Goldberg v. KZ 72nd*,
    567 N.Y.S.2d 249, 171 A.D.2d 525 (N.Y. App. Div. 1st Dep't 1991) . . . . . . . . . . . . . 19

*Gould v. Cayuga Co. Bank*,
    99 N.Y. 333 (1885) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Greschler v. Greschler*,
    51 N.Y.2d 368, 434 N.Y.S.2d 194 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Griffel v. Belfer*,
    12 A.D.2d 609 (1st Dep't 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Grubman v. Grubman*,
    191 A.D.2d 194, 594 N.Y.S.2d 220 (1st Dep't 1993) . . . . . . . . . . . . . . . . . . . . 14,20

*Guedj v. Dana*,
    783 N.Y.S.2d 37 (1st Dep't 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Hadden v. Con Edison Co.*,
    34 N.Y.2d 88 (N.Y. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Haynes v. Haynes*,
    606 N.Y.S.2d 631, 200 A.D.2d 457 (1st Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . . 19

*Hirsch v. Hirsch*,
    134 A.D.2d 485, 521 N.Y.S.2d 269 (2d Dep't 1987) . . . . . . . . . . . . . . . . . . . . . . . 20

*Holm v. Shilensky*,
    269 F. Supp. 359 (S.D.N.Y. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*,
    No. 04 Civ. 1621, 2005 U.S. Dist. Lexis 11130 (S.D.N.Y. June 9, 2005) . . . . . . . . . . . 7

v

*Inman v. Merchants Mut. Casualty Co.*,
    274 A.D. 320 (3d Dep't 1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*James G. Kennedy & Co. v. Chu*,
    509 N.Y.S.2d 199 (3d Dep't 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kaufman v. Cohen*,
    307 A.D.2d 113, 122-123 (1st Dep't 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Kaufman v. Kaufman*,
    135 A.D.2d 786 (2d Dep't 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kershen v. Hoffman*,
    209 A.D.2d 588 (2d Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kleinberg v. Ambassador Assocs.*,
    103 A.D.2d 347 (N.Y. App. Div. 1st Dep't 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Koch v. Koch*,
    198 A.D.2d 701, 603 N.Y.S.2d 932 (3d Dep't 1993) . . . . . . . . . . . . . . . . . . . . . 14,15

*Kojovic v. Goldman*,
    35 A.D.3d 65, 823 N.Y.S.2d 35 (1st Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Kremer v. Chem. Constr. Corp.*,
    102 S. Ct. 1883, 456 U.S. 461 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Lavi v. Lavi*,
    103 A.D.2d 400, 480 N.Y.S.2d 338 (2d Dep't 1984) . . . . . . . . . . . . . . . . . . . . . . 10

*Luftig v. Luftig*,
    239 A.D.2d 225, 657 N.Y.S.2d 658 (1st Dep't 1997) . . . . . . . . . . . . . . . . . . . 14,15,19

*Mahan v. Mahan*,
    29 A.D.3d 471, 817 N.Y.S.2d 216 (1st Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . 14

*Markovitz v. Markovitz*,
    29 A.D.3d 460, 816 N.Y.S.2d 419 (1st Dep't 2006) . . . . . . . . . . . . . . . . . . . . . 14,20

*Mattera v. Mattera*,
    125 A.D.2d 555, 509 N.Y.S.2d 831 (2d Dep't 1986) . . . . . . . . . . . . . . . . . . . . . . 21

*McCaughey v. McCaughey*,
    612 N.Y.S.2d 579, 205 A.D.2d 330 (1st Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . 14,19,20

*McFarland v. McFarland*,
    70 N.Y.2d 916, 524 N.Y.S.2d 392 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*McGuinness v. Standard Drywall Corp.*,
    193 A.D.2d 518 (1st Dep't 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*McManus v. Board of Ed.*,
    87 N.Y.2d 183 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Melchiorre v. Melchiorre*,
    142 A.D.2d 558, 529 N.Y.S.2d 905 (2d Dep't 1988) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Melstein v. Schmid Labs., Inc.*,
    116 A.D.2d 632 (2d Dep't 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nat'l Union Fire Ins. Co. of Louisiana v. Universal Fabricators, Inc.*,
    No. 05 Civ. 3418, 2007 U.S. Dist. LEXIS 51925 (S.D.N.Y. July 18, 2007) . . . . . . . . . 1-2

