United States District Court
Southern District of New York
------------------------------------------------------x
Toehl Harding,                                        :
                                                      :
               Plaintiff,               :
                                                      :    Hon. Robert P. Patterson
      -against-                              :
                                                      :    07 Civ 08767 (RPP)
David Naseman,                                        :
                                                      :
               Defendant.               :
------------------------------------------------------x

# DEFENDANT'S MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
# ONE ASPECT OF DEFENDANT'S COUNTERCLAIM

Cohen Lans LLP
Attorneys for Defendant
885 Third Avenue
New York, New York 10022
(212) 980-4500

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ONE ASPECT OF DEFENDANT'S COUNTERCLAIM

Defendant David Naseman ("Naseman") respectfully submits this memorandum of law in opposition to the motion of plaintiff Toehl Harding ("Harding") to dismiss one aspect of Naseman's counterclaim for attorneys' fees and costs pursuant to Fed.R.Civ.P. 12(c).

## PRELIMINARY STATEMENT

Harding's claims against Naseman arise out of the parties' Property Settlement Agreement (the "PSA") that they entered into approximately fifteen years ago in 1993 in connection with their divorce. On or about December 29, 2006, Harding sued Naseman asserting a litany of claims that have proved to be ungrounded, legally unsound and unsupportable, and time-barred in any event. In response, Naseman has asserted counterclaims against Harding that seek, *inter alia*, the recovery of attorneys' fees and costs he has incurred in defending this action.

Naseman is contractually entitled to an award of attorneys' fees and costs pursuant to two separate provisions of the PSA -- Article 15, ¶ 3 and Article 15, ¶ 4. Naseman has therefore premised his counterclaim for attorneys' fees and costs on both contractual provisions, each of which was specifically set forth and quoted in Naseman's Answer and Counterclaim.[1]

Harding, however, limits her dismissal motion only to the prong of Naseman's counterclaim for attorneys' fees that relies on Article 15, ¶ 3. See, Memorandum of Law in Support of Plaintiff's Motion to Dismiss, hereinafter "Harding Memo.", p. 1 (Harding's motion is "to dismiss the counterclaim of defendant David Naseman ("Defendant" or "Naseman") in so far as it seeks attorneys' fees under Article 15, ¶ 3, of the parties' Property Settlement Agreement..."). Harding never even mentions Article 15, ¶ 4 -- the related attorneys' fee and

---

[1] Naseman has also counterclaimed for Harding's breach of the confidentiality provisions of the PSA -- as to which claim Harding's motion is silent.

1

costs provision, and thus it is clear that Harding does not seek to dismiss Naseman's counterclaim for attorneys' fees and costs based on Article 15, ¶ 4.

## FACTUAL BACKGROUND

Harding's "factual" assertions set forth in her Memorandum are not relevant to the disposition of this motion. While Naseman disputes the veracity of such claims and believes that Harding's allegations are not only unsupported, but discredited by the evidence proffered, Naseman will not rehash these substantive issues that are currently before the Court in connection with Naseman's fully submitted motion for summary judgment.

## ARGUMENT

### Harding's Motion to Dismiss Lacks Merit

Naseman has pleaded a three-pronged counterclaim. He seeks attorneys' fees and costs premised on <u>two</u> separate contractual provisions set forth in the parties' PSA both of which entitle Naseman to an award of attorneys' fees and costs -- Article 15, ¶ 3 and Article 15, ¶ 4 -- and he seeks damages for Harding's breach of the confidentiality provisions of the PSA.[2] Answer and Counterclaim, ¶¶ 8-13. A copy of Naseman's Answer and Counterclaim is attached to the Declaration of Ryan Weiner dated August 15, 2008 (the "Weiner Decl."), filed simultaneously herewith, as Exhibit A.

---

[2] Article 3, ¶¶ 2(a)-2(c), of the PSA includes confidentiality provisions that, *inter alia*, prevent the parties from discussing the terms therein or the other party's personal or business matters with any other persons. See, Property Settlement Agreement, a copy of which is attached to the Weiner Decl. as Exhibit B. Naseman has asserted that Harding breached these confidentiality provisions. See, Weiner. Decl. Exhibit A (Counterclaim), ¶¶ 4-12. Harding does not address, much less seek dismissal of, this aspect of Naseman's counterclaim.

