United States District Court
Southern District of New York
------------------------------------------------------x
Toehl Harding,

                Plaintiff,

    -against-

David Naseman,

                Defendant.
------------------------------------------------------x

Hon. Robert P. Patterson

07 Civ 08767 (RPP)

# DEFENDANT'S MEMORANDUM OF LAW
# CONCERNING JURISDICTION AND ABSTENTION

Cohen Lans LLP
Attorneys for Defendant
885 Third Avenue
New York, New York 10022
(212) 980-4500

Defendant David Naseman ("Naseman") respectfully submits this memorandum concerning jurisdiction and abstention in response to the Court's Order entered August 4, 2008.

**PRELIMINARY STATEMENT**

As made clear by her summary judgment opposition, at the core of plaintiff Toehl Harding's ("Harding") case is the allegation that, before the parties' entered into a Property Settlement Agreement (the "PSA") in May 1993 following their divorce, Naseman concealed the existence of the remaining proceeds from the 1990 exercise of his employee stock options. See, Amended Complaint ("Complaint") ¶ 15. As a result of such alleged concealment, Harding argues that Naseman induced her to enter into the PSA and accept a settlement of less than what she alleges she was entitled to received. Id. at ¶ 65; See also, id. ¶¶ 64, 78.

In her opposition to Naseman's motion for summary judgment, Harding asserts that she is seeking damages based on the extent of the marital assets that she "would have been entitled to" but for Naseman's purported fraud. Harding's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Summary Judgment Opposition Memo."), pp. 12-13. Under this formulation -- articulated for the first time in her Summary Judgment Opposition Memo. -- Harding seeks a judicial determination from this Court as to what would have been the equitable division of marital property in 1993 and to award her whatever she has not already received or what she would have received upon some hypothetical negotiation of a property settlement under New York law.[1]

To do as Harding now requests, the Court would thus need to make a determination as to the appropriate division of any marital property. This would require the Court to apply the 12

---

[1] As an initial matter, it is plain that Harding's marital rights ab initio were governed by New York Domestic Relations Law ("DRL"). The PSA expressly so provides, the parties' marriage was sitused in New York, and the parties' assets were largely located in New York.

factors specifically enumerated in DRL § 236B(5)(d) as well as "any other factor which the court shall expressly find to be just and reasonable."[2] The application of such factors would mandate a series of threshold considerations regarding the nature of the marital relationship and estate in order to determine, among other things, the percentage of each marital asset that each party is ultimately entitled to receive under New York law.[3] By necessity then, proof of Harding's damages arising from her claims would require the Court to inquire into, and make determinations regarding, matters directly related to the marital relationship and estate as well as the parties' May 1993 Property Settlement Agreement. Harding's present position therefore seeks a judicial determination regarding the scope of the marital estate and Harding's ultimate interest in the assets therein, which this Court could determine falls within the "domestic relations exception" to federal subject matter jurisdiction, which exception has been construed to include an action for the division of marital property.

Further, even assuming, without conceding, that the domestic relations exception were not to apply and the Court therefore had subject matter jurisdiction, if this action is not dismissed as settled, the Court may exercise its discretion and abstain from exercising such jurisdiction, because Harding's claims involve matters intimately related to domestic relations.

**FACTUAL BACKGROUND**

The relevant facts are set forth in Naseman's Motion to Enforce a Settlement or for Summary Judgment (the "Summary Judgment Motion") and Naseman's reply papers in further

---

[2] DRL § 236B(g) requires the court to support its award by "set[ting] forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel."

[3] New York has no presumption of a 50-50 division, and a court can divide different assets differently. Arvantides v. Arvantides, 64 N.Y.2d 1033 (1985); Kobylack v. Kobylack, 62 N.Y.2d 399 (1984); Whispell v. Whispell, 144 A.D.2d 804, 534 N.Y.S.2d 577 (2d Dep't 1988).

support of the Summary Judgment Motion. In an effort to avoid duplication, Naseman will not repeat them here, and the Court is respectfully referred to Naseman's prior submissions for a recitation of the facts.

