UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOEHL HARDING,                                  :
                                      *Plaintiff,*          :

             – against –                           :

DAVID NASEMAN,                                  :

                                      *Defendant.*         :
------------------------------------------------------------X

Hon. Robert P. Patterson

07-CV-08767 (RPP)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Toehl Harding ("Plaintiff" or "Harding") respectfully submits this Reply Memorandum of Law: (a) in further support of her motion pursuant to Fed.R.Civ.P. 12(c) to dismiss the counterclaim of defendant David Naseman ("Defendant" or "Naseman"), in so far as it seeks attorneys' fees under Article 15, ¶ 3 of the parties' Property Settlement Agreement ("PSA")[1] at issue in this litigation; together with (b) such other and further relief as this Court deems just and proper.

In opposition to Harding's motion, Naseman portrays the application as one seeking dismissal of the entire counterclaim. To dispel any potential uncertainty, Plaintiff has moved pursuant to Fed.R.Civ.P. 12(c) to dismiss Naseman's counterclaim, **in so far as it seeks attorneys' fees under Article 15, ¶ 3 as it relates to any perceived claim that Plaintiff seeks rescission**. In this regard, Article 15, ¶ 3 of the PSA provides that a party successfully defending against an action "to vacate or set aside" the PSA, *i.e.*, a litigation seeking rescission, can obtain attorneys' fees. (Ex.

---

[1] A true and accurate copy of the PSA is annexed as Exhibit A to the August 1, 2008 Declaration of Peter B. Schalk, Esq. (the "Schalk Dec."). Unless otherwise indicated, all Exhibits referenced herein are annexed to the Schalk Dec.

A at p. 30). Defendant has counterclaimed for, among other relief, attorneys' fees pursuant to Article 15, ¶ 3 of the PSA. Plaintiff, however, has not sued for rescission of the PSA. *See, e.g.,* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, dated June 20, 2008 ("Plaintiff's Opp.") at page 8, which is annexed to the Declaration of Ryan Weiner, Esq., dated August 15, 2008 ("Weiner Decl.") at Exhibit D. To the extent that Defendant has counterclaimed under Article 15, ¶ 3 of the PSA for attorneys' fees that were incurred in the defense of a litigation seeking rescission, which Plaintiff has not brought, such a claim is subject to dismissal as a matter of law. While Plaintiff respectfully submits that Defendant is not entitled to attorneys' fees (or other relief) under any circumstances, and reserves all defenses in those regards, the only relief sought here as a matter of law is dismissal of the attorneys' fees counterclaim pursuant to Article 15, ¶ 3 of the PSA to the extent that it relates to a supposed rescission claim.

## ARGUMENT

### POINT I

#### ANY CLAIM FOR ATTORNEYS' FEES AS THEY RELATE TO RESCISSION SHOULD BE DISMISSED AS A MATTER OF LAW

**A.     Plaintiff Cannot Be Held Accountable For Defendant's Attorneys' Fees Expended To Oppose Rescission Because Plaintiff Has Made No Such Claim**

Harding is not seeking to pursue her underlying divorce claims, but brings an action sounding in fraud for the difference between a fair and honest divorce settlement and her fraudulently induced one. *See* Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Dismiss, dated August 1, 2008 ("Plaintiff's MOL"), at page 6. In other words, Plaintiff is not seeking to void, set aside or rescind the PSA. Indeed, under New York law, a party who has been fraudulently induced to settle a claim may either (a) rescind the settlement, **or** (b) ratify the settlement, retain the proceeds, and

institute an action to recover fraud damages. *See Slotkin v. Citizens Casualty Co.*, 614 F.2d 301, 312 (2d Cir. 1979); *see also Ferguson v. Lion Holding*, 312 F. Supp. 2d 484, 498 (S.D.N.Y. 2004) ("A contract procured by fraud is not void, but voidable."). Despite Defendant's suggestion to the contrary (*see* Defendant's Summary Judgment Motion at pages 13-14, which is annexed to the Weiner Decl. as Exhibit C), Plaintiff is suing under these established principles for, *inter alia*, fraud-based claims as well as breach of contract, *etc.*, **but not rescission**.

**B.     Defendant Is Not Entitled to Attorneys' Fees Under PSA Article 15, ¶ 3**

As stated in Plaintiff's moving papers, Article 15, ¶ 3 of the PSA only applies to claims for rescission, providing as follows:

> If either party by any action, proceeding, defense, counterclaim or otherwise, seeks to vacate or set aside this Agreement or declare any of the terms and conditions to be invalid, void or against public policy, for any reason, including but not limited to fraud, duress, incompetency, overreaching or unconscionability, said party shall reimburse the other party and be liable for any and all of such party's reasonable attorney's fees and expenses, provided and to the extent that such action, proceeding, counterclaim or defense results in a settlement, decision, judgment, decree or order dismissing or rejecting said claims.

(Ex. A at p. 30).

Defendant seeks attorneys' fees under this provision. Plaintiff has not sued to "vacate or set aside" the PSA. Hence, any claim for attorneys' fees under this provision arising from the defense of a supposed claim to "vacate or set aside" the PSA fails as a matter of law. Therefore, Plaintiff simply seeks judgment dismissing the counterclaim for attorneys' fees under Article 15, ¶ 3 of the PSA **to the extent** that it relates to a nonexistent rescission claim. This limited relief is appropriate based upon the plain language of the PSA and the authorities cited in Plaintiff's initial Memorandum of Law in support of this motion. (*See* Plaintiff's initial Memorandum of Law in support of this

3

motion at pps. 7-8, citing *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989), *In re Casa Redimix Concrete Corp.*, No. 00 CV 7552, 2001 U.S. Dist. LEXIS 6184, at *12-13 (S.D.N.Y. May 14, 2001) (Baer, J.), and *Davis Acoustical Corp. v. Hanover Insurance Co.*, 22 A.D.2d 843, 254 N.Y.S.2d 14 (3d Dep't 1964).

### CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court: (a) dismiss Defendant's counterclaim to the extent that it seeks an attorneys' fees award pursuant to Article 15, ¶ 3 of the PSA relating to rescission; together with (b) such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 22, 2008

                                    Respectfully yours,

                                    JUDD BURSTEIN, P.C.,


                            By:     _____
                                    Peter B. Schalk (PBS-8257)
                                    1790 Broadway, Suite 1501
                                    New York, New York 10019
                                    Tel.: 212-974-2400
                                    Fax: 212-974-2944