UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOEHL HARDING,

                       Plaintiff,

              07 Civ. 8767 (RPP)

- against -

**OPINION & ORDER**

DAVID NASEMAN,

                       Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       This action was filed in the Second Judicial District Court of the State of Nevada, removed by Defendant to the United States District Court for the District of Nevada based on the parties' diversity of citizenship and an amount in controversy exceeding $75,000, and finally transferred to this Court on Defendant's motion. On August 4, 2008, the parties were ordered to submit simultaneous briefs (Doc. Nos. 44, 45) on the question of the Court's subject matter jurisdiction to resolve this matter in view of the "domestic relations exception" to federal diversity jurisdiction.

       In <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992), the Supreme Court ruled that the domestic relations exception is not based on Article III of the Constitution, <u>id.</u> at 695, but rather on the longstanding judicial interpretation of the diversity statute, 28 U.S.C. § 1332, <u>id.</u> at 698-700. The Supreme Court concluded that Congress, in amending the diversity statute in 1948 to replace the law/equity distinction with the phrase "all civil actions," accepted the Court's construction of the diversity jurisdiction statutes to contain a limited exception that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." <u>Id.</u> at 703. Since <u>Ankenbrandt</u>, federal courts have

acknowledged the narrow application of the domestic relations exception. See, e.g., Marshall v. Marshall, 547 U.S. 293, 307-08 (noting that Ankenbrandt "clarified that only 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds"); Mooney v. Mooney, 471 F.3d 246, 248 (1st Cir. 2006) (stating that in light of Ankenbrandt and Marshall, "abstention is not warranted simply because a claim that is 'not within' the domestic relation exception is, nonetheless, 'closely related to' a domestic relations matter"); Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001) ("Despite the breadth of the phrase 'domestic relations exception' and the potential reach of the exception's aim, Ankenbrandt made clear that the exception is narrowly limited."); Williams v. Lambert, 46 F.3d 1275, 1283 (2d Cir. 1995) (recognizing that Ankenbrandt found "the exception is very narrow" and does not "strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree, or a child custody decree"); Schottenstein v. Schottenstein, No. 04 Civ. 5851, 2004 U.S. Dist. LEXIS 22648, at *22 (S.D.N.Y. Nov. 5, 2004) (noting that "claims arising in the domestic relations context, but sounding in tort or contract, or alleging civil rights violations ordinarily fall outside the ambit of the domestic relations exception").

In this action sounding in tort and breach of contract, Plaintiff maintains that she is not seeking the issuance or modification of a divorce, alimony, or child custody decree. Although this case involves a privately negotiated property settlement agreement between divorced parties, Plaintiff does not seek to invalidate or enforce the property settlement agreement. Instead she alleges that the property settlement agreement contemplated and imposed upon Defendant an obligation of full disclosure of the parties' marital assets;

that Defendant breached this obligation when he fraudulently concealed more than $4 million in income and certain bank accounts obtained during their marriage; and that Defendant is liable for the damages caused by that fraud. (Compl. ¶¶ 100, 102.) As Plaintiff has stated, "contrary to Defendant's position, Plaintiff is not seeking to rescind the [property settlement agreement].  Under New York law, a party who has been fraudulently induced to settle a claim may either (a) rescind the settlement, _or_ (b) ratify the settlement, retain the proceeds, and institute an action to recover fraud damages." (Pl. Mem. Law Opp'n to Def.'s Mot. Summ. J. at 8.)  Under these circumstances the narrow domestic relations exception does not apply.  Nor is abstention warranted, particularly in view of Minot v. Eckardt-Minot, 13 F.3d 590, 593 (2d Cir. 1994) (noting a "general concern with employing abstention doctrines to remand a case properly removed to federal court on the basis of diversity jurisdiction").  As this case involves alleged damages in excess of $75,000 and the parties are of diverse citizenship, the Court has subject matter jurisdiction and lacks any basis to remand this action to state court.

    IT IS SO ORDERED.

Dated: New York, New York
       August 25, 2008

                                        Robert P. Patterson, Jr.
                                        U.S.D.J.

**Copies of this Opinion and Order sent to:**

*Attorneys for Plaintiff*
Judd Burstein, P.C.
Attn: Peter B. Schalk
1790 Broadway
New York, NY 10019
(212) 974-2400
Fax: (212) 974-2944

*Attorneys for Defendant*
Cohen Lans LLP
Attn: Deborah E. Lans, Robert Stephen Cohen
885 Third Avenue 32nd Floor
New York, NY 10022
(212) 980-4500
Fax: (212) 980-3448