*Neuhs v. Ingersoll Rand Co.*,
    495 N.Y.S.2d 256, 115 A.D.2d 187 (N.Y. App. Div. 3d Dep't 1985) . . . . . . . . . . . . . . 23

*Percoco v. Lesnak*,
    24 A.D.3d 427, 806 N.Y.S.2d 674 (2d Dep't 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Rainbow v. Swisher*,
    72 N.Y.2d 106, 531 N.Y.S.2d 775 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Rella v. N. Atl. Marine, Ltd.*,
    No. 02 Civ. 8573, 2004 U.S. Dist. LEXIS 11567 (S.D.N.Y. June 23, 2004) . . . . . . . . . 4

*Rosenberg v. Inner City Broad. Corp.*,
    No. 99 Civ. 9579, 2001 U.S. Dist. LEXIS 13192 (S.D.N.Y. Aug. 29, 2001) . . . . . . . . . 2

*Rutland House Associates v. Danoff*,
    325 N.Y.S.2d 273, 37 A.D.2d 828 (N.Y. App. Div. 1st Dep't 1971) . . . . . . . . . . . . . . 23

*Seifried v. Seifried*,
    188 Misc. 2d 93, 726 N.Y.S.2d 837 (Sup. Ct. Essex Co. 2001) . . . . . . . . . . . . . . . . . 25

*Shalmoni v. Shalmoni,*
    141 A.D.2d 628, 529 N.Y.S.2d 538 (2d Dep't 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Shapiro v. Hersch,*
    182 A.D.2d 403, 582 N.Y.S.2d 141 (1st Dep't 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Short v. KeySpan Corporate Servs., LLC,*
    No. 14565/05, 2006 NY Misc. LEXIS 739 (Sup. Ct. Kings Co. Mar. 22, 2006) . . . . . . 8

*Silas v. City of New York,*
    536 F. Supp. 2d 353 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sir Speedy, Inc. v. L&P Graphics, Inc.,*
    957 F.2d 1033 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Slotkin v. Citizens Casualty Co.,*
    614 F.2d 301 (2d Cir. 1979) (citations omitted),
    *cert. denied,* 449 U.S. 981, 101 S. Ct. 395, 101 S. Ct. 396 (1980) . . . . . . . . . . . . . . . . . 9

*Stacom v. Wunsch,*
    173 A.D.2d 401, 570 N.Y.S.2d 32 (1st Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 8,14

*Stambovsky v. Ackley,*
    572 N.Y.S.2d 672 (1st Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sterling Fifth Assocs. v. Carpentille Corp.,*
    10 A.D.3d 282 (1st Dep't 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tahini Invest., Ltd. v. Bobrowsky,*
    99 A.D.2d 489 (2d Dep't 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Tig Ins. Co. v. Newmont Mining Corp.,*
    413 F.Supp.2d 273 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*TMG-II v. Price Waterhouse & Co.,*
    572 N.Y.S.2d 6, 175 A.D.2d 21 (1st Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Todd v. Pearl Woods, Inc.,*
    20 A.D.2d 911 (2d Dep't 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Urtz v. New York C. & H. R. R. Co.,*
    202 N.Y. 170 (1911) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*V.S. Intern., S.A. v. Boyden World Corp.*,
    No. 90-cv-4091, 1993 U.S. Dist. LEXIS 2586 (S.D.N.Y. Mar. 4, 1993) . . . . . . . . . . . . 11

*W. Alton Jones Found. v. Chevron U.S.A.*,
    97 F.3d 29 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Weintraub v. Weintraub*,
    302 N.Y. 104 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Zola v. Gordon*,
    685 F. Supp. 354, 373 (S.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## STATUTES

CPLR § 203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21,24

CPLR § 213 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20,21

CPLR § 2104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT IS NOT WARRANTED AS THIS CASE CONTAINS MULTIPLE DISPUTED ISSUES OF MATERIAL FACT[1]

This case presents a myriad of disputed issues of material fact. Plaintiff contends that she was defrauded out of her share of more than $2.7 million in marital assets. As the factual submissions filed herewith unequivocally show, there is compelling direct and circumstantial proof that a fraud did take place. Defendant, on the other hand, maintains that Harding knowingly contracted away her right to share in those assets apparently to enable Naseman – who had asked for the divorce – to stay "retired" by living off the income. The parties thus present two, fundamentally incompatible factual scenarios giving rise to a host of disputed issues of material fact. Out of space considerations, we respectfully incorporate herein by reference the disputed issues of material fact set forth in Plaintiff's Rule 56.1 Counterstatement of Disputed Material Facts, as well as all of the Declarations filed herewith, and their accompanying exhibits.