2

Article 15, ¶ 3 of the PSA provides that:

[i]f either party by any action, proceeding, defense, counterclaim or otherwise, seeks to vacate or set aside this Agreement or declare any of the terms and conditions to be <u>invalid</u>, void or against public policy, <u>for any reason, including but not limited to fraud, duress, incompetency, overreaching or unconscionablility</u>, said party shall reimburse the other party and be liable for any and all of such party's reasonable attorney's fees and expenses, provided and to the extent that such action, proceeding, counterclaim or defense results in a settlement, decision, judgment, decree or order dismissing or rejecting said claims.

(emphasis added).

Article 15, ¶ 4 of the PSA provides that:

[i]f either party (the "defendant") shall be required to interpose the terms, conditions and covenants of this Agreement as a defense to an action or other proceeding instituted by the other party (the "plaintiff") and such defense shall result in a judgment, decree or order in favor of the defendant, or a settlement upon substantially the terms of this Agreement, the plaintiff shall pay to the defendant the costs and expenses incurred by the defendant including reasonable attorneys' fees.

Harding's motion to dismiss addresses only Article 15, ¶ 3. <u>See</u>, Harding Memo., at pp. 1, 8.

The parties intended that the terms and conditions of the PSA would be the definitive and final disposition of the various property rights and obligations of the parties arising out of their former marriage, and expressly provided in this regard that the PSA would "not be invalidated or otherwise affected by any decree or judgment made in any court in any pending or future action or proceeding between the parties." Weiner Decl. Exhibit B (PSA), Article 16, ¶ 4(a). The attorneys' fees, cost and expense provisions in the PSA were expressly intended to impose any financial consequences arising from any unsuccessful challenge to the terms and conditions of the PSA or a settlement thereof upon substantially the terms of the PSA upon the party who initiated the attack upon the validity or enforceability of the PSA or any of its terms. Having agreed to a settlement and dismissal of this lawsuit in December 2007 without affecting the

3

terms of the PSA and now having demonstrated that her claims are not only unfounded but are further time barred, Harding must now bear the consequences of her actions and allegations challenging the PSA, an agreement which Harding has expressly pleaded without exception remains in effect and enforceable. Amended Complaint, ¶¶ 99, 107, 116.

A.  **The ¶ 4 Claim is Sufficient**

As set forth above, Article 15, ¶ 4 allows a defending party to recover attorneys' fees, costs and expenses where he has asserted the terms, conditions and covenants of the PSA as a defense to an action instituted by the other party and has prevailed either by a judicial determination or a settlement. It is not and cannot be disputed that Naseman has asserted the terms, conditions and covenants of the PSA as defenses to Harding's claims. Specifically, Naseman has asserted, *inter alia*, the release, representations, acknowledgements and disclaimers set forth in the PSA as defenses to Harding's claims. See, Defendant's Memorandum of Law in Support of His Motion to Enforce a Settlement or for Summary Judgment, a copy of which is attached to the Weiner Decl. as Exhibit C, at pp. 11-16. Hence, the viability of Naseman's counterclaim under ¶ 4 is unquestionable (and indeed is not directly challenged by Harding).[3]

---

[3] Accordingly, Harding misleads the Court by contending that a finding that Article 15, ¶ 3 is inapplicable must result in the dismissal of <u>all</u> (i.e., both prongs of) of Naseman's counterclaim for attorneys' fees, costs and expenses. See, Harding Memo., at p. 7. Harding is well aware that Naseman's counterclaim for attorneys' fees, costs and expenses is premised on Article 15, ¶¶ 3 <u>and</u> 4 and her utter failure to even identify let alone discuss this latter separate and independent provision when seeking a global dismissal is therefore deceptive.