## ARGUMENT

### I.

### The Domestic Relations Exception to Subject Matter Jurisdiction

The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2206, 2215 (1992)). In Palaniappan v. Angamuthu, 2007 WL 2973582, * 2 (W.D.N.Y. Oct. 4, 2007), the court noted that:

> The United States Supreme Court . . . has long recognized that "the whole subject of the domestic relations of husband and wife, parent and child belongs to the laws of the States and not to the laws of the United States." Puletti v. Patel, 05 CV 2293 (SJ) (quoting In re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890)). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relation exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified School District v. Newdow, 542 U.S. 1, 12-13, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992)).[4]

In Ankenbrandt, the Court stated that "the domestic relations exception [is] narrowly confined to suits for divorce, alimony, or child custody decrees." 504 U.S. at 703 n. 6. Although Harding does not expressly seek a divorce decree or spousal award, her claim as expressed in her

---

[4] The rule that "domestic disputes involving divorce, custody or alimony issues are the province of state courts" is "a limitation on federal jurisdiction." Allen v. Allen, 48 F.3d 259, 261 (7th Cir. 1995). The policy underscoring such a limitation on the federal courts jurisdiction over domestic disputes "is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001).

3

Summary Judgment Opposition is essentially a request for a decree involving an adjudication of the division of marital property. Actions seeking such relief have been determined to fall within the domestic relations exception.[5] Cassens v. Cassens, 430 F.Supp.2d 830 (S.D.Ill. 2006) (citing Fusaro v. Fusaro, 550 F.Supp. 1260, 1263 (E.D.Pa. 1982)). Fusaro was a breach of contract and fraud action by a former husband arising from a postnuptial settlement agreement in which it was alleged that certain property distributed pursuant to a property settlement agreement had been valued incorrectly through either fraud or mutual mistake. Accordingly, the court held that, for purposes of the domestic relations exception to federal diversity jurisdiction, the action was properly denominated a domestic relations case. See, also, Allen v. Allen, 518 F.Supp. 1234, 1237 (E.D.Pa. 1981), holding that where a husband sued his wife for breach of a postnuptial settlement agreement and the dominant theme of his claims concerned ownership of marital property, the case fell within the domestic relations exception.

---

[5] In Friedlander v. Friedlander, 149 F.3d 739 (7th Cir. 1998), the Seventh Circuit explained its view of the scope of the domestic relations exception. "The domestic relations exception has a core and a penumbra. The core is occupied by cases in which the plaintiff is seeking in federal district court . . . one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support. The penumbra of the exception consists of ancillary proceedings, such as a suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceeding. Id. at 740. The test therefore as to whether claims come within the core of the domestic relations exception is whether they "involve . . . distinctive forms of relief associated with the domestic relations jurisdiction." Cassens v. Cassens, 430 F.Supp.2d 830, 836 (S.D.Ill. 2006) (quoting Kuhn v. Kuhn, 1998 WL 673629, at *4 (N.D.Ill. Sept. 16, 1998)). Claims seeking the division of marital property come within the core of domestic relations matters and therefore fall within the domestic relations exception. Id. at 837. Harding states in her opposition to the Summary Judgment Motion that she is seeking a judicial determination as to the extent of the marital estate that she "would have been entitled to" but for Naseman's purported fraud. Summary Judgment Opposition Memo., pp. 12-13. Harding's claims therefore could be viewed as coming within the core of domestic relations matters and falling within the domestic relations exception.

4

In Cassens, a wife brought an action against her husband seeking, *inter alia*, a judicial declaration that their prenuptial agreement was void, a declaration that certain marital property was not subject to the prenuptial agreement and that the husband breached the agreement. 430 F.Supp.2d 830. The court found that "although [the wife's] claims against [the husband] are not expressly denominated as a request for a federal decree regarding divorce . . . it is clear that they are in the nature of a request for a decree regarding the division of marital property and alimony." Id. at 837. The court therefore held that the case fell within the domestic relations exception. Id. at 838.

Accordingly, the domestic relations exception has been construed by certain federal courts as not limited to actions seeking the issuance of divorce, alimony or child custody decrees, but as also encompassing, *inter alia*, actions seeking a division of marital property -- which Harding now argues is the applicable measure of damages. Summary Judgment Opposition Memo., pp. 12-13. As such, Harding's claims fall within the domestic relations exception.[6]

## II.

### The Abstention Doctrine

Even assuming, without conceding, that the domestic relations exception were not to divest this Court of its jurisdiction, if the Court does not dismiss this case as settled, it should

---

[6] Contrary to the unsupported allegation in Harding's Summary Judgment Opposition Memo. (at p. 16), Naseman is not seeking -- and has never sought -- any "relief" involving a return of Harding's claims "back to Nevada." As Naseman has consistently maintained, the proper venue to adjudicate Harding's claims and asserted damages theory is a New York court. In their Property Settlement Agreement, the parties specifically designated the application of New York law and each party consented to the personal jurisdiction of the courts of the State of New York in any subsequent action or proceeding regarding the subject matter of the PSA. The parties negotiated the agreement in New York through their respective New York counsel, and the marriage was sitused in New York City, which was then and remains today the location of plaintiff's residence. A Nevada court has already held that the proper venue in this case is New York and that its transfer to this jurisdiction was in the interests of justice.