### POINT II

### DEFENDANT FAILS TO MEET HIS BURDEN OF PROVING THE EXISTENCE OF A BINDING SETTLEMENT

**A.**    **There Was No Binding Settlement Under CPLR 2104 or Common Law**

CPLR 2104 provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." "The term 'subscribed' as used in CPLR 2104 is interpreted to mean 'signed.'" *See Nat'l Union Fire*

---

[1]    Out of space considerations, we do not recite the well-known standard governing summary judgment motions. *See Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 355 (S.D.N.Y. 2007) (Conner, S.D.J.).

*Ins. Co. of Louisiana v. Universal Fabricators, Inc.*, No. 05 Civ. 3418, 2007 U.S. Dist. LEXIS 51925 (S.D.N.Y. July 18, 2007) (Scheindlin D.J.) (Applying CPLR 2104 to an alleged settlement in a litigation in the United States District Court for the Southern District of New York).

While the applicability of CPLR 2104 in federal court has never been definitively ruled upon by the Second Circuit, District Courts within the Southern District of New York apply the Rule.[2] Defendant points to no stipulation signed by counsel or a party, let alone a stipulation reduced to an order signed by the Court and entered, or an oral agreement in open Court. In fact, Defendant's counsel was aware that JBPC had not even been retained during the time when the supposedly determinative communications were sent. (Burstein Dec. at ¶¶ 15-17 and Ex. 1 thereto; Schalk Dec. at ¶¶ 6-7). *A fortiori*, then, there could not have been a stipulation or any other document signed "**by counsel**" for Plaintiff. In sum, the requirements of CPLR 2104 were not met.

Additionally, even if the Court were not to apply CPLR 2104, and we respectfully submit that it should, CPLR 2104 is based upon the common law that a party must knowingly and clearly waive a claim: "'Waiver' contemplates the 'intentional relinquishment of a known right'; it must be clearly established, not inferred from doubtful or equivocal acts or language, and the burden of proof is on the one asserting the right was waived." *James G. Kennedy & Co. v. Chu*, 509 N.Y.S.2d 199, 201 (3d Dep't 1986). The common law provides a four factor analysis for determining the validity of a settlement "in the absence of a document executed by both sides":

> We must consider (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial

---

[2]    "[J]udges of this Court ... have found Section 2104 applicable to settlement agreements, although the Court of Appeals for the Second Circuit has not yet decided the issue." *Rosenberg v. Inner City Broad. Corp.*, No. 99 Civ. 9579, 2001 U.S. Dist. LEXIS 13192 (S.D.N.Y. Aug. 29, 2001) (Hellerstein, D.J.) (footnotes and citations omitted).

performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.... No single factor is decisive, but each provides significant guidance.

*Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 323 (2d Cir. 1997) (citation omitted).

Consequently, under the common law (and also CPLR 2104), there can be no waiver of claims through a purported settlement – clearly a type of an agreement that is usually committed to writing – when it was not even partially performed and the communications purportedly establishing the agreement have inconsistent terms. *See Sterling Fifth Assocs. v. Carpentille Corp.*, 10 A.D.3d 282, 283 (1st Dep't 2004) ("Although the letter set forth the terms of the proposed settlement, and indicated that plaintiff's representatives believed that third-party defendant First Stone Associates, L.P. would agree to the transaction, such decision still had to be made by First Stone Associates. *** The terms of the proposed compromise also left open for future negotiations the significant issue of the tax ramifications of the settlement.").[3]

In this case, there was never any agreement reached as to what the terms of any proposed settlement were. In the first instance, the relevant communications were all sent or received by JBPC at a time when JBPC was not yet retained. (Burstein Dec. at ¶¶ 4-7, 15-17 and Ex. 1 thereto; Schalk Dec. at ¶¶ 6-7; Harding Dec. at ¶ 51). Indeed, Defendant's counsel knew full well that JBPC had

---

[3]     *See also Kershen v. Hoffman*, 209 A.D.2d 588 (2d Dep't 1994) ("The record clearly established that the plaintiff's attorney forwarded the stipulation of discontinuance, signed by the plaintiff, to the defendant Ahmed Gaber's attorney on the express condition that the parties exchange releases. This condition was not met by the defendant Ahmed Gaber. Thus, the stipulation of discontinuance should have been vacated."); *Kleinberg v. Ambassador Assocs.*, 103 A.D.2d 347, 348 (N.Y. App. Div. 1st Dep't 1984) ("[A] stipulation must embody offered terms and arise from a valid acceptance of that offer. The intention to accept must be manifested unequivocally, the acceptance must be of the terms stated in the offer, and if the offeree responds by adding provisions or making a counterproposal, the offer is deemed rejected, rendering subsequent acceptance impossible.") (citations omitted).