4

B.     The ¶ 3 Claim is Also Sufficient

Harding confirms in this motion that she is not seeking to rescind the PSA. See, Harding's Memo., at pp. 1, 6-8. (For the reasons set forth in Naseman's summary judgment motion, the failure to seek rescission is fatal to Harding's claims.[4]) Harding now seeks to offer a tortured interpretation of Article 15, ¶ 3 -- contending that recovery of attorneys' fees under that provision may occur only in connection with a failed action for "rescission" and, therefore, that ¶ 3 is inapplicable to this case. Id. at pp. 5, 7.

Harding's "interpretation", however, is not only inconsistent with the plain language of the provision -- which does not even use the term "rescission" (or any derivative thereof) -- but is also contrary to Harding's very arguments in this action. Article 15, ¶ 3 of the PSA expressly permits recovery by Naseman, insofar as relevant here, to the extent that Harding seeks to have "any of the terms and conditions" set forth in the PSA treated as invalid (e.g., on the stated grounds of fraud, overreaching or "for any reason"). Paragraph 3 is not limited, by its terms, to actions or claims for rescission. Its very language is much broader in scope. Here, where Harding seeks to avoid the effect of her own acknowledgments, representations, release and waivers made in the PSA on grounds including fraud and fraudulent concealment, her action

---

[4] Harding's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Harding's Summary Judgment Opp. Memo.") (Weiner Decl. Exhibit D) filed just weeks ago essentially seeks to avoid the effect of any provisions of the PSA which are contrary to her claims (including without limitation, the bargained for provisions of the PSA relating to Harding's general release, mutual equitable distribution waiver, waiver regarding financial disclosure, and express acknowledgement that no representations or warranties were set in the PSA), while concurrently seeking to retain the benefits of the PSA's property settlement award that are favorable to her. Now, Harding further seeks to avoid the effects of one of the attorneys' fees and costs provisions contained in the PSA, despite the fact that it's very terms are directed to a party's attempts through legal proceedings to avoid the effects of the PSA or "any of the terms and conditions" of the PSA. Weiner Decl. Exhibit B (PSA) Art. 15, ¶ 3. Thus, Harding's attempt to avoid the enforceability of various terms and conditions of the PSA (whether by rescission or her attempts to now re-write those various provisions) in this litigation is certainly covered by the terms of Article 15, ¶ 3, the effects of which she now seeks to avoid without any justification and contrary to what the parties expressly agreed to fifteen years ago.

plainly falls within the scope of ¶ 3. Indeed, in Harding's Memorandum of Law, Harding expressly claims, among other things, that Harding's waiver in the PSA "is <u>invalid</u> if it is induced by <u>fraud</u>", specifically using the very words included in and covered by the language of Article 15, ¶ 3. <u>See,</u> Weiner Decl. Exhibit D (Harding's Summary Judgment Opp. Memo.), Point III (F), p. 17 (emphasis added).[5]

## CONCLUSION

Harding's attempt to re-interpret the provisions of Article 15, ¶ 3 and her failure to address the provisions of Article 15, ¶ 4 in seeking to avoid her obligations under the PSA should be rejected and plaintiff's motion to dismiss should be denied in its entirety, with such other and further relief as the Court deems necessary.

Dated: New York, New York
       August 15, 2008

                                                  Cohen Lans LLP
                                                  Attorneys for Defendant

                                                  By: _____
                                                      Robert Stephan Cohen
                                                      Deborah E. Lans
                                                    885 Third Avenue
                                                    New York, New York 10022
                                                    (212) 980-4500

Of Counsel:   Ryan Weiner
                     Cohen Lans LLP
                     885 Third Avenue
                     New York, New York 10022
                     (212) 980-4500

---

[5] To support Harding's proposition that since this is not an action for rescission, Naseman is not entitled to an award of attorneys' fees pursuant to Article 15, ¶ 3, Harding relies on inapposite cases that merely stand for the basic proposition that a party is not entitled to recover attorneys' fees unless the recovery of such fees are within the scope of the parties' agreement. Harding Memo., pp. 7-8. Here, however, as set forth above, Naseman's recovery of attorneys' fees is within the scope of the parties' agreement pursuant to both Article 15, ¶ 3 and Article 15, ¶ 4.