abstain from exercising jurisdiction. A federal court may abstain from exercising jurisdiction over claims that are closely related to, but do not precisely fit within the contours of, an action for divorce, alimony or child custody or where the federal court is presented with matrimonial issues or issues "on the verge" of being matrimonial in nature. American Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990) (citing Bossom v. Bossom, 551 F.2d 474, 475 (2d Cir. 1976) (per curiam); Phillips, Nizer, Benjamin, Krim * Ballon v. Rosenstiel, 490 F.2d 509, 515-16 (2d Cir. 1973)); Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994).[7]

In Kahn, for example, a wife sought damages for her husband's alleged fraud and breach of fiduciary duty in connection with their separation agreement. In affirming the grant of summary judgment dismissing the action, the court, at 21 F.3d at 861, held that even:

> when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction. In the case at bar, we determine that [the wife's] claims for relief, although drafted to sound in tort, are so inextricably intertwined with the prior property settlement incident to the divorce proceeding that subject matter jurisdiction does not lie in the federal court.

In Kahn, the court recognized that in order to adjudicate the issue of damages the court would have to consider the factors a Missouri state court would consider in dividing property, and:

> [a]lthough the division of property under § 452.330.1 does not necessarily require the same proof to support a damages award based on the torts of breach of fiduciary duty, fraud, constructive fraud and conversion, here the evidence proffered in both proceedings is the same and involves conduct that occurred exclusively throughout the duration of the marital relationship . . . By necessity then, proof of [the wife's] tort claims would require that the district court inquire

---

[7] Abstention lies as long as there is no obstacle to full and fair determination in state courts. Here, both parties have submitted to the jurisdiction of the New York state court that logically is most experienced in applying the New York Domestic Relations Law. See, PSA, Article ¶ 16(6).

6

into matters directly relating to the marital relationship or the property settlement. 21 F.3d at 861-62.

That finding has application here as well. Harding alleges that Naseman prevented her from receiving a fair share of the proceeds of his 1990 option transactions (and hence of the marital estate as well). Harding contends that a fair division of the marital estate -- the damages she seeks -- should be measured by what she "would have been entitled to" but for Naseman's purported fraud. See, Summary Judgment Opposition Memo., pp. 12-13.

As in Kahn, the damages determination Harding now argues for would require application of New York's elaborate domestic relations laws to determine the equitable distribution of the marital assets pursuant to the statutory factors as elaborated in an expansive body of caselaw, based upon the specific underlying facts and circumstances of the parties' marital relationship.[8] This, a federal court may understandably decline to do.

As the exercise of jurisdiction over this case would require this Court to apply the various considerations under New York domestic relations law to determine Harding's alleged

---

[8] In deciding on the amount a spouse is entitled to receive as marital property, or as a cash "distributive award" in lieu thereof (DRL § 236B(1)(b)) the Court must consider: "(1) the income and property of each party at the time of marriage, and at the time of the commencement of the action; (2) the duration of the marriage and the age and health of both parties; (3) the need of a custodial parent to occupy or own the marital residence and to use or own its household effects; (4) the loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution; (5) any award of maintenance under subdivision six of this part; (6) any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party; (7) the liquid or non-liquid character of all marital property; (8) the probable future financial circumstances of each party; (9) the impossibility or difficulty of evaluating any component asset or any interest in a business, corporation or profession, and the economic desirability of retaining such asset or interest intact and free from any claim or interference by the other party; (10) the tax consequences to each party; (11) the wasteful dissipation of assets by either spouse; (12) any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration; and (13) any other factor which the court shall expressly find to be just and proper." See, DRL § 236B(5)(d).

7

"damages," if the action is not dismissed as settled, Harding's complaint may be dismissed or remanded to New York state court based upon the abstention doctrine applicable to domestic relations matters.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Harding's complaint on the ground that it does not have subject matter jurisdiction or, in the event that the Court finds it does have subject matter jurisdiction, if it does not dismiss the action as settled, it should remand it to the New York state courts.

Dated:  New York, New York
       August 15, 2008

                                      Cohen Lans LLP
                                      Attorneys for Defendant

                                      By: _____
                                         Robert Stephan Cohen
                                      Deborah E. Lans
                                      885 Third Avenue
                                      New York, New York 10022
                                      (212) 980-4500

Of Counsel:  Ryan Weiner
                 Cohen Lans LLP
                 885 Third Avenue
                 New York, New York 10022
                 (212) 980-4500