3

not been retained when the communications at issue were sent. (Burstein Dec. at ¶¶ 15-17 and Ex. 1 thereto; Schalk Dec. at ¶¶ 6-7). Thus, JBPC did not have actual or apparent authority to settle a claim for Harding. *See Melstein v. Schmid Labs., Inc.*, 116 A.D.2d 632, 634 (2d Dep't 1986) ("[W]ithout a grant of authority from the client, an attorney cannot compromise or settle a claim.")

Furthermore, the communications in question simply do not objectively admit of a finding that there was a meeting of the minds. Out of space considerations, we will not repeat the detailed factual analysis on this issue as set forth in the Burstein Dec. *passim*. Suffice it to say that the supposedly determinative communications reveal no less than four different and inconsistent tentative settlement proposals. Burstein Dec. at ¶ 28 and *passim*.

The final communication about settlement actually confirmed that no agreement had been reached. Thus, when Mr. Cohen sent Mr. Burstein a proposed release on January 2, 2008, the cover e-mail explicitly identifies its attachment as being a "draft". (Defendant's Ex. 17, p. 1). Mr. Cohen further wrote: "Let me know if this is acceptable." *Id*. This tentative language demonstrates that there was no settlement. *See Rella v. N. Atl. Marine, Ltd.*, No. 02 Civ. 8573, 2004 U.S. Dist. LEXIS 11567 (S.D.N.Y. June 23, 2004) (Party's letter that it was "enclosing a *proposed* stipulation of settlement for [opposing parties'] review and approval" showed intent not to be bound absent a signed agreement.) (Italics in original). The draft release further contained new and totally unacceptable terms, such as a general releases in favor of the attorneys who had represented Naseman in negotiating and drafting the PSA at issue in this case. (Defendant's Ex. 17 at p. 2; Burstein Dec., ¶ 26; Harding Dec., ¶ 53).

4

**B.**     <u>Defendant's Continued Participation in the Litigation Shows the Absence of Agreement</u>

If a party continues to litigate a case after an alleged settlement, that party cannot later argue that a settlement was reached. *See W. Alton Jones Found. v. Chevron U.S.A.*, 97 F.3d 29 (2d Cir. 1996); *Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639 (S.D.N.Y. 2004) (Koeltl, D.J.). In *W. Alton Jones*, the Court held that if the parties had actually settled, they would not have continued to litigate:

> We see no reason why, if Gulf believed all along that Cities was included within the class [that had settled their claims against Gulf], Gulf would have delayed moving to dismiss those claims. If Gulf really did believe the claims were barred, then by waiting three and a half years to make its summary judgment motion, Gulf wasted extraordinary amounts of its own, its adversary's, and the court's time and money litigating issues which would have been rendered irrelevant if the settlement precluded Cities' claims. *** In sum, we agree with the district court that "had the parties intended to include Cities, Gulf would not have wasted a moment to point that out to the Oklahoma court and to move for appropriate relief. **Indeed, the time to do that would have been either immediately after the settlement was concluded, or, at the latest, when Cities noticed its intention to resume active litigation** in Oklahoma." Gulf's three and a half year delay in moving for judgment based on the settlement in the class action is powerful evidence that Gulf did not believe that the settlement barred the prosecution of Cities' claims.

97 F.3d at 34 (emphasis supplied).

*Con Edison* similarly held that a party's failure to raise the "settlement" as a defense at the beginning of a litigation established that, as here, the alleged "settlement" was contrived:

> [T]he release cannot reasonably be construed to preclude the claims asserted in this litigation. This conclusion is only confirmed by Con Ed's failure to raise its "release" defense until over a year after the Settlement Agreement was formalized and nine months after it became final. When Con Ed ultimately did raise the issue, it did so only in the final two pages of a forty-page summary judgment motion. **The failure to raise the defense earlier is persuasive evidence that the Settlement Agreement was never intended to affect this action and that Con Ed 's interpretation of the release was contrived for this litigation**.

332 F. Supp. 2d at 650-651 (emphasis supplied).

5